## CERTIFICATE OF SERVICE

I, Sheryl T. McCray, hereby certify that on this 3rd day of October 2014, a true and correct copy of Plaintiff's Response to Defendant's Infused Solutions Memorandum of Law  in support of  Defendant's Demurer was Hand Delivered or sent by U. S. Mail with postage prepaid thereon to the following:

John E. Carter, Esq.
4103 Chain Bridge Road, #101
Fairfax, VA  22030

SHERYL T. MCCRAY, Plaintiff
6 Kirkwood Circle
Hampton, VA  23666

FILED
2014 OCT -3 PM 1: 56
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:
D.C.

13

AFFIDAVIT

COMMONWEALTH OF VIRGINIA )
) ss.
CITY OF HAMPTON )

I, Sheryl T. McCray, being of sound mind and body do hereby swear and attest to the following:

1) I filed a Civil Action No.: CL: 14-1589 in the Circuit Court of City of Hampton based on actions against me (specifically defamation) by Jamie Baker (Defendant former Infused Solutions employee) listed therein.

2) Throughout the above referenced complaint, I believe my former attorney was specific in spelling out the issues that transpired surrounding my removal from employment and the period between May 15, 2012 and October 04, 2012.

3) All of the allegations presented in said Civil Action are based on actual events and on actions of individuals/organizations so mentioned.

4) This affidavit addresses just some of the issues included but not limited to raised in the Response to Defendant's Infused Solutions Demurrer and Memorandum of Law.

5) I was hired to work at the U. S. Army Recruiting Command (USAREC) in May 2012. I worked for Lisa Barcelona former employee/recruiter of previous contractor (Softec Solutions), Captain Jennifer Jones (former USAREC commander) and First Sergeant (1Sgt) Christopher Brown until July 2012. During this time, no performance and/or behavior issues were ever discussed with me.

6) In July 2012, Infused Solutions obtained the contract for USAREC and Captain Jack Irby became the commander. Captain Jack Irby and 1Sgt Christopher Brown never discussed any performance and/or behavior issues with me.

1

Exhibit A

7)      On 20 September 2012, Sergeant First Class (SFC) Jonah Jancewicz approached me in a threatening and menacing manner and we engaged in an argument.   I called Yolanda Green-Wilson (Ardelle Associates Recruiter) and told her about the argument.   Capt Jack Irby did not allow me to return to the work location until 24 September 2012.

8)      On 25 September 2012, Defendant Jamie Baker e-mailed me.  She told me that Ardelle Associates notified her that I had not signed the OPSEC (Operational Security Agreement) form. This was the first time Defendant Baker had ever communicated with me and I did not know that she was my supervisor.

9)      On 26 September 2012, Defendant Baker called me and was angry.  Defendant Baker believed that I should have told her about the events of 20 September 2012.  I did not inform her because as stated in (para 8) I did not know that she was my supervisor.

10)     On 26 September 2012, I was placed on Probation for 90 days by Defendant Baker for being "confrontational, insubordinate and rudeness to customers/coworkers".   The Probation notice stated that this was my final warning eventhough I never received any previous warnings.   When I requested by e-mail copies of documentation to support the Probation, Defendant Baker deleted my request.

11)     On 4 October 2012, I was terminated from employment by Team Infused/Ardelle Associates for "workplace violence."

12)     Team infused/Ardelle Associates' Company handbook states that "The Company will promptly and thoroughly investigate all reports of threats of (or actual) violence." No investigation was ever conducted.

2

**FURTHER AFFIANT SAITH NOT**

Sheryl F. McCray

The foregoing instrument was subscribed and sworn before me this 2 day of October , 2014, by Sheryl T. McCray

Theresa P. Branch
Notary Public

My commission expires 9-30-2017

THERESA P. BRANCH
NOTARY
PUBLIC
REG. #363862
MY COMMISSION
EXPIRES
9-30-2017
COMMONWEALTH OF VIRGINIA

FILED
2014 OCT -3 PM 1:56
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____
_____ D.C.

3



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

SHERYL MCCRAY,

        Plaintiff,

    v.

ARDELLE ASSOCIATES, et al.

        Defendants.

ACTION NO.



### ORDER VACATING JUDGMENT

On January 31, 2014, the court entered an Order, which dismissed Defendant Ardelle Associates by granting its Motion to Dismiss. The January 31, 2014, Order also dismissed Defendants Infused Solutions, LLC, Jamie Baker, and Jonah Jancewicz without prejudice pursuant to Fed. R. Civ. P. 4(m) because of Plaintiff's failure to timely serve them.

Immediately after entry of the January 31, 2014, Order, the court received from Plaintiff a filing in which she requested additional time to serve Defendants. Plaintiff explains that she did not ever receive a copy of the August 23, 2014, Order, which had advised her that some Defendants were not served. She attached a letter that had been sent to her by her former counsel, in which he stated that <u>all</u> Defendants had been served. Thus, Plaintiff claims that she was not aware that Defendants had not been served

Exhibit B

until she received the court's subsequent November 12, 2013, Order, which granted her an additional thirty-day extension of time to serve the unserved Defendants. Plaintiff states that in response to this Order, she requested that summons be issued, but that issuance was delayed. Once Plaintiff received the summons, she attempted service promptly. For these reasons, the court believes Plaintiff should be afforded additional time to serve the still unserved Defendant, Jamie Baker, and that Defendants Infused Solutions, LLC, and Jonah Jancewicz should not have dismissed from this action pursuant to Fed. R. Civ. P. 4(m).

Accordingly, the court **GRANTS** Plaintiff an additional thirty-day extension of time to serve Defendant Baker. The court further **VACATES** the Judgment entered by the Clerk on February 3, 2014, and vacates the portion of the January 31, 2014, Order that dismissed Defendants Infused, Baker, and Jancewicz. The Clerk is **DIRECTED** to reinstate these Defendants as parties to this action and to reinstate Infused's Motion to Quash as an active motion.[1] The portion of the January 31, 2014, Order that granted Defendant Ardelle's Motion to Dismiss remains in effect.

---

[1]If Infused wishes to rely on the Motion to Quash, it may file a reply brief in support of the Motion to Quash within seven (7) days of the date of this Order Vacating Judgment. If Infused wishes to withdraw the Motion to Quash, it should notify the Clerk of its withdrawal and file responsive pleadings to Plaintiff's Complaint within twenty-one (21) days of the date of this Order Vacating Judgment.

The Clerk is DIRECTED to send a copy of this Order to Plaintiff, Defendant Jancewicz, and counsel for Defendants.

IT IS SO ORDERED.

_____ /s/

Rebecca Beach Smith
Chief
United States District Judge

February 5 , 2014

FILED
2014 OCT -3 PM 1:57
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____
_____ D.C.

3

## Jones, Jennifer D CPT MIL USA TRADOC USAREC

| | |
|---|---|
| From: | Sprigler, James O Mr CIV USA TRADOC USAREC |
| Sent: | Friday, June 15, 2012 4:31 PM |
| To: | (Company Commander-ALL) |
| Cc: | Stubeda, Martin J Mr CIV USA TRADOC USAREC; Moore, Judy K Mrs CIV USA; Leonard, Robert E LTC MIL USA TRADOC USAREC |
| Subject: | New Admin Asst contract company start date (UNCLASSIFIED) |
| Signed By: | james.sprigler@us.army.mil |

Importance:           High


Classification: UNCLASSIFIED
Caveats: FOUO

Commander's,

Just a short note to let you know that effective 1 July 2012 the current
admin asst contract company (Softec) is being replaced by a new contract
company called Infused Solutions. Please share this information with your
admin assistant's as soon as possible in order to help avoid the "who do I
work for confusion".

The below email was sent out by Infused Solutions to all admin assts.
USAREC's email system bounced many of these notifications back to the sender
for some unknown reason. Need to ensure all admin assts receive this
notification in a timely manner.

I will be providing you with the new contract Performance Work Statement
hopefully by Friday, 22 June, 2012 in order for you to review and field any
questions or concerns that you may have.

As always I am here to support you.

v/r



James O. Sprigler, GS
Contracting Officers Representative
Headquarters USAREC
DSN 536-0324
Telephone (502) 626-0324
Fax (502) 626-0785
james.sprigler@usarec.army.mil



Subject: USAREC - Infused Solutions July 1, 2012 Contract Begins

Attention USAREC Administrative Assistants:

*The USAREC Administrative Support contract with Infused Solutions is
scheduled to begin on July 1, 2012. * We will be sending additional
paperwork that must be completed as soon as possible.

1

Exhibit C

Please check your e-mail frequently, so the paperwork can be completed and
sent back to us immediately.
If you have not received an e-mail with additional paperwork as of Tuesday,
June 19, 2012 at 5:00PM please send us an email.

We appreciate your cooperation in ensuring the transition to Infused
Solutions goes smoothly.
We look forward to working with you!

Team Infused

Classification: UNCLASSIFIED
Caveats: FOUO


Classification: UNCLASSIFIED
Caveats: FOUO

FILED
2014 OCT -3 PM 1:57
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____
D.C.

## Mccray, Sheryl T Ms CTR USA TRADOC USAREC

| | |
|---|---|
| **From:** | scoleman64@cox.net |
| **Sent:** | Wednesday, July 04, 2012 5:11 PM |
| **To:** | Mccray, Sheryl T Ms CTR USA TRADOC USAREC |
| **Subject:** | Fwd: FW: Team Infused/Ardelle Associates hire paperwork - |
| **Attachments:** | Sheryl McCray-offer.doc; Term Sheet.McCray.Sheryl.doc; Background Check Request.doc; CAC Card Request.doc; Direct Deposit Form1.doc; WELCOME.doc |

**Importance:**   High


> From: Yolanda Green-Wilson <YGWilson@ardelle.com>
> To: "scoleman64@cox.net" <scoleman64@cox.net>
> Subject: FW: Team Infused/Ardelle Associates hire paperwork -
> Date: Tue, 3 Jul 2012 18:26:05 +0000
>
>
>
>
> From: Yolanda Green-Wilson
> Sent: Tuesday, July 03, 2012 1:19 PM
> To: Sheryl.mccray@usarec.army.mil
> Subject: FW: Team Infused/Ardelle Associates hire paperwork -
> Importance: High
>
>
>
> From: Yolanda Green-Wilson
> Sent: Tuesday, July 03, 2012 11:01 AM
> To: 'sheryl.t.mccray@usarec.army.mil'
> Subject: Team Infused/Ardelle Associates hire paperwork -
> Importance: High
>
> Hello Sheryl,
>
> Attached is the paperwork that is needed immediately.  Please complete this paperwork &
> return by 1:00PM today.  A second email will follow with other hire paperwork.  Please if you
> can return that paperwork by Friday, July 8, 2013. It would be greatly appreciated.
>
> Yolanda Green-Wilson
> Recruiter
>
> Ardelle Associates
> 344 Commerce Street
> Alexandria, VA 22314
> 703-518-9960 (voice)
> 703-518-9965 (Fax)
>
> www.ardelle.com<http://www.ardelle.com/>
>
>

2014 OCT -3 PM 1:57
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY: _____ D.C.
FILED

1

*Exhibit D*

**Date:** Tuesday, September 25, 2012 11:25 AM

**From:** Jamie Baker <jbaker@infusedsolutions.com>

**To:** scoleman64@cox.net

**Subject:** OPSEC Agreement Form - McCray URGENT

Ms. McCray,

I was notified by Ardelle today that you have not signed your OPSEC form and returned to them.  Please sign the form and return immediately through fax or e-mail.  If you send it through e-mail please CC me so I can confirm you have sent the document with Ardelle.

Thanks,

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153

📎 OPSEC Individual User Compliance Agreement.doc

FILED
2014 OCT -3 PM 1:57
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____
_____ D.C.

Exhibit E

**Date:** Thursday, September 27, 2012 9:10 AM

**From:** Mccray, Sheryl T Ms CTR USA TRADOC USAREC <SHERYL.MCCRAY@USAREC.ARMY.MIL>

**To:** scoleman64@cox.net

**Subject:** FW: Employee Warning Notice - McCray (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO


-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Wednesday, September 26, 2012 1:37 PM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Re: Employee Warning Notice - McCray (UNCLASSIFIED)

Ms. McCray,

This is acknowledgement that you are refusing to sign the form.

You will need to have your CPT or 1SG sign the witness signature on the
form and return it to me via fax or email by 4:00PM EST.

Thanks,

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153


On Wed, Sep 26, 2012 at 12:16 PM, Mccray, Sheryl T Ms CTR USA TRADOC
USAREC <SHERYL.MCCRAY@usarec.army.mil> wrote:

> Classification: UNCLASSIFIED
> Caveats: FOUO
>
> Ms. Baker,
>
> I am not in agreement with this Final Warning because I have not
> received a previous warning from Capt Jones, Capt Irby, 1SG Brown or
> the former Contractor (Softec).
>
> My performance or behavior has never been mentioned to me or
> documented.
>
> On Monday, 24 September 2012, 1SG Brown told me that SFC Jancewicz had
>
> filed a complaint with Mr. James Sprigler and he told me that in all
> fairness I may want to file my complaint with him too.
>
> I am not in agreement with this warning and I do decline to sign.
>
> v/r
>
>
>
> Sheryl McCray, Contractor
> Administrative Assistant, USAREC
> Team Infused
> 757-825-9891
>
>
>
>
> -----Original Message-----
> From: Jamie Baker [jbaker@infusedsolutions.com]
> Sent: Wednesday, September 26, 2012 10:17 AM
> To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC

2014 OCT -3 PM 1: 57
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____
_____ D.C.

FILED

Exhibit F

> Subject: Employee Warning Notice -    :ray
>
> Ms. McCray,
>
> Thank you for taking the time to speak with me this morning regarding
> the issue at your work location.  As I mentioned on the phone attached

> is the notification that you are on a 90 day probation period starting

> 09/26/12.
> Please sign and date the form and return it to me immediately today.
> If you wish to not sign the form, you will need to have your CPT or
> 1SG sign for the witness signature.
>
> Until further notice you will need to submit to me through fax or
> email on Friday each week by 4:00PM EST your timesheet signed by you
> and your CPT or 1SG.  Your timesheet must be completed correctly and
accurately.
>
> You are not to communicate directly to the USAREC COR for any reason
> unless otherwise instructed by Infused Solutions.  All performance
> issues or any issue at a work location has to be discussed with the
> Program Manager from Infused Solutions for the USAREC contract.
>
> If you have any further questions or concerns, please contact me
> directly.
>
>
> Ms. Jamie Baker
> Program Manager
> jbaker@infusedsolutions.com
> Phone: 703-466-0310 Fax: 571-266-0153
>
> Classification: UNCLASSIFIED
> Caveats: FOUO
>
>
>

Classification: UNCLASSIFIED
Caveats: FOUO

FILED

2014 OCT -3  PM 1:57

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

BY:_____
                ___.D.C.

## Mccray, Sheryl T Ms CTR USA TRADOC USAREC

| | |
|---|---|
| From: | Mccray, Sheryl T Ms CTR USA TRADOC USAREC |
| Sent: | Wednesday, September 26, 2012 12:23 PM |
| To: | 'Jamie Baker' |
| Cc: | 'YGWilson@ardelle.com' |
| Subject: | FW: Test (UNCLASSIFIED) |
| Signed By: | Sheryl.t.mccray.ctr@us.army.mil |

Classification: UNCLASSIFIED
Caveats: FOUO

FYI

-----Original Message-----
From: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Sent: Tuesday, September 25, 2012 9:48 AM
To: Sprigler, James O Mr CIV USA TRADOC USAREC
Subject: RE: Test (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO

Mr. Sprigler,

I do and I am not leaving you hanging.
Remember I just found out yesterday that
you were the POC for this. The other complainant
had the advantage of being able to file Friday.
I will send it to you shortly.

v/r


Sheryl McCray, Contractor
Administrative Assistant, USAREC
Team Infused
757-825-9891


-----Original Message-----
From: Sprigler, James O Mr CIV USA TRADOC USAREC
Sent: Tuesday, September 25, 2012 9:32 AM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: RE: Test (UNCLASSIFIED)
Importance: High

Classification: UNCLASSIFIED
Caveats: FOUO

Ms. Sheryl,

Do you have an actual complaint that you wish to file? I feel like you're
leaving me hanging here, but if there is an actual issue I definitely want

1

2014 OCT -3 PM 1: 57
FILED
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA D. SMITH, CLERK
BY:_____
_____ D.C.

Exhibit C

to get it corrected asap.

v/r

James O. Sprigler, GS
Contracting Officers Representative
Headquarters USAREC
DSN 536-0324
Telephone (502) 626-0324
Fax (502) 626-0785
james.sprigler@usarec.army.mil


-----Original Message-----
From: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Sent: Monday, September 24, 2012 12:06 PM
To: Sprigler, James O Mr CIV USA TRADOC USAREC
Subject: RE: Test (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO

Per the 1SG, I need to file my complaint with a Mr. James Sprigler in
reference to an incident that occurred last week.
Are you the POC for this?

v/r


Sheryl McCray, Contractor
Administrative Assistant, USAREC
Team Infused
757-825-9891




Classification: UNCLASSIFIED
Caveats: FOUO


Classification: UNCLASSIFIED
Caveats: FOUO


Classification: UNCLASSIFIED
Caveats: FOUO

FILED
2014 OCT -3  PM 1:57
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA.
LINDA B. SMITH, CLERK
BY:_____
_____ D.C.

**Date:** Thursday, September 27, 2012 9:11 AM

**From:** Mccray, Sheryl T Ms CTR USA TRADOC USAREC <SHERYL.MCCRAY@USAREC.ARMY.MIL>

**To:** scoleman64@cox.net

**Subject:** FW: Employee Warning Notice - McCray Not Signed (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO


-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Wednesday, September 26, 2012 12:09 PM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Employee Warning Notice - McCray Not Signed

Ms. McCray,

I have not received your signed employee warning notice.  If you are not
going to sign the form, I need to be notified immediately by e-mail that
you are refusing to sign the form.

Thanks,

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153

Classification: UNCLASSIFIED
Caveats: FOUO



2014 OCT -3 PM 1:57
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____ D.C.
FILED

Exhibit H

Date: Friday, September 28, 2012 10:15 AM

From: Mccray, Sheryl T Ms CTR USA TRADOC USAREC <SHERYL.MCCRAY@USAREC.ARMY.MIL>

To: scoleman64@cox.net

Subject: FW: Timesheet Reminder - Due 4:00PM EST (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO


-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Friday, September 28, 2012 9:31 AM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Re: Timesheet Reminder - Due 4:00PM EST (UNCLASSIFIED)

Ms. McCray,

Your timesheet is due at 4:00PM EST every Friday until further notice,
signed by you and your work location supervisor.  They have been
instructed of the policy as well.

If your hours are not verified as requested, they will not be entered
until verified with a signature from yourself and your work location
supervisor.

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153


On Fri, Sep 28, 2012 at 9:28 AM, Mccray, Sheryl T Ms CTR USA TRADOC
USAREC < SHERYL.MCCRAY@usarec.army.mil> wrote:

> Classification: UNCLASSIFIED
> Caveats: FOUO
>
> Ms. Baker,
>
> You instructed me to turn in my timesheet by 4pm Friday Do you want me

> to have them sign the sheet prior to 4pm every Friday?
>
>
>
> Sheryl McCray, Contractor
> Administrative Assistant, USAREC
> Team Infused
> 757-825-9891
>
>
>
> -----Original Message-----
> From: Jamie Baker [jbaker@infusedsolutions.com]
> Sent: Friday, September 28, 2012 9:13 AM
> To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
> Subject: Re: Timesheet Reminder - Due 4:00PM EST (UNCLASSIFIED)
>
> Ms. McCray,
>
> You have known that your timesheet was due to me at 4:00PM with their
> signatures since Wednesday.  I'm not sure why you did not complete
> your paper timesheet and have them sign it.  There is no excuses why
> it should not already be completed.
>
> Your hours will not be entered until I receive that timesheet signed
> by you and your CPT or 1SG.
>

FILED
2014 OCT -3 PM 1:57
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY: _____ D.C.

Exhibit I

```
> Thanks,
>
> Ms. Jamie Baker
> Program Manager
> jbaker@infusedsolutions.com
> Phone: 703-466-0310 Fax: 571-266-0153
>
>
>
> On Fri, Sep 28, 2012 at 9:08 AM, McCray, Sheryl T Ms CTR USA TRADOC
> USAREC < SHERYL.MCCRAY@usarec.army.mil> wrote:
>
> > Classification: UNCLASSIFIED
> > Caveats: FOUO
> >
> > Ms. Baker,
> >
> > The 1SG and CPT are in training all day.
> >
> >
> > Sheryl McCray, Contractor
> > Administrative Assistant, USAREC
> > Team Infused
> > 757-825-9891
> >
> >
> >
> > -----Original Message-----
> > From: Jamie Baker [jbaker@infusedsolutions.com]
> > Sent: Friday, September 28, 2012 8:26 AM
> > To: McCray, Sheryl T Ms CTR USA TRADOC USAREC
> > Subject: Timesheet Reminder - Due 4:00PM EST
> >
> > Ms. McCray,
> >
> > This is a reminder that your completed time sheet for hours worked
> > 09/16-09/30 is due to me signed by you and your CPT or 1SG by 4:00PM

> > EST today.
> >
> > Thanks,
> >
> > Ms. Jamie Baker
> > Program Manager
> > jbaker@infusedsolutions.com
> > Phone: 703-466-0310 Fax: 571-266-0153
> >
> > Classification: UNCLASSIFIED
> > Caveats: FOUO
> >
> >
> >
> Classification: UNCLASSIFIED
> Caveats: FOUO
>
>
>

Classification: UNCLASSIFIED
Caveats: FOUO
```

FILED
2014 OCT -3 PM 1:57
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____
_____ D.C.

From:           McCray, Sheryl T Ms CTR USA TRADOC USAREC
Sent:           Friday, September 28, 2012 9:49 AM
To:             'Jamie    er'
Subject:        FW: Employee Warning Notice - McCray (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO


Ms. Baker,

Would you send me a copy of the documentation addressing my behavior prior to the incident on
20 Sep 2012?
I have never received anything.

Thanks



Sheryl McCray, Contractor
Administrative Assistant, USAREC
Team Infused
757-825-9891

-----Original Message-----
From: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Sent: Wednesday, September 26, 2012 12:17 PM
To: 'Jamie Baker'
Subject: RE: Employee Warning Notice - McCray (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO

Ms. Baker,

I am not in agreement with this Final Warning because I have not received a previous warning
from Capt Jones, Capt Irby, 1SG Brown or the former Contractor (Softec).

My performance or behavior has never been mentioned to me or documented.

On Monday, 24 September 2012, 1SG Brown told me that SFC Jancewicz had filed a complaint with
Mr. James Sprigler and he told me that in all fairness I may want to file my complaint with
him too.

I am not in agreement with this warning and I do decline to sign.

v/r


Sheryl McCray, Contractor
Administrative Assistant, USAREC
Team Infused
757-825-9891

1



Exhibit J

**Date:** Friday, September 28, 2012 10:15 AM

**From:** Mccray, Sheryl T Ms CTR USA TRADOC USAREC <SHERYL.MCCRAY@USAREC.ARMY.MIL>

**To:** scoleman64@cox.net

**Subject:** FW: FW: Employee Warning Notice - McCray (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO


-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Friday, September 28, 2012 9:54 AM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Re: FW: Employee Warning Notice - McCray (UNCLASSIFIED)

Ms. McCray,

Your final warning was given to you on 09/26/12.  This is conversation
is not up for discussion.  As written on your notice, if your behavior
continues to be an issue you are subject to immediate termination.

Thanks,

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153

Classification: UNCLASSIFIED
Caveats: FOUO

2014 OCT -3 PM 1:58
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____
_____ D.C.
FILED

*Exhibit K*

# INFUSED
### SOLUTIONS
Employee Warning Notice                                        IS_HR_0011

## Employee Information

Employee Name: Sheryl McCray _____ Date: 09/26/2012

Employee ID: _____ Job Title: General Clerk II

Manager: Jamie Baker _____ Dept: USAREC

## Type of Warning

☐ First Warning          ☐ Second Warning          ☑ Final Warning

## Type of Offense

☐ Tardiness/Leaving Early    ☐ Absenteeism           ☐ Violation of Company Policies
☐ Substandard Work           ☐ Violation of Safety Rules   ☑ Rudeness to Customers/Coworkers
Other: Insubordination/Unprofessional behavior

## Details

Description of Infraction:_____

Employee is extremely confrontational and exhibiting constant insubordinate behavior towards individuals at her work location. This behavior has
been address previously to the employee and not improved. This behavior has been an issue for over 90 days and appears to be getting
significantly worse instead of improving.

Plan for Improvement:_____

Be respectful and professional at all times towards all individuals at work location. Communicate in a professional manner and demeanor at all times.

Employee is on a 90 Day Probation Period starting 09/26/12.

Consequences of Further Infractions: _____

Immediate termination upon any notification that employee's insubordinate, disrespectful or unprofessional behavior occurs again.

## Acknowledgment of Receipt of Warning

By signing this form, you confirm that you understand the information in this warning. You also confirm
that you and your manager have discussed the warning and a plan for improvement. Signing this
does not necessarily indicate that you agree with this warning.

Employee Signature _____        Date
_Jamie Baker_                              09/26/12

Manager Signature _____          Date:
_JBB_                                       09/26/12

Witness Signature (if employee understands warning but refuses to sign)  Date:

1 | Page

©2008 Infused Solutions LLC. All Rights Rights

FILED 2014 OCT -3 PM 1:58
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
GINA B. SMITH, CLERK
D.C.

Exhibit L

**Date:** Thursday, October 4, 2012 2:47 PM

**From:** Yolanda Green-Wilson <YGWilson@ardelle.com>

**To:** scoleman64@cox.net <scoleman64@cox.net>

**Subject:** FW: Termination Letter

---

From: Yolanda Green-Wilson
Sent: Thursday, October 04, 2012 2:31 PM
To: sheryl.mccray@userec.army.mil
Subject: Termination Letter

Good Afternoon Sheryl,

Due to the nature of the circumstance that occurred on 9/20/2012, it has been found that you were in violation of Team Infused/Ardelle Associates' code of conduct in the workplace. It has been advised that your employment is to be terminate effected immediately as of 10/04/2012.

You signed an employee handbook, which was very clear that any workplace violence in any form with not be tolerated and would possibly end will termination of employment from Team Infused/Ardelle Associates.

Upon leaving today, please return all properties belonging to RCTG James River CO to 1SG Brown. 1SG Brown will sign your timesheet and escort you out of the facility.

Please refrain from all contact with employees at RCTG James River Company. Please free feel to contact me with any further questions.


Yolanda Green-Wilson

Recruiter

Ardelle Associates

344 Commerce Street

Alexandria, VA 22314

703-518-9960 (voice)

703-518-9965 (Fax)


www.ardelle.com



Exhibit M

---

## STATEMENT OF THE CASE

Jamie Baker ("Defendant") worked for Infused Solutions as a program manager for the United States Army Recruiting Command (USAREC) contract and human resources specialist from March 13, 2012 until November 16, 2012. Under supervision and with approval from management, Defendant hired and terminated employees, implemented employee development plans, and assisted with benefits.

During her employment, Defendant, through Infused Solutions, was the point of contact for two hundred and forty two (242) Infused Solutions and Ardelle Associates employees on the United States Army Recruiting Command (USAREC) contract.

According to the complaint, Defendant "sent an electronic message to Plaintiff" regarding a recently instituted disciplinary action against Plaintiff. This electronic message also indicated that Plaintiff and Defendant discussed the incident that occurred on September 20, 2012 via telephone. (Complaint ¶ 13). Defendant subsequently sent "final warning notices" via electronic mail to Plaintiff. (Complaint ¶¶14, 16).



FILED

2014 OCT -3  PH 1: 58

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

BY: _____ D.C.

Exhibit N

19.  Release or dissemination of confidential Company or client information.

20.  Failure to perform the essential job functions and responsibilities of a position.

21.  Unauthorized solicitation or distribution of literature unrelated to Company or client business on Company or client time.

22.  Failure to follow safety and health regulations, including, but not limited to, the failure to report an accident.

23.  Misuse of any Company benefit program.

24.  Misrepresentation of an employee's background or qualifications, including, but not limited to, on a resume, application or during an interview.

25.  Any other conduct detrimental to other employees, clients, or the Company's interests or its efficient operations.

26.  Ardelle Associates requires one to two weeks written notice when resigning from contract assignments prior to their completion.

## G    WORKPLACE VIOLENCE POLICY

Ardelle Associates is committed to preventing workplace violence and to maintaining a safe work environment. Accordingly, Ardelle Associates has adopted the following guidelines to deal with intimidation, harassment, or other threats of (or actual) violence that may occur during business hours or on its premises.

All employees should be treated with courtesy and respect at all times. Employees are expected to refrain from fighting, "horseplay", or other conduct that may be dangerous to others. Firearms, weapons, and other dangerous or hazardous devices or substances are prohibited inside the facilities or buildings of Ardelle Associates or its clients.

Any conduct that threatens, intimidates, or coerces another employee, a client, or a member of the public at any time, including off-duty periods, will not be tolerated. All threats of (or actual) violence, both direct and indirect, should be reported as soon as possible to the Ardelle Associates Accounting Manager. This includes threats by employees, as well as threats by clients, vendors, solicitors, or other members of the public.

All suspicious individuals or activities should also be reported as soon as possible to an Ardelle Associates supervisor. Do not place yourself in peril. If you see or hear a commotion or disturbance near your workstation, do not try to intercede or see what is happening.

The Company will promptly and thoroughly investigates all reports of threats of (or actual) violence and of suspicious individuals or activities. Anyone determined to be responsible for threats of (or actual) violence or other conduct that is in violation of these guidelines may be subject to prompt disciplinary action up to and including termination of employment.

FILED

14 OCT -3 PM 1: 58

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

6

*Exhibit C*

# JOHN E. CARTER, P.C.

ATTORNEY & COUNSELLOR AT LAW

4103 CHAIN BRIDGE ROAD, SUITE 101
FAIRFAX, VIRGINIA 22030

TEL (703) 591-2985 • FAX (703) 591-2965
EMAIL: JCARTERPC@AOL.COM

John E. Carter, Esquire

Admitted in VA, DC & MD

October 7, 2014

Sent via Federal Express

Clerk's Office
Hampton Circuit Court
Civil Division
101 Kings Way
Hampton, VA 23669

Re:   McCray v. Ardelle Associates, et al.
Circuit Court No.: CL 14-1589

Dear Madam/Sir:

With reference to the above captioned matter, please find enclosed for filing Defendant, Jamie Baker's, LLC Notice of Hearing regarding Defendants' Demurrer to Plaintiff's Complaint. I have enclosed one additional copy and ask that you forward the copy back to me in the self addressed and stamped envelope enclosed.

Thank you for your cooperation regarding this matter.

Very truly yours,

John E. Carter

JEC/mj
Enc.  As stated
cc: Sheryl McCray, Pro Se Plaintiff, via Federal Express

FILED

2014 OCT -8  AM 10: 09

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

BY:_____ D.C.

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON

| | |
|---|---|
| **SHERYL T. MCCRAY** | ) |
| | ) |
| | ) |
| Plaintiffs, | ) Case No.: CL 14-1589 |
| | ) |
| V | ) |
| | ) |
| **INFUSED SOLUTIONS, LLC,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF MOTION OF HEARING ON DEFENDANTS INFUSED SOLUTIONS, LLC AND JAMIE BAKER'S DEMURRER

**PLEASE TAKE NOTICE** that on Monday, December 8, 2014, at 10:30 A.M. or as

soon thereafter as counsel may be heard, in the Circuit Court for the City of Hampton, Virginia,

Defendants, by counsel, will move this Honorable Court for hearing upon Defendant's Infused

Solutions and Jamie Baker's Demurrer to the Complaint filed by Plaintiff.

> Infused Solutins, LLC
> Jamie Baker
> By counsel

**JOHN E. CARTER, PC**

_[signature]_

**JOHN E. CARTER, ESQUIRE**
VSB No. 31018
4103 Chain Bridge Road
Suite 101
Fairfax, VA 22030
(703) 591-2985 -- Telephone
(703) 591-2965 -- Facsimile
E-Mail: JcarterPC@aol.com
**Counsel for Defendant Infused
and Baker**

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing, Defendants Notice of
Hearing on Defendants Demurrer to Complaint  has been mailed, postage pre-paid to Plaintiff,
Sheryl T. McCray, at the last known mailing address of 6 Kirkwood circle, Hampton, VA 23666
on this the 7th day of October, 2014.

_[signature]_

**JOHN E. CARTER, ESQUIRE**

BY:_____

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

_____ D.C.

2014 OCT -8  AM 10: 10

FILED

# JOHN E. CARTER, P.C.

### ATTORNEY & COUNSELLOR AT LAW
4103 Chain Bridge Road, Suite 101
Fairfax, Virginia 22030
Tel (703) 591-2985 • Fax (703) 591-2965
Email: JCarterPC@aol.com

John E. Carter, Esquire

Admitted in VA, DC & MD

October 7, 2014

Sent via Federal Express

Clerk's Office
Hampton Circuit Court
Civil Division
101 Kings Way
Hampton, VA 23669

Re:   McCray v. Ardelle Associates, et al.
      Circuit Court No.: CL 14-1589

Dear Madam/Sir:

With reference to the above captioned matter, please find enclosed for filing Defendant, Jamie Baker's, LLC Demurrer to Plaintiff's Complaint. I have enclosed one additional copy and ask that you forward the copy back to me in the self addressed and stamped envelope enclosed.

Thank you for your cooperation regarding this matter.

Very truly yours,

John E. Carter

JEC/mj
Enc.  As stated
cc: Sheryl McCray, Pro Se Plaintiff, via Federal Express

FILED
2014 OCT -8 AM 10: 10
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____D.C.

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON

SHERYL T. McCRAY,                    )
                                     )
            Plaintiff,               )
                                     )
v                                    )
                                     )        Case No.: CL: 14-1589
ARDELLE ASSOCIATES, ET AL.,          )
                                     )
            Defendants.              )
_____)

### CERTIFICATE OF SERVICE/MAILING

I hereby certify that a true and correct copy of the Defendant, Jamie Baker, Demurrer has been mailed via Federal Express, postage/handling prepaid, to Plaintiff Pro Se, Sheryl T. McCray, at the last known mailing address of 6 Kirkwood Circle, Hampton, VA 23666 on this the 7th day of October, 2014.

JOHN E. CARTER, P.C.

JOHN E. CARTER, ESQ.
VSB: 31018
4103 Chain Bridge Road, #101
Fairfax, VA  22030
Tel:  (703) 591-2985
Fax (703) 591-2965
E-Mail: JCarterPC@aol.com
**Attorney for Defendant Infused & Baker**

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON

| | |
|---|---|
| SHERYL T. McCRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | |
| ) | Case No.: CL: 14-1589 |
| ARDELLE ASSOCIATES, ET AL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

DEFENDNAT JAIME BAKER'S DEMURRER TO COMPLAINT

COMES NOW, DEFENDANT, JAMIE BAKER, by and through counsel, and pursuant to the Rules of this Court hereby moves to dismiss Plaintiff's Complaint against Jamie Baker in its entirety with prejudice. As set forth more fully in the accompanying Memorandum of Law In Support of Defendant Jamie Baker's Motion to Dismiss Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Further, Plaintiff's claims must fail as the statute of limitations for bringing such claims have expired. Additionally, Plaintiff was not the employee of Defendant Jamie Baker nor was she an employee of Defendant Infused.

WHEREFORE, the premises considered, Defendant prays that this Honorable Court dismiss Plaintiff's claims against Defendant herein, Jamie Baker, in its entirety with prejudice, and order the Plaintiff to reimburse Defendant it costs and attorney fees, and for such other and further relief as the Court deems just and proper.

Dated: October 7, 2014.

Respectfully submitted,

Defendant, Jamie Baker
By Counsel

JOHN E. CARTER, P.C.

JOHN E. CARTER, ESQ.
VSB: 31018
4103 Chain Bridge Road, #101
Fairfax, VA 22030
Tel: (703) 591-2985
Fax (703) 591-2965
E-Mail: JCarterPC@aol.com
Attorney for Defendant "Baker"

VIRGINIA:

## IN THE CIRCUIT COURT OF CITY OF HAMPTON

| | |
|---|---|
| SHERYL T. McCRAY,  )<br><br>          Plaintiff,  )<br>v.                        )<br><br>ARDELLE ASSOCIATES, ET AL.,  )<br><br>          Defendants.  ) | Case No.: CL: 14-1589 |

## DEFENDANT JAMIE BAKER'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT INFUSED SOLUTIONS, LLC DEMURRER

COMES NOW, DEFENDANT, JAMIE BAKER, hereinafter referred to as "BAKER", by and through counsel and respectfully submits this Memorandum of law in Support of Defendant's Demurrer.

## I. INTRODUCTION

Plaintiff previously filed the same action herein in the United States District Court for the Eastern District of Virginia, Newport News Division. *Sheryl McCray v Ardelle Associates, et al*, Civil No.: 4:13-CV-00060 which was dismissed. The U.S. District Court entered an Order on January 31, 2014, dismissing Plaintiff's claims against Defendant "Ardelle", for failure to state a claim on all counts, specifically that Plaintiff did not state a claim for defamation. The Court on March 26, 2014, entered an Order of dismissal as to Defendants, US Army Recruiter Command and Defendant Jancewicz and on April 17, 2014, and entered an Order of Dismissal as to all claims as "state law claim are not of federal concern". (Exhibit 1) (Interestingly enough, it has been discovered that this Plaintiff is not new to the Court system and in fact, has previously filed another

1

complaint against a former employer Huntington Ingalls in the United States District

Court for the Eastern District of Virginia, Newport News, *McCray v Huntington Ingalls*

*Newport News Shipbuilding*, Case No. 4:12-cv 20, on or about February 13, 2012,

alleging discriminatory discharge based on race and retaliation against her former

employer for lodging a complaint against another co-worker "misconduct at the

workplace" and her fears of retaliation from her employer.  After the Court granted the

Defendant/employer Motion for Partial Judgment on June 19, 2012, on the pleadings,

Plaintiff filed for "immediate" dismissal of all complaints on July 17, 2012, and the

Ordered was entered dismissing the claims.)  Plaintiff has re-filed her claims in this Court

asserting the same allegations of defamation, vicarious liability and wrongful termination.

Defendant, "Baker", at the time of the alleged occurrence was an employee of

Defendant Infused Solutions, LLC, hereinafter "INFUSED".  "INFUSED", a government

contractor had a contract to service the United States Army Recruiting Center in

Hampton, Virginia.  Plaintiff, at all times herein, was employed by Defendant, Ardelle

Associates Inc., hereinafter "Ardelle", which is a staffing agency, who was a contractor

who also jointly bid on this contract and provided a number of the employees, including

your Plaintiff.  Plaintiff was never employed by "Baker" or "Infused".  Plaintiff's

allegations arise out of a purported dispute that arose between the Plaintiff and an

employee of the US Army Recruiter Command ("USAREC"), Sergeant Jonah Jancewicz

while on assignment to work at the Army Recruiting Center.  Plaintiff asserts that on

September 20, 2012, Defendant Jancewicz commenced yelling at her, approached her in

a "threatening and manner" and indicated he "would be willing to physically assault"

Plaintiff and that he "verbally assaulted Plaintiff with obscenities".  (Complaint

2

paragraph 8 & 9.)  Plaintiff alleges that on September 20, 2012, she received a call from James Sprigler, the Contracting Officers Representative at USAREC, regarding the "situation that had taken place".  Sergeant Jancewicz reported the incident to James Sprigler. (Complaint ¶ 10, 11 &12).  Plaintiff further states that she called Yolanda Green-Wilson, to inform her of the incident.  Yolanda Green-Wilson is and or was her "supervisor", an employee of "Ardelle".  (Complaint paragraph 10)

On <u>September 24, 2012</u>, Plaintiff states she attempted to report the incident with Defendant Jancewicz to proper authorities <u>and via e-mail to James Sprigler</u>, a Contracting Officers Representative at USAREC headquarters and, that the email was sent on or about September 25, 2012 regarding her complaint of Defendant Jancewicz.  At all times herein, <u>Mr. Sprigler was not Plaintiff's employer</u>.  (Complaint ¶ 11) Plaintiff asserts on September 24, 2012, First Sergeant Brown informed Plaintiff that Defendant Jancewicz had filed a complaint with James Sprigler concerning the Plaintiff.

Defendant "Baker", an "Infused" employee learned of the purported false allegations and as stated by Plaintiff, "Baker" called Plaintiff".  (Complaint ¶13) Plaintiff alleges Defendant <u>Baker</u>" "called her" because Mr. Sprigler, "chewed her out".  She further states that she did not know Defendant Baker as she had always corresponded with her employer, "Ardelle" through Ardelle's agent, Yolanda Green-Wilson.  Plaintiff asserts Defendant "Baker" told her that she was being placed on a 90 day probation.  Plaintiff then injects alleged statements made by Defendant Baker that were purportedly learned from a former contractor as to Plaintiff's behavior.  Plaintiff asserts a telephone call was generated with "Infused's" employee Mr. Akbar, in which Plaintiff was advised that if there were any issues she should not discuss it with the Army and on or about,

3

September 26, 2012, Defendant Baker e-mails a final warning notice to the Plaintiff for insubordination and unprofessional behavior. Plaintiff asserts she received yet another e-mail dated September 28, 2012, from Defendant "Baker" regarding her time card and hours and verification of the time cards by Captain Irby or First Sargent Brown.

Plaintiff asserts that "Baker" maliciously and with full knowledge of its falsity with reckless disregard for the truth, communicated a complete falsehood to her employer and/or supervisors or co-workers that Plaintiff engaged in violence at the workplace, was insubordinate. On October 4, 2012, Plaintiff received a termination from Yolanda Green-Wilson, Defendant "Ardelle's", employee, stating that the termination was related to the September 20, 2012, incident. (Complaint Count Two, ¶, 23)

## II.   STANDARD OF REVIEW

A Complaint must contain "sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556, U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. Id. at 679. Rather "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 555. "A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."...Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S.at 678). Although when considering a demurrer a court must accept as true all factual allegations in the complaint, that principle

4

does not apply to legal conclusions couched as factual allegations. _Twombly_, 550 U.S. at 555.  The Court is not, however, required to accept as true any legal conclusions contained in a complaint. _Ashcroft v. Iqbal_, 556 U.S. 662, 678 (2009).

## ARGUMENT

In Virginia, to support a Defamation claim it requires "(1) publication, (2) of an actionable statement, and (3) the requisite intent." _Shaheen v. Welloint Companies, Inc._, 490 Fed.Appx. 552, 555(4th Circ. 2012)(citing _Chapin v. Greve_, 787 F.Supp.557,562 (E.D. Va. 1992)).  "The publication element of a defamation action requires dissemination of the statement to a third party in a non-privileged context..." Id. N.2 (internal citations omitted).

Plaintiff fails to show the communications were false/and/or contain defaming words, and that the e-mails were made public, or to third parties.  In fact, the e-mails which Plaintiff claims are defaming are administrative and/or internal and e-mails between Defendants "Infused"/"Baker" and "Ardelle" and can only be characterized as necessary parties inasmuch as "Ardelle" provided Defendant "Infused" with "Ardelle's" employee, the Plaintiff herein, as part of its teaming agreement and joint contract with the government.  The Court must dismiss Plaintiff's Complaint against Defendant "Baker", because the only person(s) to whom "Baker", by and through her employer "Infused", published, if any, was internal and within the confines of company business and privileged.  Defendant "Baker" respectfully requests that this Court dismiss Plaintiff's complaint in its entirely with prejudice as to Defendant Jamie Baker.

A.   **Plaintiff's Claim for Defamation against Defendant "Baker" Must Fail Because, Under the Plain Language of the Complaint, "Baker" Did not Publish a Defamatory Statement to a Third-Party.**

Plaintiff's claim for defamation against "Baker" fails because, under the plain language of the Complaint, "Baker" did not publish a defamatory statement to a third-party. As stated, a claim for defamation must plead that defendant disseminated false statements to a third-party in a non-privileged context. *Shaheen*, 490 Fed.Appx 555. The communications alleged by Plaintiff were internal within the company.

Clearly, the Complaint is nothing but conclusory allegations and speculations which fall short of the requisite showing of facts supporting a defamation claim  Further, Plaintiff fails to state how Defendant, "Baker" and even "Infused" acted in any way which would "defame" her, fails to address how each individual learned of the purported "false allegations", other than e-mails which were first generated by the Plaintiff herself to Mr. Spiegler, who was not her employer.  The Complaint fails to state how these allegations were provided, published, or disseminated to any third party or in fact, anyone else, outside of internal operations.

The Court must dismiss Plaintiff's Complaint for defamation as neither, "Baker" or "Infused" published any defaming or false materials to third parties and/or in a non privileged context.  As set forth in the Complaint, Plaintiff states that Plaintiff first generated e-mails to James Sprigler, a Contracting Officer Representative, who is not her employer, regarding the purported incident with Defendant Jancewicz.  Defendant asserts that it is the Plaintiff's own hand that commenced publishing to parties outside of her employment with "Ardelle" regarding the incident involving Defendant Jancewicz.

Further, the communications, as stated in the Complaint, contain no defamatory language generated by these Defendants, and any communications with Plaintiff, "Baker" "Infused" and/or Ardelle, were internal, and within the normal course of business.  The

6

allegations contained in the Plaintiff's Complaint as to Defendant "Baker" are nothing more than a recitation of electronic mail purportedly by Defendant "Baker", "an agent or employee of Defendant "INFUSED" regarding a probationary period addressing Plaintiff's "insubordination and unprofessional behavior…" The Complaint fails to show that the statements are in fact, defamatory nor does it show how the information had been shared/disseminated and/or published to a third party. Plaintiff further fails to show that any advise, emails, whether verbal or electronic, regarding a probationary period or in fact, a termination, may be considered "defaming" and most assuredly, this Plaintiff has not shown that these Defendants or any Defendant herein has made "false statements".

Defendants state that Plaintiff's defamation claims fail because a Virginia defamation action requires "that the exact words spoken or written must be set out in the declaration . . . that is, [the pleading] must purport to give the exact words. Words equivalent or of similar import are not sufficient." See *Gibson v. Boy Scouts of America*, 360 F. Supp. 2d 776, 782 (E.D. Va. 2005).

Plaintiff has not pled sufficient facts, even if accepted as true, that these Defendants' conduct was defamatory and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Plaintiffs Complaint must fail as unsubstantiated by fact.

**Plaintiff's communications were regarding employment related matters and were protected by privilege.**

7

Virginia further recognizes a qualified privilege in the context of an employment relationship. *Ortiz v Panera Bread Co.*, No. 1:10CV1424, 2011 WL 3353432, (E.D. Va. Aug. 2, 2011. Also see, *Larimore v. Blaylock*, 528 S.E.2d 119 (Va.2000).

> "Public policy and the interest of society demand that an employer, or his proper representatives, be permitted to discuss freely with an employee, or his chosen representatives, charges affecting his employment which have been made against the employee to the employer; thus, there is a privilege on such occasions and a communication made under such circumstances, within the scope of the privilege, without malice in fact, is not actionable, even though the imputation be false, or founded upon erroneous information." The privilege applies broadly to all statements related to "employment matters," provided the parties to the communication have a duty or interest in the subject matter.

See also, *Echtenkamp v. Loudon Co. Pub. Schs*, 263 F.Supp.2d 1043, 1051 (E.D.Va.2003) "communications between persons on a subject in which the persons have an interest or duty are occasions of privilege," and "statements made between co-employees and employers in the course of employee disciplinary or discharge matters are privileged".

**B.    There are no Facts in the Complaint to Support Vicarious Liability Under an "Alter Ego Theory"**

Inasmuch as Defendant "Baker" was an employee of Defendant "INFUSED", there is no liability under an "Alter Ego Theory" against Defendant in this respect. However, Defendant would state that Plaintiff attempts to hold "Infused" and "Ardelle" responsible for the alleged Defamation by Sergeant Jancewicz, "Baker", and John Does, under an "alter ego" theory.   As stated, Plaintiff was employed by "Ardelle" and this

8

theory must fail because, under the plain language of the Complaint, there are no facts to justify holding "Infused" for the alleged wrongful acts of other business entities.

In Virginia, "the decision to pierce a corporate veil…is one that is to be taken reluctantly and cautiously." *S.E.C. v. Woolf*, 835 F. Sup.2d 111, 123 (E.D. Va. 2011). Courts require a plaintiff who seeks to hold a defendant responsible for the wrongful acts of another business entity to plead with specificity facts that would justify this "extraordinary remedy." See id. (quoting *Sloan v. Thornton*, 249 Va. 492, 498 (199500.

In *Choimbol v. Fairfield Resorts, Inc.*, et al., third-party plaintiffs sought to hold third-party defendants liable for the wrongful acts of third-party defendants' parent and/or sister company, Ambassador. Civil Action No. 2:05-cv-00463 1, 5 (E.D. Va. 2006) (attached as Exhibit 1). Third-party plaintiffs argued that third-party defendants were vicariously liable for Ambassador's wrongful acts as a result of the "lack of separation or alter ego status which exists with [Ambassador] based on common links, actors, ownership, relationships, and/or management shard." Id.

The court granted third-party defendants' motion to dismiss affirming that:

> [Before the corporate entity may be properly disregarded it must
> be shown not only that undue domination and control was
> exercised by the [alleged alter ego over the wrongdoing entity]
> but also that this control was exercised in such a manner as to
> defraud and wrong the complainant, and that unjust loss or injury
> will be suffered by the complainant.

Id. (Citing *Beale v. Kappa Alpha Order* and *Kappa Alpha Alumni Foundation*, 64 S.E.2d 789, 797 (1951)). The court noted that the complaint was devoid of any allegations that third-party defendants exercised undue control or domination over Ambassador, or that third-party defendants engaged in any fraudulent acts, and concluded that "[w]ithout

these types of allegations the Court cannot disregard the fact that Third Party Defendants are separate entities.

The Complaint alleges that this Defendant is vicariously liable to the Plaintiff by way of "respondeat superior", specifically, that Defendants "Infused" and Ardelle" and/or "unknown employees or agents of these Defendants were "acting within the scope of his/their employment/agency when Defendant "Baker" defamed Plaintiff regarding her prior bad record of insubordination at work. Plaintiff alleges that "Infused" and "Ardelle" were so interconnected and involved as to employer functions that both were the constructive employers of Plaintiff. (Complaint paragraphs 30. 31 & 32.) Plaintiff alleges that "Infused" and "Ardelle" were so "interconnected as to operations and functions" however, Plaintiff has not set forth any facts in support of these conclusory allegations. Plaintiff fails to plead the required element that the "observance of the corporate form [in this case] would sanction a fraud, promote injustice, or [result in an injustice]." Woolf, 835 Supp.2d at 124. As the court explained in Woolf, "these claims [that the co-defendants were alter egos] are mere labels and conclusory allegations that cannot survive a Rule 12(b)(6) challenge without further factual enhancement." Plaintiff's claim against "Infused" fails based on the theory of "alter ego".

While Defendant "Baker" was an employee of "INFUSED" Plaintiff nonetheless has failed show how this Defendant defamed her in her capacity as the agent and/or employee of "INFUSED" and as such, the employer "INFUSED", is not liable to Plaintiff, nor is it liable under her theory of vicarious liability.  As to Defendant, "Ardelle", "INFUSED" nor "Baker" had control over Defendant "Ardelle" as an "alter ego, or in fact any other way. "There was no master servant relationship that existed

between an employer and an independent contractor." *Sanchez v. Medicorp Health Sys.*, 270 Va. 299, 300 (2005). Plaintiff has further failed to show that "INFUSED" and/or "Baker" exercised undue control or domination over "Ardelle", the Plaintiff's employer.

## STATUTE OF LIMITATIONS

The filing of this action almost two years after these events have occurred should be barred by the applicable Statute of Limitations in Virginia of one year. This case was originally filed in federal court and subsequently dismissed. Then it has been refiled in state court. Defendant argues that the prior filing and dismissal does not toll the statute and the Virginia non-suit statute does not apply as the case has not been refiled with the same Court within the six months after a properly taken non-suit. The previous dismissal was not a non-suit and was a dismissal by the Courts own motion after several motions to dismiss had been filed and were pending based on a lack of federal jurisdiction once the U. S. Army was dismissed. Further, no wrongful termination Count was included in the original complaint against "Baker" or "Infused". As such, since this is newly pled, it is filed after the one year statute of limitations ran.

## RES JUDICATA/COLATTERAL ESTOPPEL

Plaintiff's case against her own employer, Ardelle, was dismissed with prejudice by the Judge in federal court for failure to sate a claim in which relief could be granted in regard to defamation as noted above. Plaintiff has refiled substantially the same action in state court against Infused. The same result should occur and this action should be dismissed as the Judge has previously ruled that her pleading which she is judicially estopped from changing and which was filed previously does not give rise to a cause of action. This new lawsuit is frivolous and frankly sanctionable.

11

## WRONGFUL TERMINATION

Inasmuch as Plaintiff was not the employee of Defendant "Baker" and for that fact, "Infused", Plaintiff's claim for wrongful termination is without merit to this Defendant. However, this Defendant would assert that Plaintiff cannot state a claim for wrongful termination because Plaintiff was an at will employee and her allegations do not identify a Virginia public policy that was violated by her discharge. In addition, the statute of limitations has run with respect to a wrongful termination claim and as such, Plaintiff is barred from bringing this claim and must be dismissed. *Luczkovich v. Melville Corp*, 911 F. Supp.208 (E.D. Va. 1996).

## CONCLUSION

Plaintiff's complaint lacks factual statement(s) which would support a claim of defamation and are nothing but "conclusory allegations" regarding actions of these Defendants. Plaintiff has failed to set forth any wording of the Defendants which are defamatory in itself, and/or that the alleged defamatory words/actions have been published to third parties in a non privileged context. While Defendant "Baker" was employed by "Infused", Plaintiff has failed show how this Defendant defamed her in her in any capacity nor as the agent and/or employee of "Infused", and as such, the employer "INFUSED", is not liable to Plaintiff, nor are these Defendants liable under her theory of vicarious liability.

As far as wrongful termination, Plaintiff was the employee of Defendant "Ardelle" and not Baker. Since "Baker" nor "Infused" were Plaintiff's employer, these Defendants cannot be held liable for terminating her employment. Plaintiff was as at will

employee in Virginia and could have been terminated at the will of her employer, "Ardelle".

As is clear in the Complaint, Plaintiff's claims, if any, is her claim that Sergeant Jancewicz communicated defamatory statements, which were sent to his employer, the United States Army, and received by "Baker", "Infused and "Ardelle". Even taking all factual statements as true, "Baker" and "Infused" would be a mere witness who received, but did not publish to third parties, purported defamatory statements.

**WHEREFORE**, the premises considered and as set forth above, Defendant, Jamie Baker, respectfully prays that this Honorable Court dismiss Plaintiff's claims against this Defendant in the entirety with prejudice, with an award of its attorney fees and costs, and for such other and further relief which this Court deems just.

Respectfully submitted,
Jamie Baker
By Counsel

JOHN E. CARTER, P.C.

JOHN E. CARTER, ESQ.
VSB: 31018
4103 Chain Bridge Road, #101
Fairfax, VA  22030
Tel:  (703) 591-2985
Fax: (703) 591-2965
E-Mail: JCarterPC@aol.com
**Attorney for Defendant  Jamie Baker**

FILED
2014 OCT -8  AM 10: 10
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:



FILED

APR 17 2014

CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

SHERYL MCCRAY,

        Plaintiff,

  v.                                   ACTION NO. 4:13cv60

ARDELLE ASSOCIATES, et al.

        Defendants.

## DISMISSAL ORDER

On March 26, 2014, the court issued an Order announcing its intent to decline to exercise supplemental jurisdiction over the remaining claims in this action, which arise under state law. The court explained that this action would be dismissed if the court declined to exercise supplemental jurisdiction. The parties were directed to file any objections within twenty days of the Order.

No party filed any objection.[1] Because the federal claims upon which federal subject matter jurisdiction was based were dismissed upon the request of the Plaintiff, because the state law claims remaining are not of federal concern, and because no party set forth any reason why supplemental jurisdiction should be retained, the court **DECLINES** to exercise supplemental jurisdiction

---

[1] Plaintiff did respond to a subsequent Order issued on April 1, 2014, that directed her to show cause why the John and Jane Doe Defendants should not be dismissed. Plaintiff's submission does not address the jurisdictional issue.

DEFENDANT'S
EXHIBIT

1

over the remaining claims in this case.  This action is therefore **DISMISSED** without prejudice.  This dismissal renders all pending motions **MOOT**.

Plaintiff may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607.  Said written notice must be received by the Clerk within thirty (30) days of the date of this Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff, to Defendant Baker, and to counsel for Defendants.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

April 17 , 2014

2014 OCT -8 AM 10: 11
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:

FILED

Westlaw.

475 F.Supp.2d 557
(Cite as: 475 F.Supp.2d 557)

▷

United States District Court,
E.D. Virginia,
Norfolk Division.
ENKHBAYAR CHOIMBOL, et al, Plaintiffs,
v.
FAIRFIELD RESORTS, INC., et al., Defendants.

No. CIV.A. 2:05CV463.
Nov. 7, 2006.

**Background:** Current or former employees sued employers, asserting claims for, inter alia, violation of the Fair Labor Standards Act (FLSA). The employees moved for class certification and notices of an opt-out class.

**Holding:** The District Court, Jackson, J., held that the employees met their burden under the first stage of the similarly situated analysis for granting conditional class certification.

Motions granted in part and dismissed in part.

West Headnotes

**[1] Labor and Employment 231H** ☞2377

231H Labor and Employment
    231HXIII Wages and Hours
        231HXIII(B) Minimum Wages and Overtime Pay
            231HXIII(B)6 Actions
                231Hk2373 Actions on Behalf of Others in General
                    231Hk2377 k. Class Actions. Most Cited Cases

Under the Fair Labor Standards Act (FLSA), plaintiffs must first seek conditional certification and then if granted, discovery is conducted to allow the court to determine if final certification is appropriate. Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b).

**[2] Labor and Employment 231H** ☞2377

231H Labor and Employment
    231HXIII Wages and Hours
        231HXIII(B) Minimum Wages and Overtime Pay
            231HXIII(B)6 Actions
                231Hk2373 Actions on Behalf of Others in General
                    231Hk2377 k. Class Actions. Most Cited Cases

Fair Labor Standards Act (FLSA) class certification requires: (1) that the plaintiffs in the class be similarly situated, and (2) that the plaintiffs included in the class opt in by filing with the court their consent to the suit. Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b).

**[3] Labor and Employment 231H** ☞2377

231H Labor and Employment
    231HXIII Wages and Hours
        231HXIII(B) Minimum Wages and Overtime Pay
            231HXIII(B)6 Actions
                231Hk2373 Actions on Behalf of Others in General
                    231Hk2377 k. Class Actions. Most Cited Cases



© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

475 F.Supp.2d 557
(Cite as: 475 F.Supp.2d 557)

There is a two-stage analysis for establishing "similarly situated" plaintiffs and granting conditional class certification in Fair Labor Standards Act (FLSA) cases; at the first stage, the district court decides whether to provide initial notice of the action to potential class members, a determination made using a fairly lenient standard, and at the second stage, reached if the defendant files a motion for decertification, courts apply a heightened fact-specific standard to the similarly situated analysis. Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b).

[4] Labor and Employment 231H ⟜2377

231H Labor and Employment
    231HXIII Wages and Hours
        231HXIII(B) Minimum Wages and Overtime Pay
            231HXIII(B)6 Actions
                231Hk2373 Actions on Behalf of Others in General
                231Hk2377 k. Class Actions. Most Cited Cases

Plaintiffs asserting claims under the Fair Labor Standards Act (FLSA) met their burden under the first stage of the similarly situated analysis for granting conditional certification to a class of immigrant workers, despite claim that, before granting certification, the court had to determine whether one defendant was a joint employer as to each potential plaintiff and putative class member, a fact-intensive examination demonstrating the inappropriateness of conditional collective certifications; all plaintiffs alleged that they were victims of defendants' predominant policy of withholding minimum wages and overtime pay, whether by requiring "deposits" or by withholding wages. Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b).

*558 Avery Tillinghast Waterman, Jr., Patten Wor-

nom Hatten & Diamonstein LC, Newport News, VA, for Plaintiffs.

David Frederick Dabbs, Jonathan Paul Harmon, McGuirewoods LLP, Richmond, VA, Ruth Litvin Goodboe, McGuirewoods LLP, Lisa Ann Bertini, Bertini O'Donnell & Jochens, Norfolk, VA, Michael L. Heikes, Heikes & Rugless PC, Williamsburg, VA, David Christopher Burton, Melissa Leigh Lykins, Sara Berg Rafal, Williams Mullen, Virginia Beach, VA, for Defendants.

MEMORANDUM OPINION & ORDER
JACKSON, District Judge.
[1] This matter is before the Court on Enkhbayar Choimbol, et al., ("Plaintiffs") Motion for Class Certifications and Notices under Rule 23 of the Federal Rules of Civil Procedure and Section 216(b) of the Fair Labor Standards Act ("FLSA"), filed on March 28, 2006 and Plaintiffs' Supplemental Motion for Certifications and Notices filed on May 1, 2006.[FN1] For the reasons that follow, Plaintiffs' Motions for Class Certification and Notices are **GRANTED IN PART** and **DISMISSED IN PART**.

> FN1. Under FLSA, Plaintiffs must first seek conditional certification and then if granted, discovery is conducted to allow the court to determine if final certification is appropriate. *See Mooney v. Aramco Servs. Co.,* 54 F.3d 1207 (5th Cir.1995). Accordingly, Plaintiffs' Motion will be treated as one for Conditional Class Certification and Notices.

I. FACTUAL AND PROCEDURAL HISTORY
Plaintiffs are current or former employees of Fairfield Resorts Inc., Robert W. "Bob" Nunnery ("Nunnery"), Petra Chemical & Consulting, Inc. ("PC & C"), HK Services, Inc. ("HK Services"), Mykhaylo "Mike" Sandulyak ("Sandulyak"), Kelly Kahler, Dan Carusone, Steve Sharkey, Bill Cyphers, Kingsgate Property Owners Association ("Kings-

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

475 F.Supp.2d 557
(Cite as: 475 F.Supp.2d 557)

gate"), A to Z Best Services Inc. ("A to Z"), and Governor's Green Vacation Owners Association, Inc. ("Governor's Green") (collectively "Defendants").

**\*559** Fairfield is a Florida corporation engaged in the timeshare business with its headquarters and principal place of business in Orlando, Florida. Fairfield does substantial business in the Eastern District of Virginia including particularly at its Kingsgate, Governor's Green, and Patriot Place timeshare locations. Fairfield enlisted the services of Sandulyak and Nunnery to recruit and hire immigrants to perform laundry, housekeeping, and other grounds maintenance services at Fairfield's properties in Williamsburg, Virginia. Sandulyak, operating under the name Carolina Janitorial, is a regional provider of immigrant labor that conducted business with Ambassador Hospitality ("Ambassador") and Proline Management ("Proline"), national providers of immigrant labor that are commonly owned, staffed and operated. FN2

> FN2. Genesis Management Services Corporation ("Genesis Management") and Genesis Janitorial Services, Inc. ("Genesis Janitorial"), are parent and/or sister companies of Ambassador and Proline. Genesis Management, Genesis Janitorial, Ambassador, and Proline have all been named Third-Party Defendants by Defendants Fairfield and PC & C. Subsequently, Ambassador filed a counterclaim against Defendants Fairfield and PC & C and a cross claim against Defendant Nunnery.

Before March 6, 2002, Ambassador contacted Fairfield about providing immigrant labor for its resort and hotel services. In response, Fairfield referred Ambassador to Nunnery who negotiated an agreement with Ambassador, in the name and on behalf of Fairfield. This agreement was forwarded to Fairfield's District Property Manager, Rand Gritts, who signed the agreement on receipt. The agreement provided that Plaintiffs would remain employees of Carolina

Janitorial, and thus be Carolina Janitorial's sole responsibility. Further, the agreement provided that Fairfield had no right to supervise, direct or control Plaintiffs. Through foreign visits and the internet, Sandulyak began recruiting Plaintiffs in Mongolia, Russia, Ukraine, Slovakia, America and elsewhere to provide housekeeping, grounds keeping, and other similar services to Fairfield. However, contrary to the agreement, once Plaintiffs were employed on Fairfield's premises, Sandulyak did not supervise, direct or control Plaintiffs' work. There was no Carolina Janitorial manager on premises, and Sandulyak visited Fairfield's premises only once every 1-3 months. During the relevant times, Nunnery actually supervised, directed and controlled Plaintiffs day-to-day work. This framework continued for over a year.

On April 21, 2003, Nunnery, on behalf of Fairfield, terminated the contract that existed between Fairfield and Ambassador. At that time, Nunnery, as the sole shareholder of PC & C, entered into a new contract on behalf of Fairfield whereby Ambassador continued the previous working relationship, but decreased the per worker hour compensation from $9.50 to $9.35. Business between Nunnery, PC & C, Fairfield, Ambassador, and Sandulyak continued under this agreement for approximately two years.

During the relevant time periods, Nunnery, acting on behalf of and for the benefit of Fairfield, PC & C and HK Services, supervised Plaintiffs as they provided services to Fairfield. Further, Nunnery, on behalf of the aforementioned parties, kept track of Plaintiffs weekly hours through the use of contract labor summaries, otherwise known as timecards. Nunnery forwarded these timecards, through either email or telefax, to Ambassador, Proline, Sandulyak, and Carolina Janitorial. Once received, the hours would be divided and invoiced by work areas and sent, by telefax, to PC & C.

Through HK Services, Nunnery, as sole shareholder, was also able to provide immigrant**\*560** labor

475 F.Supp.2d 557
(Cite as: 475 F.Supp.2d 557)

to Fairfield without Ambassador or Proline serving as the "middleman." Nunnery also supervised, directed and controlled the immigrants recruited through HK Services. Additionally, during this period of time, the payment hierarchy first worked as follows: Fairfield paid money for Plaintiffs' services to Nunnery, who then paid Ambassador, which paid Carolina Janitorial, who then paid Plaintiffs. However, Nunnery began withholding money, converting it for his own personal use, and failing to pay Ambassador. Accordingly, the hierarchy for payment changed as follows: Fairfield paid monies for Plaintiffs' services to Ambassador directly, who then paid Carolina Janitorial, who then paid Plaintiffs. However, even with the latter payment structure in place, Plaintiffs allege that they worked over 40 hours per week, and were not paid overtime. Plaintiffs allege that Fairfield, Nunnery and PC & C conspired with Ambassador and Proline to label Plaintiffs as "subcontractors" or "contractors" instead of "employees" so as to avoid paying overtime, and any legal liability associated with such failure to pay overtime. Plaintiffs allege further that, during this time, they were required to pay deposits to Sandulyak, Carolina Janitorial, and Nunnery as a condition of working.

On or about March 30, 2005, Ambassador sent Fairfield a new agreement that increased the hourly rate to $9.85. Ambassador proposed that Fairfield implement a new labor model by staffing with its own employees under the "H2b Visa Program" instead of using Sandulyak and Carolina Janitorial. Fairfield agreed to try the H2b Visa Program and the agreement was redrafted with a provision for another hourly rate increase to $10.50, plus overtime. Ultimately, Fairfield failed to sign the new agreement. From March 28, 2005 to May 8, 2005, Fairfield continued to use the payment structure that was in place under the old agreement. On May 9, 2005, Fairfield terminated approximately twenty-two immigrant workers, whose wages had previously been withheld by Nunnery. Further, Nunnery, on behalf of Fairfield, advised Ambassador that Fairfield would be termi-

nating their contract. However, Fairfield told Sandulyak and Carolina Janitorial that the immigrant workers had instead abandoned their positions. At this time, Fairfield allowed Nunnery, HK Services, and PC & C to take the place of Ambassador. Throughout this time, although Fairfield represented that Nunnery, HK Services, and PC & C were mere contractors, they engaged in actions and received benefits of an employee.

Shortly thereafter, Fairfield stopped utilizing the services of Nunnery, HK Services and PC & C. Fairfield enlisted and contracted A to Z, another provider of immigrant workers (operating out of New York), to recruit workers for Fairfield's various locations, including Governor's Green. As Fairfield's new "middleman," A to Z supervised, directed and controlled the daily assignments of the workers. Again, although Fairfield represented that A to Z was a mere contractor, A to Z engaged in the actions and received the benefits of an employee.

Plaintiffs allege that by February, 2006, Fairfield knowingly delayed paying the hourly wages of immigrant workers through A to Z for weeks. As a result, A to Z threatened to cause a work stoppage by the workers. Due to their strained relationship, Fairfield once again, replaced its middleman. A to Z was replaced by SCC of Miami ("SCC"). Presently, SCC funnels immigrant labor to Fairfield, specifically, Latino and/or Hispanic workers.

Plaintiffs alleges that Fairfield continues to conspire with both, A to Z and SCC to manipulate and falsify hourly rates of immigrant workers by misrepresenting the minimum wage and overtime pay for which *561 they are entitled. Plaintiffs allege that Fairfield preyed and continues to prey on the ignorance of the majority of immigrant workers who could not and still cannot speak, read or write the English language.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

475 F.Supp.2d 557
(Cite as: 475 F.Supp.2d 557)

On August 8, 2005 Plaintiffs filed their initial complaint which made reference to a class action and requested approval to send Notice and Consent forms to all potential plaintiffs of the right to file a written consent to join.[FN3] However, Plaintiffs did not file a formal motion for class certification along with a Memorandum in Support of Motion to Certify Class, until on or about March 28, 2006. On March 30, 2006, Fairfield filed a Motion to Stay Plaintiffs' Motion to Certify the Class.[FN4] On April 4, 2006, Plaintiffs filed a Memorandum in Opposition to Fairfield's Motion to Stay Plaintiffs' Motion to Certify the Class. On April 5, 2006, the Court DENIED Fairfield's Motion to Stay and directed Fairfield to file a response to Plaintiffs' Motion for Class Certification.

> FN3. Plaintiffs made reference to a class action; however, class certification must be sought by a formal motion for class certification and therefore the Court did not entertain the request until the formal motion was brought before the Court on or about March 28, 2006.

> FN4. On March 28, 2006, Fairfield filed under seal a Motion to Disqualify Counsel for the Plaintiffs because they obtained and used Fairfield's confidential attorney-client privileged information. Later that same day, Plaintiffs filed a Motion for Class Certification. Fairfield's Motion moved the Court to Stay Plaintiff's Motion for Class Certification pending the Court's decision on Fairfield's motion to disqualify counsel.

On April 19, 2006, Fairfield filed its Memorandum in Opposition to Plaintiffs' Motion to Certify a Class.[FN5] On the same date, Nunnery, Petra and HK Services also filed a Memorandum in Opposition to Plaintiffs' Motion for Class Certification. On April 26, 2006, Plaintiffs filed a Reply Memorandum in Support of Plaintiffs' Motion for Class Certification and Notices. On May 1, 2006, Plaintiffs filed a Sup-

plemental Motion for Certifications and Notices, along with a Memorandum in Support of the Supplemental Motion for Class Certifications and Notices. On May 5, 2006, Fairfield filed a Memorandum in Opposition to Plaintiffs' Motion for Supplemental Certifications and Notices. On May 18, 2006, Plaintiffs filed a Reply. On July 13, 2006, the Court held a hearing on Plaintiffs' Motion for Class Certifications and Notices. After carefully reviewing the parties' pleadings, the Court finds this matter ripe for adjudication.

> FN5. On April 18, 2006, Ambassador, Genesis Management, Genesis Janitorial and Proline ("Third Party Defendants") also filed an Opposition to Plaintiff's Motion to Certify a Class. On June 16, 2006, this Court granted Third Party Defendants' Motion to Dismiss Fairfield's Third-Party Complaint. Accordingly, Ambassador, Genesis Management, Genesis Janitorial and Proline are no longer a party to this matter.

Plaintiffs move the Court for final Class Certification of the collective claims and notices of an "opout" class under Federal Rule of Civil Procedure Rule 23 for all claims under the Racketeer Influenced and Corrupt Organization Act ("RICO") and under Virginia common law for civil conspiracy and fraud. Plaintiffs also move the Court for an "op-in" collective action under 29 U.S.C. § 216(b) (2000) for all claims under the Fair Labor Standards Act of 1938 ("FLSA"). Inasmuch as the Court has previously determined that Plaintiffs' claims under RICO and the common law claims of conspiracy and fraud are preempted by claims alleged under the FLSA, Plaintiffs' motion for a Rule 23 class action and notices is deemed MOOT and DISMISSED.[FN6] Accordingly, *562 the Court is left to consider Plaintiff's Motion for conditional certification of collective action pursuant to 29 U.S.C. § 216(b). The named Plaintiffs seek to include the following individuals in the collective action:

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

475 F.Supp.2d 557
(Cite as: 475 F.Supp.2d 557)

FN6. Moreover, although the Fourth Circuit has not directly examined whether plaintiffs seeking class certification can simultaneously avail themselves of a class action under Rule 23 and FLSA § 16(b), sister circuits and district courts in this circuit have followed the holding in *LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286 (5th Cir.1975), which held that there is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). The *LaChapelle* Court noted that Rule 23(c) provides for "opt out" class action while FLSA § 16(b) allows as class members only those who "opt in." These two types of class actions are mutually exclusive and irreconcilable. *Id.* at 288-89.

All persons who worked at Fairfield Resorts in any way through Ambassador Hospitality Solutions, Inc., Petra Chemical & Consulting, Inc. ("Petra") and/or HK Services, Inc. ("HKS") at any time since March 6, 2003, including particularly without limitation any persons who worked through Mykhaylo "Mike" Sandulyak, Carolina Janitorial, Inc. and/or Carolina Janitorial (collectively "Carolina Janitorial") since that time.

Furthermore, Plaintiffs seek to certify as two additional subclasses the following:

(1) those individuals who were charged "deposits" by HKS, Nunnery, Carolina Janitorial and/or Sandulyak as a condition of working; and; (2) those individuals whose "wages were withheld altogether in 2005" by Petra, Nunnery, Carolina Janitorial and/or Sandulyak.

## II. LEGAL STANDARD

[2][3] Section 216(b) of the FLSA explicitly

provides for the procedures for representative or class actions as follows:

An action to recover the liability prescribed [under the FLSA] may be maintained against any employer in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to [a class] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). It follows that FLSA class certification requires: (1) that the Plaintiffs in the class be "similarly situated," and (2) that the plaintiffs included in the class "opt in" by filing with the Court their consent to the suit. *See Brooks v. Bell-South Telecommunications, Inc.,* 164 F.R.D. 561, 568 (N.D.Ala.1995). Section 216(b) does not define "similarly situated" and the Fourth Circuit has yet to directly apply a standard to an examination of whether a class of plaintiffs are similarly situated within the context of FLSA. However, federal precedent has developed a two-step analysis for establishing "similarly situated" Plaintiffs and granting conditional certification in FLSA cases. *See de Asencio v. Tyson Foods, Inc.,* 130 F.Supp.2d 660, 662 (citing *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir.1995)). The first stage occurs at what is referred to as the notice stage. Here, the district court decides whether to provide initial notice of the action to potential class members. *Id.* at 662-63(citing *Mooney,* 54 F.3d at 1213-14); *see also Severtson v. Phillips Beverage Co.,* 141 F.R.D. 276, 278 (D.Minn.1992). Because the court has minimal evidence, "this determination is made using a fairly lenient standard." *Mooney,* 54 F.3d at 1213-14; *see also Sperling v. Hoffmann-La Roche, Inc.,* 118 F.R.D. 392, 400-02 (D.N.J.1988); *aff'd in part,* 862 F.2d 439, 444 (3d Cir.1988), *aff'd,* *563493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) (noting that in the

475 F.Supp.2d 557
(Cite as: 475 F.Supp.2d 557)

first stage "courts appear to require nothing more than substantial allegations that the putative class member were together victims of a single decision, policy, or plan."); *D'Anna v. M/A-COM, Inc.,* 903 F.Supp. 889, 893 (D.Md.1995). Moreover, "the district court may facilitate this notice by allowing discovery of the names and addresses of potential plaintiffs, by authorizing a notice for plaintiffs counsel to send to potential plaintiffs, or by some other appropriate action." *De Asencio* 130 F.Supp.2d at 663 (citing *Hoffmann-La Roche,* 493 U.S. at 169, 110 S.Ct. 482).

The court proceeds to stage two if the defendant files a motion for decertification, usually after discovery is virtually complete. *Id.* Accordingly, throughout the second stage, courts apply a heightened fact specific standard to the "similarly situated" analysis. *Id.* Upon a determination that the plaintiffs establish the burden of proving they are "similarly situated", the collective action proceeds to trial. *Id.* On the contrary, if the court determines that the plaintiffs are in fact, not "similarly situated", the class is decertified and the original plaintiffs proceed on their individual claims. *Id.*

## III. DISCUSSION

[4] In the instant case, the Court's concern is whether Plaintiffs meet their burden under the first stage of the "similarly situated" analysis. Defendants first argue, however, that before granting certification, the Court must determine whether Fairfield is a joint employer as to each potential Plaintiff and putative member. Specifically, Defendants contend that this issue underscores the need for a highly individualized fact-intensive examination demonstrating the inappropriateness of conditional collective certifications. Defendants also argue that Plaintiffs have failed to provide or identify any admissible factual support necessary for certification. The Court disagrees. The district court has the discretion even when the court "has minimal evidence" to grant Plaintiffs' a "conditional certification" of a representa-

tative class. *See De Asencio,* 130 F.Supp.2d at 662.

Resolution of the issues raised by Defendants, though certainly pivotal to the Court's ultimate determination of whether Plaintiffs will proceed to trial as a collective class, is not essential to 'stage one' analysis for conditional certification. As mentioned, at this stage the inquiry is necessarily limited because the exact contours of the representative class members is largely unknown. Consequently, in employing this more lenient standard, the court will consider whether the Plaintiffs are "similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined." *De Jesus De Luna-Guerrero v. The North Carolina Grower's Assoc.,* 338 F.Supp.2d 649, 654 (E.D.N.C.2004) (citing *Kearns, The Fair Labor Standards Act,* § 18.IV.D.3). Specifically, the Court will examine whether the Plaintiffs "raise a similar legal issue as to coverage, exemption, or nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical." *Id.; See also Camper v. Home Quality Management Inc.,* 200 F.R.D. 516, 520 (D.Md.2000) (holding that class actions within the FLSA require a showing that potential plaintiffs were subjected to a common policy and scheme).

The Court finds that Plaintiffs meet the requisite showing for conditional certification under the "stage one" analysis. First, as mentioned, the named Plaintiffs and putative collective action members are all persons who worked at Fairfield Resorts in any capacity through Ambassador, Petra*564 and/or HKS at any time since March 6, 2003, including particularly without limitation any persons who worked through Mykhaylo "Mike" Sandulyak, Carolina Janitorial, Inc. and/or Carolina Janitorial (collectively "Carolina Janitorial") since that time. The subclasses separate named Plaintiffs according to the particular Fairfield entity which supervised and/or managed the individual Plaintiff and whether the Plaintiff was

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

475 F.Supp.2d 557
(Cite as: 475 F.Supp.2d 557)

allegedly charged "deposits" as a condition for working or had wages withheld altogether. These distinctions do not work to subject Plaintiffs to factually distinct defenses which would work to undermine the benefit associated with collective actions, including judicial economy and efficiency by avoiding multiple lawsuits and repetitious evidence. *See Hoffmann,* 493 U.S. at 170-71, 110 S.Ct. 482 (holding that the purpose of collective actions is to serve judicial interests through resolution of a single proceeding of claims rooted in common issues of law and fact).

Again, plaintiffs seeking conditional certification need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. *See De Asencio,* 130 F.Supp.2d at 662-63; *see also Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F.Supp.2d 91 (S.D.N.Y.2003). All of the Plaintiffs allege that they were victims of Defendants' predominant policy of withholding minimum wages and overtime pay in violation of the FLSA. There is no question that, as required under the conditional certification analysis, Plaintiffs name Fairfield entities allegedly engaged in a common policy and scheme which violated the FLSA, whether done by requiring "deposits" or withholding of wages. All Plaintiffs also seek backpay for unpaid minimum and overtime wages owed to them under the FLSA. Second, the named Plaintiffs consists of over 60 individuals, all immigrant workers alleging those common violations. Third, Plaintiffs have provided the Court with Affidavits of at least one Fairfield manager suggesting a common policy affecting Plaintiffs in this case. Finally, the Court has not found that, as suggested by Defendants, there are significant individualized questions of law and facts which would compel the Court to deny conditional certification in this instant case. Therefore, Plaintiffs' Motion for Conditional Class Certification and Notices under the FLSA and subclasses is GRANTED.

IV. CONCLUSION

It is ORDERED that Plaintiffs' Motion for Conditional Class Certification and Notices under Rule 23 of the Federal Rules of Civil Procedure is DISMISSED as MOOT.

IT IS FURTHER ORDERED that pursuant to 29 U.S.C. § 216(b) a Conditional Class Certification and Notices under FLSA including subclasses, is GRANTED for the named Plaintiffs to include the following employees in the collective action:

(1) All persons who worked at Fairfield Resorts in any way through Ambassador Hospitality Solutions, Inc., Petra Chemical & Consulting, Inc. ("Petra") and/or HK Services, Inc. ("HKS") at any time since March 6, 2003, including particularly without limitation any persons who worked through Mykhaylo "Mike" Sandulyak, Carolina Janitorial, Inc. and/or Carolina Janitorial (collectively "Carolina Janitorial") since that time;

and subclasses of

(2) those individuals who were charged "deposits" by HKS, Nunnery, Carolina Janitorial and/or Sandulyak as a condition of working; and,

*565 (3) those individuals whose "wages were withheld altogether in 2005" by Petra, Nunnery, Carolina Janitorial and/or Sandulyak.

IT IS FURTHER ORDERED that the Defendants shall provide to Plaintiffs' counsel the names and last known addresses of all potential members of the conditionally certified class and subclasses within fifteen (15) days of the date of this Order;

IT IS FURTHER ORDERED that Plaintiffs' counsel shall circulate notices of pendency and consent to joinder to all potential members of the conditionally certified class and subclasses:

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

475 F.Supp.2d 557
(Cite as: 475 F.Supp.2d 557)

IT IS FURTHER ORDERED that within thirty (30) days of the date of this Order Plaintiffs' counsel shall provide the Court with a proposed form of notice to potential members to be approved by the Court;

IT IS FURTHER ORDERED that, if necessary, the parties are granted leave for sixty (60) days from the date of this Order to conduct limited discovery solely on the issue of 29 U.S.C. § 216(b) class certification; the parties shall immediately confer and stipulate to any relevant disputed facts in order to tailor the scope of and the need for discovery; and the parties shall also confer with the Court with respect to the determination of scope and parameters of such discovery;

IT IS FURTHER ORDERED that any consents to joinder in this action by which additional persons join this litigation as plaintiffs under 29 U.S.C. § 216(b) must be filed with the Clerk of the Court no later than sixty (60) days after the date of this Order or the providing to Plaintiffs' counsel by Defendants of the names and last known addresses of all potential members of the conditionally certified class and sub-classes, which ever date is later;

IT IS FURTHER ORDERED, to facilitate settlement, that the Plaintiff shall provide the Defendants with the number of unpaid overtime hours owed Plaintiffs, if known, with supporting documentation, if any, no later then December 1, 2006;

IT IS FURTHER ORDERED, that the parties shall return to another settlement conference on a date to be determined by the Court; and

IT IS FURTHER ORDERED, that the filing of all dispositive motions are STAYED until further order of this Court.

The Court DIRECTS the Clerk to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

E.D.Va.,2006.
Enkhbayar Choimbol v. Fairfield Resorts, Inc.
475 F.Supp.2d 557

END OF DOCUMENT



© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 4:13-cv-00060-R    TEM   Document 1   Filed 05/03/13    ge 1 of 13 PageID# 1

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

SHERYL T. MCCRAY

*Plaintiff*

V.

ARDELLE ASSOCIATES,
*d.b.a. Ardelle Associates, Team Infused, or*
*Team Infused/Ardelle Associates*

INFUSED SOLUTIONS, LLC,
*d.b.a. Infused Solutions, Team Infused*

JAMIE BAKER,
*Individually and as agent or employee*
*Of Ardelle Associates or Infused Solutions*

UNITED STATES ARMY RECRUITER
COMMAND,

JONAH JANCEWICZ,
*Individually and as agent or employee*
*of United States Army Recruiter Command*

JOHN DOE,
*Individually and as agent or employee*
*of Ardelle Associates Or Infused Solutions*
*or United States Army Recruiter Command*

JANE DOE
*Individually and as agent or employee*
*of Ardelle Associates Or Infused Solutions*
*or United States Army Recruiter Command*

*Defendants*

CIVIL ACTION NO: 4:13CV60

FILED

MAY - 3 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA



DEFENDANT'S
EXHIBIT
2013
Complaint

## COMPLAINT

COMES NOW, Plaintiff, Sheryl McCray, who at all times relevant herein is a citizen of the United States of America, and resident of Hampton, Virginia, and respectfully shows that:

1.      This Court has jurisdiction over defendants UNITED STATES ARMY RECRUITER COMMAND and JONAH JANCEWICZ under federal statute 28 U.S.C. § 1346. This Court has jurisdiction over defendants ARDELLE ASSOCIATES, INFUSED SOLUTIONS, LLC, and JAMIE BAKER under the Court's supplemental jurisdiction power under federal statute 28 U.S.C. § 1367 since the claims against these defendants arise from the same case or controversy under Article III of the United States Constitution as those claims against the former group of defendants.

2.      Made defendants herein are:

A.      ARDELLE ASSOCIATES, d.b.a. Ardelle Associates or Team Infused, or Team Infused/Ardelle Associates, a Virginia corporation, with its principal office at 7002 N. Little River Turnpike, Annandale, Virginia 22003, and with another business address of 344 Commerce Street, Alexandria, Virginia 22314. Its registered agent is Samuel A. Forcey, located at 7002 N. Little River Turnpike, Annandale, Virginia 22003.

B.      INFUSED SOLUTIONS, LLC, d.b.a. Infused Solutions or Team Infused, a Virginia Limited Liability Company, with its principal office at 19575

2

Tantara Terrace, #302, Leesburg, Virginia, 20176. Its registered agent is Marlon Johnson, 22636 Davis Drive, Suite 100, Sterling, Virginia 20164.

C. JAMIE BAKER, an employee and/or agent of INFUSED SOLUTIONS, LLC or ARDELLE ASSOCIATES. Employed at the office of Infused Solutions at 19575 22636 Davis Drive, Suite 100, Sterling, Virginia 20164.

D. UNITED STATES ARMY RECRUITER COMMAND, hereinafter "USAREC", a federal agency with its Headquarters address of HQ United States Army Recruiting Command, 1307 Third Avenue (RCPER-HR-SF) Fort Knox, Kentucky, 40121-2726.

E. JONAH JANCEWICZ, Non-commissioned Officer with Plaintiff and federal officer/employee/AGENT of USAREC at the Hampton USAREC location. Jancewicz is also an agent/employee of USAREC. Employed at the recruiting station with the address of 2115 Executive Drive, Suite 6A, Hampton, Virginia 23666.

F. JOHN DOE, as an agent or employee of Ardelle Associates, Infused Solutions, USAREC, or any other entity.

3

G.  JANE DOE, as an agent or employee of Ardelle Associates, Infused Solutions, USAREC, or any other entity.

3.  **COUNT ONE: DEFAMATION**

4.  Plaintiff Sheryl McCray (hereinafter "Plaintiff") was gainfully employed as a General Clerk, at the United States Army Recruiting Center in Hampton, Virginia from approximately May 15, 2012 until her removal on October 4, 2012.

5.  Defendant Ardelle Associates and/or Team Infused hired her for the position and she worked under the Command of Captain Jones and Captain Irby. Defendant Sergeant First Class Jancewicz was the non-commissioned officer in charge.

6.  Defendant Jancewicz was with her at the recruiting center in Hampton, Virginia.

7.  On or about Thursday, September 20, 2012 at approximately 2:20 PM, Defendant Jancewicz approached the Plaintiff and began yelling at her about not having to report to her what he was doing and when he was going to lunch. Defendant Jancewicz's tirade included vulgar obscenities directed at the Plaintiff.

8.  After attempting to explain the situation to Defendant Jancewicz, Defendant Jancewicz approached Plaintiff in a threatening and menacing manner, and indicated that he would be willing to physically assault the Plaintiff to settle this situation. Defendant Jancewicz also verbally assaulted Plaintiff with obscenities. In addition, he attempted to use his imposing physical size and position of authority within the office to threaten the much smaller Plaintiff.

4

9.      Defendant Jancewicz, again approached Plaintiff minutes later in a threatening and menacing manner. He again threatened Plaintiff by indicating that Plaintiff had better stop talking or else he would physically assault her. Defendant Jancewicz then threatened Plaintiff by hinting that she would be terminated from her job as a result of this incident.

10.     On or about Thursday, September 20, 2012 at approximately 3:00 PM, Plaintiff received a phone call from Captain Irby, the Commanding Officer, to inquire about the situation that had taken place between her and Defendant Jancewicz. Plaintiff explained the situation.

11.     On Monday, September 24, 2012, at approximately 11:15 AM, Plaintiff attempted to report the incident of September 20, 2012 involving Defendant Jancewicz to the proper authority. She attempted to report the incident via electronic mail to James Sprigler, a Contracting Officers Representative at the USAREC headquarters. Plaintiff's complaint concerning Defendant Jancewicz's behavior was sent to Sprigler on or about September 25, 2012.

12.     On Monday, September 24, 2012, a Sergeant Brown informed Plaintiff that Defendant Jancewicz had filed a complaint with James Sprigler concerning the Plaintiff.

13.     On Wednesday, September 26, 2012, Defendant Jamie Baker, an agent or employee, of Infused Solutions and/or Team Infused sent an electronic mail message to Plaintiff. The message indicated that Plaintiff was on a 90-day probationary period beginning that day.

The message also indicates that the incident on September 20, 2012 was discussed between the two via telephone.

14.    On Wednesday, September 26, 2012, a final warning notice was sent to Plaintiff from Defendant Baker of Infused Solutions. The warning indicated that the reason was for insubordination and unprofessional behavior. There was also an indication that any further insubordination would result in termination. The warning went on to describe plaintiff's behavior as confrontational, constant insubordination towards people at work. Further the warning claims that the Plaintiff's alleged insubordinate behavior has been previously addressed and had not improved. The warning went on to indicate that the behavior had been a problem for in excess of 90 days and was getting worse. These statements are false and are not substantiated by any documentation. Defendant Baker and/or other as yet unknown agents or employees of Defendants Ardelle Associates and/or Team Infused uttered and/or communicated these falsehoods concerning Plaintiffs.

15.    Plaintiff had never before had a previous warning about her behavior from Captain Jones, Captain Irby, Mr. Brown, or the former contractor. Her behavior or performance had never previously been documented or brought to her attention. Plaintiff had attempted to get copies of any such documentation from Ardelle Associates and/or Team Infused and also a former contractor, but none were ever supplied to Plaintiff to support these falsehoods.

6

16.     On Thursday, September 27, 2012, a final warning notice was sent via electronic mail from Defendant Baker to Plaintiff.

17.     In an electronic mail message on Friday, September 28, 2012, Defendant Baker indicated to Plaintiff that the final warning discussion was not going to be discussed and that if her behavior continued then she would be subject to termination immediately.

18.     Plaintiff requested from Defendant Baker copies of any documentation relating to her behavior at work prior to the incident on September 20, 2012.

19.     On October 4, 2012, Plaintiff received a termination notice from one Yolanda-Green-Wilson, an employee and/or agent of Ardelle Associates.  Plaintiff's termination was a clearly retaliatory act against her filing a complaint against Defendant Jancewicz and for requesting any copies of past documentation concerning her work behavior.  The notice specifically indicated that the September 20, 2012 incident was the reason for the termination.

20.     Defendant Jancewicz, maliciously and with full knowledge of its falsity or with reckless disregard for the truth, communicated a complete falsehood to his employer and/or supervisors or co-workers that Plaintiffs engaged in violence in the work place, was insubordinate, and had behaved so continuously for a period of over 90 days.  There is no documentation that supports Defendant Jancewicz's assertion.  This report was done in a retaliatory fashion against the Plaintiff due to her previous filing of a complaint.

7

21.    Plaintiff in no way engaged in any violent activity at the workplace.  There has never been any documentation or other notice given to Plaintiff concerning her behavior at USAREC, despite the warning clearly stating otherwise.  The final warning is not true and was used to terminate the employment of the Plaintiff.

22.    Defendant Jancewicz had full knowledge of the complete falsity of these claims or told it with reckless disregard for the truth.  Defendant alternatively acted with demonstrable malice in reporting this false claim to his superiors and or his principals and/or employers.

23.    Defendants USAREC, Team Infused, and Ardelle Associates failed to perform a reasonable investigation into the underlying incident, despite representing that this would be the assured response in their employment manual under Section G.

24.    The immediate commander of the office, Capitan Irby, nor the First Sergeant ever reported any violations or took any actions with Plaintiff's removal.  Defendant Jancewicz's lie proximately caused the Plaintiff to be summarily terminated from her employment without any investigation or discussion by USAREC, Ardelle Associates, or any other party.

25.    Defendant Jancewicz was acting within the scope of his employment/agency at the recruiting center when he defamed Plaintiff alleging that she had engaged in workplace violence.  As a result, the USAREC and/or Team Infused and/or Ardelle Associates, as the employers and/or principals of Defendant Jancewicz, are vicariously liable by reason of the doctrine of *respondeat superior*.

8

26.     Defendant Baker and/or other as yet unknown employees or agents of Team Infused and/or Ardelle Associates were acting within the scope of her employment/agency at Infused Solutions when Defendant Baker defamed Plaintiff regarding her prior bad record of insubordination at work.  As a result, Infused Solutions as well as Ardelle Associates, as the employers and/or principals of the defendant Baker are vicariously liable by reason of the doctrine of *respondeat superior*.  Defendant Baker communicated these falsehoods either with full knowledge of their falsity or with reckless disregard for the truth.

27.     Ardelle Associates and Infused Solutions were so interconnected and involved as to employer functions that both were the constructive employers of Plaintiff as one electronic message even referred to the two entities as "Team Infused/Ardelle Associates."

28.     Ardelle Associates and Infused Solutions were so interconnected as to operations and functions that the corporate boundaries between the two were eroded and both comprised one collective entity and that therefore Ardelle Associates and Infused Solutions are liable for each other's actions under an *alter ego* theory.

29.     Due to her termination, Plaintiff, has lost considerable wages as well as numerous and valuable federal benefits provided incident to her employment including but not limited to health insurance.  These lost wages and benefits include not only her past and present lost wages and benefits, but also her future lost wages and benefits that she would have earned for a period of twenty years but for and as the proximate result of Defendants' defamation.  These lost wages

9

and lost benefits are the proximate result of Defendants' defamation, as Plaintiff's damages were clearly foreseeable and well within the scope of the risk of the defendant's defamatory actions.

30.     Due to her termination, Plaintiff has been unable to find any gainful employment due to her termination on account of her termination being considered for just cause and on account of workplace violence.

31.     On account of her termination being considered for just cause, Plaintiff, is unable to apply for and obtain unemployment insurance compensation, to which she is otherwise entitled, from the state of Virginia.

32.     The defamatory statements that were communicated concerning Plaintiff included but were not limited to: Defendant Jancewicz's false reports/claims alleging that Plaintiff had engaged in workplace violence and had been constantly insubordinate, the reports of Defendants Ardelle Associates and/or Team Infused that Plaintiff exhibited "constant insubordinate behavior towards individuals at her work location", that Plaintiff's alleged prior bad behavior had been occurring for over 90 days, that the alleged behavior of Plaintiff had been previously addressed, and finally that Plaintiff's alleged misbehavior had not improved.  All of these statements were told with complete knowledge of their falsity or with reckless disregard for the truth.

33.     The statements concerning Plaintiff's alleged prior incidents of bad behavior at work and the statements regarding her behavior with Defendant Jancewicz were knowingly false

10

or told with reckless disregard for the truth. They were spoken, published and/or communicated to third parties with malice via oral, telephonic, and/or electronic communication. In the alternative, these defamatory statements were spoken after negligently or recklessly failing to ascertain any facts on which the statement was based.

34.     The above-mentioned false statements concerning Plaintiff are defamatory per se because they are extremely likely to cause injury to reputation, imply that she was involved in criminal behavior, imply that she is unfit to perform the duties of her job, and prejudice her in her line of employment.

35.               **DAMAGES**

Plaintiff shows that she is entitled to recover the following damages and expenses and whatever additional expenses she may incur as a result of the incident mentioned herein during the pendency of these proceedings, which as set forth as follows:

| | | | |
|---|---|---|---|
| A. | Lost wages | $ | 713,038.25 |
| C. | Attorney's fees | $ | 10,000.00 |
| D. | Pain and suffering and mental anguish | $ | 3,565,191.25 |
| | **TOTAL:** | $ | **4,288,229.50** |

36.     The above-described incident of September 20, 2012, was not caused or contributed to in any degree by Plaintiff.

11

37.     Plaintiff also respectfully requests reasonable attorney's fees and the costs of prosecuting the case, including but not limited to mileage, postage, filing fees, and other expenses, be awarded to her in this case, especially considering the reckless and wanton actions of the Defendants.

38.     Plaintiff also requests reinstatement at her prior job or at similar job at a nearby location as well as back pay for the wages she has since lost since her termination.

39.     Plaintiff further prays for $350,000 in punitive damages for the Defendants' defamation that not only resulted in the Plaintiff's termination but also has prevented her from securing any other employment on account of her termination falsely being labeled for just cause and for workplace violence.

40.     Plaintiff requests a jury trial in this matter.

**WHEREFORE, PLAINTIFF, SHERYL T. MCCRAY, PRAYS, that:**

1.     After the lapse of all legal delays and due proceedings be had, that here be judgment against Defendants, jointly, severally, and insolido and in favor of Plaintiff, Sheryl McCray, in such amounts as have been alleged before or may be proven at trial;

2.     For all legal interest from the date of injury on all amounts awarded, and for all costs of these proceedings until paid, and attorney's fees;

3.      For all necessary orders and decrees as may be required or proper in the premises and for full general and equitable relief; and

4.      This Complaint be filed with this Honorable Court and be deemed "sufficient and good."

Respectfully submitted this ___21 day of March 2013,

**Sheryl McCray**
*Plaintiff*


By Counsel

**Edgar R. Jones, Esq.**
**V.S.B. No. 24169**
**G.S.B. No. 399915**
**Law Offices of Edgar R. Jones, P.C.**
**402 Duke on Gloucester St., Suite 205**
**Williamsburg, Virginia 23185**
**Phone: (757) 564-3990**
**Fax: (757) 564-7070**
*Attorney for the Plaintiff*

13

Case 4:13-cv-00060-R   TEMCDChumGOMER SHH125/03/1   Page 1 of 1 PageID# 14

JS 44 (Rev. ...) CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Sheryl T. McCray | Ardelle Associates, Infused Solutions, LLC, Jamie Baker, United States Army Recruiting Command, Jonah Jancewicz, John Doe, Jane Doe |
| (b) County of Residence of First Listed Plaintiff   Hampton, VA  *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Fairfax County, VA  *(IN U.S. PLAINTIFF CASES ONLY)*  NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*  Edgar R. Jones, Esquire. Law Offices of Edgar R. Jones, P.C.  402 West Duke of Gloucester Street, Suite 205, Williamsburg, VA 23187  (757) 564-3990 | Attorneys *(If Known)* |

| II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)* | | III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* |
|---|---|---|

(For Diversity Cases Only)

| | | | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| ☐ 1  U.S. Government  Plaintiff | ☐ 3  Federal Question  (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place  of Business In This State | | ☐ 4 | ☐ 4 |
| ☒ 2  U.S. Government  Defendant | ☐ 4  Diversity  (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place  of Business In Another State | | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a  Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance  ☐ 120 Marine  ☐ 130 Miller Act  ☐ 140 Negotiable Instrument  ☐ 150 Recovery of Overpayment  & Enforcement of Judgment  ☐ 151 Medicare Act  ☐ 152 Recovery of Defaulted  Student Loans  (Excludes Veterans)  ☐ 153 Recovery of Overpayment  of Veteran's Benefits  ☐ 160 Stockholders' Suits  ☐ 190 Other Contract  ☐ 195 Contract Product Liability  ☐ 196 Franchise | **PERSONAL INJURY**  ☐ 310 Airplane  ☐ 315 Airplane Product  Liability  ☒ 320 Assault, Libel &  Slander  ☐ 330 Federal Employers'  Liability  ☐ 340 Marine  ☐ 345 Marine Product  Liability  ☐ 350 Motor Vehicle  ☐ 355 Motor Vehicle  Product Liability  ☐ 360 Other Personal  Injury  ☐ 362 Personal Injury -  Medical Malpractice | **PERSONAL INJURY**  ☐ 365 Personal Injury -  Product Liability  ☐ 367 Health Care/  Pharmaceutical  Personal Injury  Product Liability  ☐ 368 Asbestos Personal  Injury Product  Liability  **PERSONAL PROPERTY**  ☐ 370 Other Fraud  ☐ 371 Truth in Lending  ☐ 380 Other Personal  Property Damage  ☐ 385 Property Damage  Product Liability | ☐ 625 Drug Related Seizure  of Property 21 USC 881  ☐ 690 Other | ☐ 422 Appeal 28 USC 158  ☐ 423 Withdrawal  28 USC 157  **PROPERTY RIGHTS**  ☐ 820 Copyrights  ☐ 830 Patent  ☐ 840 Trademark | ☐ 375 False Claims Act  ☐ 376 Qui Tam  ☐ 400 State Reapportionment  ☐ 410 Antitrust  ☐ 430 Banks and Banking  ☐ 450 Commerce  ☐ 460 Deportation  ☐ 470 Racketeer Influenced and  Corrupt Organizations  ☐ 480 Consumer Credit  ☐ 490 Cable/Sat TV  ☐ 850 Securities/Commodities/  Exchange  ☐ 890 Other Statutory Actions  ☐ 891 Agricultural Acts  ☐ 893 Environmental Matters  ☐ 895 Freedom of Information  Act  ☐ 896 Arbitration  ☐ 899 Administrative Procedure  Act/Review or Appeal of  Agency Decision  ☐ 950 Constitutionality of  State Statutes |
| | | | **LABOR**  ☐ 710 Fair Labor Standards  Act  ☐ 720 Labor/Management  Relations  ☐ 740 Railway Labor Act  ☐ 751 Family and Medical  Leave Act  ☐ 790 Other Labor Litigation  ☐ 791 Employee Retirement  Income Security Act | **SOCIAL SECURITY**  ☐ 861 HIA (1395ff)  ☐ 862 Black Lung (923)  ☐ 863 DIWC/DIWW (405(g))  ☐ 864 SSID Title XVI  ☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation  ☐ 220 Foreclosure  ☐ 230 Rent Lease & Ejectment  ☐ 240 Torts to Land  ☐ 245 Tort Product Liability  ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights  ☐ 441 Voting  ☐ 442 Employment  ☐ 443 Housing/  Accommodations  ☐ 445 Amer. w/Disabilities -  Employment  ☐ 446 Amer. w/Disabilities -  Other  ☐ 448 Education | **Habeas Corpus:**  ☐ 463 Alien Detainee  ☐ 510 Motions to Vacate  Sentence  ☐ 530 General  ☐ 535 Death Penalty  **Other:**  ☐ 540 Mandamus & Other  ☐ 550 Civil Rights  ☐ 555 Prison Condition  ☐ 560 Civil Detainee -  Conditions of  Confinement | **IMMIGRATION**  ☐ 462 Naturalization Application  ☐ 465 Other Immigration  Actions | ☐ 870 Taxes (U.S. Plaintiff  or Defendant)  ☐ 871 IRS—Third Party  26 USC 7609 | |

| V. ORIGIN *(Place an "X" in One Box Only)* | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original  Proceeding | ☐ 2 Removed from  State Court | ☐ 3 Remanded from  Appellate Court | ☐ 4 Reinstated or  Reopened | ☐ 5 Transferred from  Another District  *(specify)* | ☐ 6 Multidistrict  Litigation |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2674, 28 U.S.C. § 1367
Brief description of cause:
Defamation claim and wrongful termination.

| VII. REQUESTED IN  COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION  UNDER RULE 23, F.R.Cv.P. | DEMAND $  4,638,229.50 | CHECK YES only if demanded in complaint:  JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S)  IF ANY | *(See instructions):*   JUDGE | | DOCKET NUMBER |
|---|---|---|---|

| DATE  4/21/13 | SIGNATURE OF ATTORNEY OF RECORD   Edgar R Jones |
|---|---|

FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

3S-TEM  Document 1-2   Filed 05.    13   F

Court Name: United States District Court
Division: 2
Receipt Number: 24693019395
Cashier ID: tlevinso
Transaction Date: 05/03/2013
Payer Name: LAW OFFICE OF EDGAR JONES PC

CIVIL FILING FEE
  For: LAW OFFICE OF EDGAR JONES PC
  Amount:        $400.00

CHECK
  Check/Money Order Num: 1499
  Amt Tendered: $400.00

Total Due:     $400.00
Total Tendered: $400.00
Change Amt:    $0.00

LAW OFFICE OF EDGAR JONES PC

4:13cv68

FILED

2014 OCT -8  AM 10: 11

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

BY:_____
                    D.C.

# LAW OFFICES OF EDGAR R. JONES, P.C.
### 402 DUKE OF GLOUCESTER STREET
### SUITE 205
### P.O.BOX 3696
### WILLIAMSBURG, VIRGINIA 23187

(757) 564-3990
Fax 564-7070

**April 30, 2013**

The Clerk of Court
U.S. District Court for the
  Eastern District of Virginia
Walter E. Hoffman U.S. Courthouse
600 Granby Street, 1st Floor
Norfolk, Virginia 23510

Re:  Requested Filing of Civil Case

Dear Sir or Madam:

Herewith enclosed are The Civil Cover Sheet, a check in the amount of $400.00 and six (6) Complaints.

We thank you for the filing of this case.

If there are any questions, please contact me and I will respond.

Thank you.

Sincerely,

Edgar R. Jones

ERJ/mot
Enclosures

FILED
2014 OCT -8  AM 10: 11
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____
_____ D.C.

COMMONWEALTH OF VIRGINIA
HAMPTON CIRCUIT COURT
CIVIL DIVISION
101 KING'S WAY/PO BOX 40
HAMPTON, VA 23669-0040

SHERYL T. MCCRAY,

      Plaintiff,

                                             Case No. 650CL14001589-00

v.

ARDELLE ASSOCIATES;
INFUSED SOLUTIONS; JAMIE BAKER;
JONAH JANCEWICZ;

      Defendants.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6)

      Pursuant to Federal Rule 12(b)(6), Defendant Jamie Baker ("Defendant") hereby moves this court to dismiss the Complaint of Plaintiff Sheryl T. McCray ("Plaintiff") for failure to state a claim upon which relief can be granted, as Plaintiff has not plead sufficient facts to support the elements necessary to satisfy a claim of defamation.

      A Memorandum of Law in Support of Defendant's Motion to Dismiss and a form of Order accompany this Motion.

WHEREFORE, Defendant respectfully requests this Court enter an ORDER DISMISSING Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

Dated: 10/07/2014

Respectfully submitted,

*Jamie Baker*

Jamie Baker
116 N Cypress Road
Sterling, VA 20164

FILED

2014 OCT 10  AM 11: 27

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

BY:_____D.C.

COMMONWEALTH OF VIRGINIA
HAMPTON CIRCUIT COURT
CIVIL DIVISION
101 KING'S WAY/PO BOX 40
HAMPTON, VA 23669-0040

SHERYL T. MCCRAY,

      Plaintiff,

v.

ARDELLE ASSOCIATES;
INFUSED SOLUTIONS; JAMIE BAKER;
JONAH JANCEWICZ;

      Defendants.

Case No. 650CL14001589-00

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6)**

# TABLE OF CONTENTS

STATEMENT OF THE CASE...................................................................................1

ARGUMENT....................................................................................................... 2-3

   I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6)
        FOR FAILURE TO STATE A CLAIM AGAINST DEFENDANT......................2

CONCLUSION.......................................................................................................4

CERTIFICATE OF SERVICE .................................................................................5

## STATEMENT OF THE CASE

Jamie Baker ("Defendant") worked for Infused Solutions as a program manager for the United States Army Recruiting Command (USAREC) contract and human resources specialist from March 13, 2012 until November 16, 2012. Under supervision and with approval from management, Defendant hired and terminated employees, implemented employee development plans, and assisted with benefits.

During her employment, Defendant, through Infused Solutions, was the point of contact for two hundred and forty two (242) Infused Solutions and Ardelle Associates employees on the United States Army Recruiting Command (USAREC) contract.

According to the complaint, Defendant "sent an electronic message to Plaintiff" regarding a recently instituted disciplinary action against Plaintiff. This electronic message also indicated that Plaintiff and Defendant discussed the incident that occurred on September 20, 2012 via telephone. (Complaint ¶ 13). Defendant subsequently sent "final warning notices" via electronic mail to Plaintiff. (Complaint ¶ ¶14, 16).

<u>ARGUMENT</u>

I.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE
    12(b)(6) FOR FAILURE TO STATE A CLAIM AGAINST DEFENDANT.

When written, defamation is usually referred to as libel. <u>Jordan v. Kollman</u>, 269 Va. 569,

575, 612 S.E.2d 203, 206 (2005). In Virginia, the elements necessary to establish a prima facie

case for libel are (1) publication of (2) an actionable statement with (3) the requisite intent.

The alleged defamatory statements by Defendant in the complaint fall short.

### Element (i): Publication

The first element, which requires Plaintiff demonstrate that Defendant published the

alleged defamatory statements, has not been met. The publication requirement for defamation

requires a "dissemination of the statement to a third party where that dissemination does not

occur in a privileged context." <u>Echtenkamp v. Loudon Cnty. Pub. Sch.</u>, 263 F. Supp. 2d 1043,

1061 (E.D. Va. 2003). Plaintiff has not alleged that the statements made by Defendant were

published to a third party. Plaintiff states Defendant sent her electronic messages regarding her

job performance directly. In the alternative, even if Defendant also sent the electronic messages

to others in the company, employees have a "general duty to inform management of adverse or

improper actions by fellow employees" <u>Larimore v. Blaylock</u>, 259 Va. 568, 575, 528 S.E.2d 119,

123 (2000). "It is well settled under Virginia law that "[c]ommunications between persons on a

subject in which the persons have an interest or duty are occasions of privilege," and that

"statements made between co-employees and employers in the course of employee disciplinary

or discharge matters are privileged." <u>Id.</u> Accordingly, the first element required for a claim of

defamation fails.

## Element (ii): Actionable Statement

The second element, which requires Plaintiff demonstrate that statements made by Defendant were actionable, has not been met. To be actionable, the statement must be both false and defamatory. Jordan, 269 Va. 569. "Defamatory words are those that "make the plaintiff appear odious, infamous, or ridiculous," not "[m]erely offensive or unpleasant statements." Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 922 (E.D. Va. 2004). Here, the statements included in the electronic messages to Plaintiff simply recounted her recent actions and stated the resulting disciplinary action. "A plaintiff may not rely on minor or irrelevant inaccuracies to state a claim for libel." Jordan, 269 Va. 569. Accordingly, the second element required to satisfy a claim of defamation fails.

## Element (iii): Requisite Intent

To satisfy the third element, the Plaintiff "must show that the [D]efendant knew that the statement was false, or, believing that the statement was true, lacked a reasonable basis for such belief, or acted negligently in failing to determine the facts on which the publication was based. Lewis v. Kei, 281 Va. 715, 725, 708 S.E.2d 884, 891 (2011). The Plaintiff has not alleged facts showing that the Defendant knew the statements included in the electronic messages were false. Accordingly, the third element required to satisfy a claim of defamation fails.

## CONCLUSION

Plaintiff's complaint is deficient on numerous grounds. For the foregoing reason, the Defendant's Motion to Dismiss should be granted.

Dated: 10/07/2014

Respectfully submitted,

Jamie Baker
116 N. Cypress Rd
Sterling, VA 20164

FILED

2014 OCT 10  AM 11: 27

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

BY:_____ D.C.

## CERTIFICATE OF SERVICE

As Plaintiff Sheryl T. McCray is proceeding pro se in the above entitled action, she is not registered with the ECF system and cannot be served electronically. I, Jamie Baker, certify that on 10/07/2014, a true copy of the foregoing was mailed via certified mail to the following person(s):

Sheryl T. McCray
6 Kirkwood Circle
Hampton, VA 23666

Date:  10/07/14          Signed: Jamie Baker

FILED

2014 OCT 10 AM 11: 27

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

BY:_____

# COMMONWEALTH OF VIRGINIA





HAMPTON CIRCUIT COURT
Civil Division
101 KING'S WAY/PO BOX 40
HAMPTON VA 23669-0040
(757) 727-6105

Virginia:                                     Proof of Service
In the HAMPTON CIRCUIT COURT

Case number: 650CL14001589-00
Service number: 006
Service filed: August 07, 2014
Judge: CWH

Served by: SPECIAL PROCESS SERVER
Style of case: SHERYL MCCRAY  vs INFUSED SOLUTIONS LLC
Service on: ARDELLE ASSOCIATES, INC.           Attorney: MCCRAY, SHERYL
          SAMUEL A. FORCEY,                              6 KIRKWOOD CIRCLE
          REGISTERED AGENT                               PRO -SE
          7002 N. LITTLE RIVER TURNPIKE                  HAMPTON VA 23666
          ANNANDALE VA 22003

Instructions:

Returns shall be made hereon, showing service of Summons issued Thursday, September 11, 2014 with a copy of the
Complaint filed Thursday, August 07, 2014 attached.

Hearing date   :
Service issued: Thursday, September 11, 2014

For Sheriff Use Only

# ˙FIDAVIT OF SERVIC˙

COMMONWEALTH OF VIRGINIA

In the:  **HAMPTON CIRCUIT COURT**

SERVICE OTHER THAN BY VIRGINIA SHERIFF

STATE/COMMONWEALTH OF:

VA

---

SHERYL MCCRAY

In re/V.

INFUSED SOLUTIONS, LLC

CASE NO:  <u>650CL14001589-00</u>

---

**SAMUEL A FORCEY, REGISTERED AGENT**

*ARDELLE ASSOCIATES, INC*

**7002 N LITTLE RIVER TURNPIKE, ANNANDALE, VA  22003**

is the name and address of the person upon whom service of the following is to be made.

Document   **SUMMONS issued on:**                                  9/11/2014
Served:      with a copy of the **COMPLAINT filed on:**         8/7/2014

*(FILED stamp: CIRCUIT COURT CLERK'S OFFICE CITY OF HAMPTON VA   LINDA B. SMITH, CLERK   BY:_____ D.C.   2014 OCT 16  AM 11:41)*

---

I, the undersigned swear/affirm that I am a private process server, I am not a party to, or otherwise interested in the subject matter in controversy in this case, I am 18 years of age or older, and I served as shown below, the above named person upon whom service of process was to be made with copies described above.

Date and time of service: 10/08/14 @ 12:40  AM / (PM)

Place of service if DIFFERENT than above: _____

<u>METHOD OF SERVICE:</u>   [ ]  PERSONAL IN HAND to the individual named above.

*Being unable to make personal service, a copy was delivered in the following manner:*

[✓]  ACCEPTED BY PERSON FOUND IN CHARGE of usual place of business or employment during business hours and giving information of its purport. Service accepted by:

Name:  STEPHANIE WILLIAMS   Title   COMPTROLLER w/ AUTHORIZATION TO ACCEPT

[ ]  ACCEPTED BY FAMILY MEMBER (not temporary sojourner or guest) age 16 or older at usual place of abode, a party named hereinafter after giving information of its purport, the name, age and relationship of the recipient of the party named above is as follows:

TELEPHONE: _____   FAX NO.: _____

DESCRIPTION IF REQUIRED:  F / WHITE / BROWN HAIR / 40-50 yrs / 5'4"-5'8" / 131-160 lbs

[ ]  POSTED on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

Dated:  10/08/14

ANTHONY J. STEFANO
Name of Server (Print or Type):

_J. J. Stefano_
Signature of Server

State / Commonwealth of  VIRGINIA
City / County of  FAIRFAX
Date:  10/08/14
My commission expires:  12/31/16

Subscribed and sworn to/affirmed before me this day by:
ANTHONY J. STEFANO

_____
Signature of Notary Public

*(Notary stamp: MARTHA LAZO RUIZ   COMMONWEALTH OF VIRGINIA   NOTARY PUBLIC   REG. NO. 7306400   MY COMMISSION EXPIRES 12/31/16)*

10/11/2014

375130 - 2

**Stephanie Williams**

| | |
|---|---|
| **From:** | Sam Forcey |
| **Sent:** | Tuesday, October 07, 2014 11:48 AM |
| **To:** | Stephanie Williams |
| **Subject:** | Legal Paperwork |

Stephanie, this email authorizes you to accept the legal document from Hester Legal Services. I was told that they would be by the office either later today or first thing in the morning.

Sam Forcey

1

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF HAMPTON

|  |  |  |
|---|---|---|
| SHERYL T. McCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No.: CL: 14-1589 |
| ARDELLE ASSOCIATES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT JAMIE BAKER'S DEMURRER.

I, Sheryl T. McCray ("Plaintiff"), appearing *pro se* before this Court in this matter, respectfully submit this Motion for the Court to deny Defendant Jamie Baker's Demurrer.

In support of this Response, I am submitting the following:  1. Affidavit under oath by me (Exhibit A), 2. Order Vacating Judgment (Exhibit B) 3.  Copy of e-mail stating  Infused Solutions is new contractor/employer (Exhibit C) 4. Copy of e-mail from Team Infused/Ardelle Associates recruiter (Exhibit D) 5.  Copy of e-mail referencing OPSEC form (Exhibit E). 6. Copy of e-mail discussing Employee Warning Notice and my disagreement with Notice (Exhibit F), 7.  Copy of e-mail to Defendant Jamie Baker and courtesy copy to Yolanda-Green Wilson (Exhibit G), 8.  Copy of e-mail to me from Defendant Jamie Baker acknowledging that I refused to sign employee notice (Exhibit H), 9. Copy of e-mail to me from Defendant Jamie Baker in reference to my timesheet (Exhibit I), 10.  Copy of e-mail from me to Defendant Jamie Baker requesting documentation to support the Final Warning/Probation Notice (Exhibit J), 11.  Copy of e-mail from Defendant Jamie Baker refusing to discuss my request for documentation (Exhibit K), 12.  Probation Notice/E-mail Instructions (Exhibit L)  13.  Termination Notice (Exhibit M)

1

14. Defendant Baker's Response (Exhibit N)  15.   Team Infused/Ardelle Associates' Workplace Violence Policy (Exhibit O)

## INTRODUCTION

1. I did file this same action herein in the United States District Court for the Eastern District of Virginia, Newport News Division. The U.S. District Court did enter an Order on January 31, 2014, dismissing Defendant "Ardelle" but this was not a final judgment. Claims against the United States Army Recruiting Command (USAREC) and Defendant Jonah Jancewicz (former Army Sergeant First Class) had not been resolved. Defendant Jamie Baker has omitted the Order Vacating Judgment on 5 February 2014. Defendant Jamie Baker was reinstated to the federal action due to errors by the Court. (Exhibit B)  The Court's Order of Dismissal of 26 March 2014 would become final in (14) days.  On 17 April 2014, the Court declined jurisdiction and the entire action was dismissed without prejudice. (Defendant's Exhibit 1)

2. Defendant Baker's statements in reference to my complaint against Huntington Ingalls are irrelevant, prejudicial, and should be ignored. Defendant Baker is attempting to raise doubt about my credibility and create a diversion from this case.

## BACKGROUND INFORMATION

3. I was hired by Softec Solutions (contract company) to work as an employee at the U.S. Army Recruiting Command (USAREC) in Hampton, VA in May 2012. Infused Solutions (subcontractor for Ardelle Associates) replaced Softec Solutions in July 2012 and became the new contractor/employer. (Exhibit C)  Ardelle Associates and Infused Solutions comprise one entity known as Team Infused/Ardelle Associates. (Exhibit D )

2

4.     On 20 September 2012, at approximately 2:20 pm, Defendant Jonah Jancewicz (former Army Sergeant First Class) approached me in a threatening and menacing manner and we engaged in an argument.   Defendant Jancewicz indicated that he would be willing to physically assault me to settle this situation.     In addition, he attempted to use his imposing physical size and position of authority within the office to threaten me.     Defendant Jancewicz's tirade included vulgar obscenities directed at me.   Defendant Jancewicz, again approached me minutes later in a threatening and menacing manner.  He again threatened me indicating that I had better stop talking or else he would physically assault me.  Defendant Jancewicz then threatened me by hinting that I would be terminated from my job as a result of this incident.

5.     On or about Thursday, September 20, 2012 at approximately 3:00 PM, I received a phone call from Captain Jack Irby, company commander, to inquire about the situation that had taken place between me and Defendant Jancewicz.   I explained the situation.   Captain Irby asked me who my supervisor was and I told him it was Yolanda Green-Wilson (Team Infused/Ardelle Associate's recruiter).   I also called Yolanda Green-Wilson to inform her of the incident.   Capt Irby told me not to come to work on Friday, September 21, 2012.

6.     On Monday, September 24, 2012, First Sergeant Christopher Brown informed me that Defendant Jancewicz had filed a written statement with James Sprigler the Contracting Officer Representative (COR) concerning the incident of September 20, 2012.  1Sgt  Christopher Brown told me that I should also file a written statement with James Sprigler.   On September 24, 2012, at approximately 11:15 am, I attempted to report the incident of September 20, 2012 involving Defendant Jancewicz via electronic e-mail to James Sprigler (COR) at USAREC headquarters. My written statement  concerning Defendant Jancewicz's behavior was sent to James Sprigler on or about September 25, 2012.

3

7.    On September 25, 2012, Defendant Jamie Baker e-mailed me to inform me that (Ardelle Associates) notified Defendant Jamie Baker that I had not signed the OPSEC form (Operational Security Agreement). (Exhibit E)   I should have signed this form when I completed the initial hiring paperwork in July 2012 but was not aware of the OPSEC form until September 2012. This was the first time Defendant Jamie Baker communicated with me.   I was unaware that Defendant Jamie Baker was the supervisor and program manager for the USAREC contract.   I had always communicated with Yolanda Green-Wilson (Ardelle Associates Recruiter) and assumed that she was the supervisor. (Exhibit A Para 8)     As administrator of the contract, Defendant Jamie Baker should have made initial contact with me by personal appearance, telephone, or e-mail when Infused Solutions took over the USAREC contract.

8.    On September 26, 2012, Defendant Jamie Baker called me and was very upset because James Sprigler  (COR) had "chewed her out."   Defendant Jamie Baker was angry with me. Defendant Baker believed that I should have told her about the events of 20 September 2012. (Exhibit A Para 9)   Defendant Jamie Baker continued by alleging that Lisa Barcelona (former contractor recruiter of Softec Solutions) had warned me about my behavior.   I denied any knowledge of these allegations.   I asked Defendant Jamie Baker for specifics about what she was referring to including names, dates, times, etc.   Defendant Jamie Baker told me that she did not have to give me names, dates and times.   Defendant Jamie Baker told me that she was going to do "what was best for the company." Defendant Jamie Baker told me that she was placing me on probation for 90 days.

9.    On 26 September 2012,   I received a phone call from Defendant Baker's supervisor (Akbar Masood).  He placed me on speakerphone so that Defendant Baker could also hear the conversation.  Akbar Masood told me that if there are any issues at work I should discuss them

4

with Defendant Baker, not anyone from Army Recruiting.   I asked  Akbar Masood about any documentation referencing my performance and/or behavior from the previous contractor Softec Solutions (Lisa Barcelona recruiter).  He told me that he did not know anything about it; but it may have been discussed verbally.

10.   On 26 September 2012, Defendant Jamie Baker e-mailed me an Employee Warning Notice.   This notice outlined instructions  on the 90-day probation and my timesheet.  The e-mail states, "any issues at the work location should be discussed with Defendant Jamie Baker." In this same e-mail, I told Defendant Baker that I would not sign the probation notice because I was not in agreement with the notice. (Exhibit F)  I e-mailed Defendant Baker a copy of the e-mail conversation between  James Sprigler (COR) and me and courtesy copied Yolanda Green-Wilson to ensure that she (Green-Wilson) was aware of the communication. (Exhibit G)

11.   On 27 September 2012, Defendant Jamie Baker e-mailed me again stating that she had not received my signed employee warning notice. (Exhibit H).  I had already told  Defendant Jamie Baker that I would not sign the notice and why I would not sign the notice. (Exhibit F) On 28 September 2012, Defendant Jamie Baker sent me a harassing e-mail in reference to my timesheet.  My timesheet had never been an issue until 26 September 2012.  (Exhibit I)  On 28 September 2012, I asked Defendant Baker for documentation to support her claims in reference to the Employee Warning Notice. (Exhibit J)        Defendant Baker did not answer me and she intentionally deleted my email request for the documentation.  Defendant Jamie Baker told me "This conversation is not up for discussion." (Exhibit K)

12.   On 26 September 2012, Defendant Baker e-mailed me a Final Warning Notice placing me on probation for 90-days.  The reason for the probation was that I  had been "confrontational, insubordinate, and rude to customers for over 90-days and my behavior was not improving."  I

refused to sign the probation notice.   Defendant Jamie Baker told me that Captain Irby would need to sign the notice.  Captain Irby did sign the notice; Captain Irby is a third party and not an employee of Infused Solutions. (Exhibit L)

13.    On 4 October 2012, Yolanda-Green Wilson e-mailed me a termination notice stating that I had violated the company's workplace violence policy.    This notice states that 1Sgt Christopher Brown would escort me out of the facility.   1Sgt Christopher Brown did escort me out of the facility; 1Sgt Christopher Brown is a third party and not an employee of Team Infused/Ardelle Associates.  (Exhibit M)

## ARGUMENT

## STATUTE OF LIMITATIONS

14.    Defendant Baker alleges that I am prevented from filing my case in this court under the Virginia non-suit statute.  Defendant is incorrect as to the applicable statute.  The correct statute is section 8.01-229 (E) (1) which states:

> Except as provided in subdivision 3 of this subsection, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

15.    The first action against me (Defamation/Probation) occurred on 26 September 2012 and the second action (Defamation/Unlawful Termination) occurred on 4 October 2012. This case was originally filed on 3 May 2013 in federal court and was dismissed without prejudice on 17 April 2014. The Statute of Limitations tolled during this time.   Therefore, I had 180 days remaining to file my action in state court.   I had until 13 October 2014 to file my complaint in this court. I filed my complaint on 7 Aug 2014. Therefore, I complied with the relevant statutes.

6

## DEFAMATION

In *Larimore v. Blaylock* 528 S.E. 2d 119 (Va 2000)
communications between persons on a subject in which the persons have an interest or duty are occasions of privilege; however, the privilege attaching to such occasions is a qualified privilege which may be defeated if plaintiff proves that the defamatory statement was made maliciously.

In *Echten v. Loudon Co. Pub. Schs*, 263 F Supp. 2d 1043, "Under Virginia law of defamation, privilege is qualified and is lost if plaintiff proves by clear and convincing evidence that defamatory words were spoken with common-law "malice," i.e., behavior actuated by motives of personal spite , or ill-will, independent of occasion on which communication was made.
To avoid qualified privilege in defamation action under Virginia law, plaintiff must show that allegedly defamatory communication was actuated by some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure

In *Cashion v. Smith*    749 s.e. 2d 526, 533 (Va 2013)
The question of whether a defendant has lost or abused the privileges is a question of fact for the jury.

16.     In Defendant Baker's response/memorandum of law in federal court, she states that "It is well settled under Virginia law that "[c]ommunications between persons on a subject in which the persons have an interest or duty are occasions of privilege," and that "statements made between co-employees and employers in the course of employee disciplinary or discharge matters are privileged." (Exhibit N p.2 para 2)   Captain Jack Irby is not a co-employee of Defendant Baker's and   he is employed by the Department of Defense (DOD).   Further, Defendant Baker's statements were spoken and/or written with malice.  When I did not sign the probation notice, she retaliated against me and recommended to Ardelle that  I be terminated therefore, qualified privilege is lost.

17.     Defendant Baker's statements are conflicting and she is contradicting herself.  In her response/memorandum of law, she accepts the role as employer for the benefit of "qualified privilege." (Exhibit N p.2 para  2)   In the demurrer, Defendant Baker continues to deny being

7

the employer.   In an electronic message to all company commanders, James Sprigler (COR) confirms that all administrative assistants work for Infused Solutions for this contract.   (Exhibit C Para 1)   The electronic message from Yolanda Green-Wilson (Ardelle recruiter) identifies the paperwork that I need to sign for the new contractor(s) as "Team Infused/Ardelle Associates hire paperwork"   (Exhibit D)   If Defendant Baker is not the employer and I did not work for her, then   she did not have the authority to discipline me.   (Exhibit L)   My behavior and/or performance would not have been of concern to her.   Therefore, my statements satisfy the publication requirement of defamation.

18.      Defendant Baker is inaccurate by stating, "Plaintiff alleges that on September 20, 2012 she received a call from James Sprigler." (P. 3 Para 1)   I received a phone call from Captain Irby. (Complaint Para 10)   I only communicated with James Sprigler by e-mail.   Defendant Baker  is insinuating that  I reported defamatory information to James Sprigler. (P. 3) This is inaccurate and Defendant Baker is deliberately misconstruing what  I have claimed.   I e-mailed James Sprigler a copy of my written statement which describes the incident that occurred between Defendant Jancewicz and me.   1Sgt Christopher Brown suggested that I   should e-mail my written statement to James Sprigler and I did.   Defendant Baker had knowledge of the incident and received a copy of my statement and SFC Jancewicz's statement. (Exhibit F)   As the (COR) for the USAREC contract, James Sprigler (COR) did share this information with her. Defendant Baker never provided me  a copy of Defendant Jancewicz's written statement.

19.      Defendant Baker states that I fail to show that her communications were false and/or defaming. (P.5 Para 2)   The e-mails are not defaming but Defendant Baker shared a copy of the Probation Notice with Captain Irby, an employee of USAREC whose duties did not include personnel matters.  Captain Irby is not an employee of Infused Solutions or Ardelle and is a third

8

party. This notice states that I was "confrontational, insubordinate and rude to customers." She further states that this has been an "issue for over 90 days and appears to be getting worse." (Exhibit L). Even if this was true, then it is questionable as to why Defendant Baker and Team Infused/Ardelle Associates Inc. would allow this behavior to continue for over 3 months. If my behavior has been an issue for over 90 days, then it is questionable as to why Team Infused/Ardelle Associates Inc. would have hired me when they took over the contract in July 2012. I asked Defendant Baker for documentation to support her claims against me but I never received anything. Defendant Baker stated that she gave me a final warning but I never received a first or second warning. (Exhibit L)

20.    Defendant Baker states that "Plaintiff fails to address how each individual learned of the purported "false allegation," other than e-mails which were first generated by the Plaintiff herself to James Sprigler, who was not her employer." (P.6 Para 2) It does not matter how Defendant Baker and each individual learned of the purported "false allegations." What does matter is that Defendant Baker made false statements, she knew that the statements were false, she shared these false statements with a third party and it resulted in me being terminated.

21.    Defendant Baker states  "Plaintiff first generated e-mails to James Sprigler, a Contracting Officer Representative, who is not her employer, regarding the purported incident with Defendant Jancewicz." Defendant Baker asserts that it is the "Plaintiff's own hand that commenced publishing to parties outside of her employment with "Ardelle" regarding the incident involving Defendant Jancewicz." (P. 6 Para 3)

22.    James Sprigler was the point of contact for USAREC for reporting incidents that occur with contractors.  My written statement to James Sprigler did not contain defamatory information. I have stated repeatedly, that I did communicate with James Sprigler, (a third party)

9

by e-mail but none of the information contained defamatory statements.  Further, I have never stated that the e-mail exchange between me and Defendant Baker contained defamatory information.  I have been very clear in stating that the Probation Notice and Termination Notice contained defamatory information. (Exhibits L, M )

23.   Defendant Baker took action against me because she wanted to satisfy the client. (USAREC).  Defendant Baker retaliated against me because I submitted a written statement to James Sprigler. (Exhibit F)   She stated to me that she was going to do "what was best for the company."   Defendant Baker was angry with me and retaliated against me by placing me on probation.   Defendant Baker's   statements concerning my alleged prior incidents of bad behavior at work were false and were stated with reckless disregard for the truth.  They were spoken, published and/or communicated to third parties with malice via oral, telephonic, written and/or electronic communication.  In the alternative, these defamatory statements were spoken after negligently or recklessly failing to ascertain any facts on which the statements were based. No investigation was conducted.

24.   I told Defendant Baker the  statements contained  in the Probation notice had never been discussed with me.  I had no knowledge of any "alleged bad behavior" because no one had ever discussed any performance and/or behavior issues with me. (Exhibit F)     I asked for documentation to support the statements and Defendant Baker deleted my request and did not want to discuss it. (Exhibit J, K)

25.   I was terminated on 4 October, 2012 but was still on probation. (Exhibit M).  I did not violate the probation therefore, I should not have been terminated.  Defendant Baker stated in her response in federal court that she was authorized to terminate employees. (Exhibit N p.1) But she did not terminate me, instead Yolanda-Green Wilson (Ardelle Recruiter) did. (Exhibit

M) Defendant Baker knew that she could not terminate me because she had no supporting documentation. As the subcontractor for the contract, I believe Defendant Baker recommended that the main contractor (Ardelle) terminate me.

26.     In the termination notice, Team Infused/Ardelle Associates has identified me as an employee engaging in "workplace violence." If this is true, I should have been immediately fired or removed from the premises. I would have been considered a danger to Army employees and customers. I was authorized to return to the work location for two weeks before being terminated.    Since the incident of 20 September 2012 was never investigated under Team Infused/Ardelle Associates workplace violence policy, their own inaction would prove that the statements were false. They did not comply with their workplace violence policy and investigate this incident. (Exhibit O)

27.     I stated that Defendant Jancewicz "approached me in a threatening and menacing manner and indicated that he would be willing to physically assault me" twice but Defendant Baker and Team Infused /Ardelle Associates chose not to investigate the incident. (Complaint P. 3 Para 1,2)    I was not allowed to return to my work location the day after the incident. Defendant Baker did not contact me nor did anyone from Team Infused/Ardelle Associates. I worked in a male dominated environment but Defendant Baker and Team Infused/Ardelle Associates still chose not investigate. This termination notice was shared with 1Sgt Christopher Brown. He escorted me out of the facility as if I had engaged in criminal behavior. Defendant Baker placed me on probation; Team Infused/Ardelle Associates terminated me.    The termination notice does not mention anything about  me being "confrontational, insubordinate, and rude to customers"  because Team Infused/Ardelle Associates knew that these statements were not true. Instead, I am identified as "violent" but there are no specifics as to how I was

11

violent on 20 September 2012.

28.     Defendant Baker attempts to separate herself and Infused Solutions from Ardelle Associates on (P. 9 and 10.)  However, Defendant Baker and Team Infused/Ardelle Associates cannot collaborate to discipline an employee for the benefit of the company and then separate themselves from each other when a lawsuit is being filed.  This termination notice confirms that Team Infused/Ardelle Associates operates as one collective entity.  (Exhibit M)

## RES JUDICATA/COLLATERAL ESTOPPEL

29.     I was employed and subsequently terminated by Team Infused/Ardelle Associates. The Final Dismissal Order was entered without prejudice. (Defendant's Exhibit 1)  Even if Defendant Baker statements in regards to Ardelle Associates being dismissed were true, Defendant Baker has not been absolved from this action.     Defendant Baker's misstatement of the law and misinterpretation of the facts dispels her statement that this lawsuit is frivolous and sanctionable.

## WRONGFUL TERMINATION

30.     Defendant Baker states that she "would be a mere witness who received, but did not publish to third parties, purported defamatory statements." (P. 13, Para 1)  But she initiated all actions against me which resulted in my termination.  Defendant Baker gave me a final warning but never gave me a first or second warning.   (Exhibit L)  Although I asked her for documentation to support my alleged "bad behavior," she never provided anything.   Defendant Baker deleted my request for supporting documentation and told me that the "conversation is not up for discussion." (Exhibit J, K)  I never received a copy of Defendant Jancewicz's written statement to James Sprigler (USAREC COR).   I was terminated but I did not violate the probation.   Defendant Baker placed me on probation without investigating the incident.  Team Infused/Ardelle Associates Inc.  terminated me and both companies comprise one entity.

12

Therefore, for those reasons and because no investigation was conducted I was not given due process under Team Infused/Ardelle Associates policy and procedures.    Therefore, my wrongful termination claim against Defendant Baker should survive.

## CONCLUSION

I have complied with all applicable statutes when filing this action.    I have been consistent with my claims since I initially filed in U.S. District Court.  I have provided factual statements that support my claims of defamation.    Defendant Baker is attempting to misconstrue what I have stated.  I have provided evidence to support my claims.  Defendant Baker stated that I was "confrontational, insubordinate, and rude to co-workers/customers for over 90 days." (Exhibit L)    The termination notice stated that I "engaged in workplace violence."  (Exhibit M) These statements were false and communicated to a third party. Defendant Baker has not provided any evidence rebutting my claims that there were false statements made with malicious intent.    Defendant Baker's arguments regarding Res Judicata/Collateral/Estoppel and Wrongful Termination are incorrect.

Due to the foregoing, I request that Defendant Baker's Demurrer be denied.

Respectfully submitted this _28th_ day of October 2014.

Sheryl T. McCray,
*Plaintiff, appearing pro se*

13

## CERTIFICATE OF SERVICE

I, Sheryl T. McCray, hereby certify that on this _28th_ day of October 2014, a true and correct copy of Plaintiff's Response to Defendant Jamie Baker's Demurrer was Hand Delivered or sent by U. S. Mail with postage prepaid thereon to the following:

John E. Carter, Esq.
4103 Chain Bridge Road, #101
Fairfax, VA  22030

SHERYL T. MCCRAY, Plaintiff
6 Kirkwood Circle
Hampton, VA  23666

FILED

2014 OCT 28  PM 2: 12

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

BY:

14

<u>AFFIDAVIT</u>

COMMONWEALTH OF VIRGINIA      )
                                     ) ss.

CITY OF HAMPTON                     )

I, Sheryl T. McCray, being of sound mind and body do hereby swear and attest to the following:

1)      I filed a Civil Action No.: CL: 14-1589 in the Circuit Court of City of Hampton based on actions against me (specifically defamation) by Jamie Baker (Defendant former Infused Solutions employee) listed therein.

2)      Throughout the above referenced complaint, I believe my former attorney was specific in spelling out the issues that transpired surrounding my removal from employment and the period between May 15, 2012 and October 04, 2012.

3)      All of the allegations presented in said Civil Action are based on actual events and on actions of individuals/organizations so mentioned.

4)      This affidavit addresses just some of the issues included but not limited to raised in the Response to Defendant's Infused Solutions Demurrer and Memorandum of Law.

5)      I was hired to work at the U. S. Army Recruiting Command (USAREC) in May 2012. I worked for Lisa Barcelona former employee/recruiter of previous contractor (Softec Solutions), Captain Jennifer Jones (former USAREC commander) and First Sergeant (1Sgt) Christopher Brown until July 2012. During this time, no performance and/or behavior issues were ever discussed with me.

6)      In July 2012, Infused Solutions obtained the contract for USAREC and Captain Jack Irby became the commander. Captain Jack Irby and 1Sgt Christopher Brown never discussed any performance and/or behavior issues with me.

*Exhibit A*
1

7)    On 20 September 2012, Sergeant First Class (SFC) Jonah Jancewicz approached me in a threatening and menacing manner and we engaged in an argument.   I called Yolanda Green-Wilson (Ardelle Associates Recruiter) and told her about the argument.   Capt Jack Irby did not allow me to return to the work location until 24 September 2012.

8)    On 25 September 2012, Defendant Jamie Baker e-mailed me.  She told me that Ardelle Associates notified her that I had not signed the OPSEC (Operational Security Agreement) form. This was the first time Defendant Baker had ever communicated with me and I did not know that she was my supervisor.

9)    On 26 September 2012, Defendant Baker called me and was angry.  Defendant Baker believed that I should have told her about the events of 20 September 2012.  I did not inform her because as stated in (para 8) I did not know that she was my supervisor.

10)    On 26 September 2012, I was placed on Probation for 90 days by Defendant Baker for being "confrontational, insubordinate and rudeness to customers/coworkers".   The Probation notice stated that this was my final warning eventhough I never received any previous warnings.   When I requested by e-mail copies of documentation to support the Probation, Defendant Baker deleted my request.

11)    On 4 October 2012, I was terminated from employment by Team Infused/Ardelle Associates for "workplace violence."

12)    Team infused/Ardelle Associates' Company handbook states that "The Company will promptly and thoroughly investigate all reports of threats of (or actual) violence." No investigation was ever conducted.

2

FURTHER AFFIANT SAITH NOT

Sheryl T. McCray

The foregoing instrument was subscribed and sworn before me this 2 day of October , 2014, by Sheryl T. McCray

Theresa P. Branch
Notary Public

My commission expires 9-30-2017

THERESA P. BRANCH
NOTARY
PUBLIC
REG. #363862
MY COMMISSION
EXPIRES
9-30-2017
COMMONWEALTH OF VIRGINIA

FILED
2014 OCT 28 PM 2: 13
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY: _____

3



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

SHERYL MCCRAY,

        **Plaintiff,**

  v.

                                    **ACTION NO. 4:13cv60**

ARDELLE ASSOCIATES, et al.

        **Defendants.**

## ORDER VACATING JUDGMENT

On January 31, 2014, the court entered an Order, which dismissed Defendant Ardelle Associates by granting its Motion to Dismiss. The January 31, 2014, Order also dismissed Defendants Infused Solutions, LLC, Jamie Baker, and Jonah Jancewicz without prejudice pursuant to Fed. R. Civ. P. 4(m) because of Plaintiff's failure to timely serve them.

Immediately after entry of the January 31, 2014, Order, the court received from Plaintiff a filing in which she requested additional time to serve Defendants. Plaintiff explains that she did not ever receive a copy of the August 23, 2014, Order, which had advised her that some Defendants were not served. She attached a letter that had been sent to her by her former counsel, in which he stated that <u>all</u> Defendants had been served. Thus, Plaintiff claims that she was not aware that Defendants had not been served

*Exhibit B*

until she received the court's subsequent November 12, 2013, Order, which granted her an additional thirty-day extension of time to serve the unserved Defendants. Plaintiff states that in response to this Order, she requested that summons be issued, but that issuance was delayed. Once Plaintiff received the summons, she attempted service promptly. For these reasons, the court believes Plaintiff should be afforded additional time to serve the still unserved Defendant, Jamie Baker, and that Defendants Infused Solutions, LLC, and Jonah Jancewicz should not have dismissed from this action pursuant to Fed. R. Civ. P. 4(m).

Accordingly, the court **GRANTS** Plaintiff an additional thirty-day extension of time to serve Defendant Baker. The court further **VACATES** the Judgment entered by the Clerk on February 3, 2014, and vacates the portion of the January 31, 2014, Order that dismissed Defendants Infused, Baker, and Jancewicz. The Clerk is **DIRECTED** to reinstate these Defendants as parties to this action and to reinstate Infused's Motion to Quash as an active motion.[1] The portion of the January 31, 2014, Order that granted Defendant Ardelle's Motion to Dismiss remains in effect.

---

[1]If Infused wishes to rely on the Motion to Quash, it may file a reply brief in support of the Motion to Quash within seven (7) days of the date of this Order Vacating Judgment. If Infused wishes to withdraw the Motion to Quash, it should notify the Clerk of its withdrawal and file responsive pleadings to Plaintiff's Complaint within twenty-one (21) days of the date of this Order Vacating Judgment.

The Clerk is DIRECTED to send a copy of this Order to Plaintiff, Defendant Jancewicz, and counsel for Defendants.

IT IS SO ORDERED.

/s/

Rebecca Beach Smith
Chief
United States District Judge

February 5 , 2014

FILED
2014 OCT 28 PM 2: 13
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____
D.C.

Jones, Jennifer D CPT MIL USA TRADOC USAREC

| | |
|---|---|
| From: | Sprigler, James O Mr CIV USA TRADOC USAREC |
| Sent: | Friday, June 15, 2012 4:31 PM |
| To: | (Company Commander-ALL) |
| Cc: | Stubeda, Martin J Mr CIV USA TRADOC USAREC; Moore, Judy K Mrs CIV USA; Leonard, Robert E LTC MIL USA TRADOC USAREC |
| Subject: | New Admin Asst contract company start date  (UNCLASSIFIED) |
| Signed By: | james.sprigler@us.army.mil |
| Importance: | High |

Classification: UNCLASSIFIED
Caveats: FOUO

Commander's,

Just a short note to let you know that effective 1 July 2012 the current admin asst contract company (Softec) is being replaced by a new contract company called Infused Solutions. Please share this information with your admin assistant's as soon as possible in order to help avoid the "who do I work for confusion".

The below email was sent out by Infused Solutions to all admin assts. USAREC's email system bounced many of these notifications back to the sender for some unknown reason. Need to ensure all admin assts receive this notification in a timely manner.

I will be providing you with the new contract Performance Work Statement hopefully by Friday, 22 June, 2012 in order for you to review and field any questions or concerns that you may have.

As always I am here to support you.

v/r


James O. Sprigler, GS
Contracting Officers Representative
Headquarters USAREC
DSN 536-0324
Telephone (502) 626-0324
Fax (502) 626-0785
james.sprigler@usarec.army.mil


Subject: USAREC - Infused Solutions July 1, 2012 Contract Begins

Attention USAREC Administrative Assistants:

*The USAREC Administrative Support contract with Infused Solutions is scheduled to begin on July 1, 2012.  * We will be sending additional paperwork that must be completed as soon as possible.

1

*Exhibit C*

Please check your e-mail frequently, so the paperwork can be completed and
sent back to us immediately.
If you have not received an e-mail with additional paperwork as of Tuesday,
June 19, 2012 at 5:00PM please send us an email.

We appreciate your cooperation in ensuring the transition to Infused
Solutions goes smoothly.
We look forward to working with you!

Team Infused

Classification: UNCLASSIFIED
Caveats: FOUO

Classification: UNCLASSIFIED
Caveats: FOUO

FILED
2014 OCT 28  PM 2: 13
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY: _____

**Mccray, Sheryl T Ms CTR USA TRADOC USAREC**

| | |
|---|---|
| From: | scoleman64@cox.net |
| Sent: | Wednesday, July 04, 2012 5:11 PM |
| To: | Mccray, Sheryl T Ms CTR USA TRADOC USAREC |
| Subject: | Fwd: FW: Team Infused/Ardelle Associates hire paperwork - |
| Attachments: | Sheryl McCray-offer.doc; Term Sheet.McCray.Sheryl.doc; Background Check Request.doc; CAC Card Request.doc; Direct Deposit Form1.doc; WELCOME.doc |

Importance:        High


> From: Yolanda Green-Wilson <YGWilson@ardelle.com>
> To: "scoleman64@cox.net" <scoleman64@cox.net>
> Subject: FW: Team Infused/Ardelle Associates hire paperwork -
> Date: Tue, 3 Jul 2012 18:26:05 +0000
>
>
>
> From: Yolanda Green-Wilson
> Sent: Tuesday, July 03, 2012 1:19 PM
> To: Sheryl.mccray@usarec.army.mil
> Subject: FW: Team Infused/Ardelle Associates hire paperwork -
> Importance: High
>
>
>
> From: Yolanda Green-Wilson
> Sent: Tuesday, July 03, 2012 11:01 AM
> To: 'sheryl.t.mccray@usarec.army.mil'
> Subject: Team Infused/Ardelle Associates hire paperwork -
> Importance: High
>
> Hello Sheryl,
>
> Attached is the paperwork that is needed immediately.  Please complete this paperwork and
> return by 1:00PM today.  A second email will follow with other hire paperwork.  Please if you
> can return that paperwork by Friday, July 8, 2013. It would be greatly appreciated.
>
> Yolanda Green-Wilson
> Recruiter
>
> Ardelle Associates
> 344 Commerce Street
> Alexandria, VA 22314
> 703-518-9960 (voice)
> 703-518-9965 (Fax)
>
> www.ardelle.com<http://www.ardelle.com/>
>
>

*Exhibit D*

Cox High Speed Internet WebMail

| From: | Jamie Baker <jbaker@infusedsolutions.com> |
| Date: | Tuesday, September 25, 2012 11:25 AM |
| To: | scoleman64@cox.net |
| Subject: | OPSEC Agreement Form - McCray URGENT |
| Size: | 44 KB |
| Attachments: | OPSEC Individual User Compliance Agreement.doc (39.7 KB) |

Ms. McCray,

I was notified by Ardelle today that you have not signed your OPSEC form and returned to them. Please sign the form and return immediately through fax or e-mail. If you send it through e-mail please CC me so I can confirm you have sent the document with Ardelle.

Thanks,

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-265-0153

FILED

2014 OCT 28 PM 2: 13

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY: _____
D.C.

Exhibit E

Date: Thursday, September 27, 2012 9:10 AM
From: Mccray, Sheryl T Ms CTR USA TRADOC USAREC <SHERYL.MCCRAY@USAREC.ARMY.MIL>
To: scoleman64@cox.net
Subject: FW: Employee Warning Notice - McCray (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO


-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Wednesday, September 26, 2012 1:37 PM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Re: Employee Warning Notice - McCray (UNCLASSIFIED)

Ms. McCray,

This is acknowledgement that you are refusing to sign the form.

You will need to have your CPT or 1SG sign the witness signature on the
form and return it to me via fax or email by 4:00PM EST.

Thanks,

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153


On Wed, Sep 26, 2012 at 12:16 PM, Mccray, Sheryl T Ms CTR USA TRADOC
USAREC <SHERYL.MCCRAY@usarec.army.mil> wrote:

> Classification: UNCLASSIFIED
> Caveats: FOUO
>
> Ms. Baker,
>
> I am not in agreement with this Final Warning because I have not
> received a previous warning from Capt Jones, Capt Irby, 1SG Brown or
> the former Contractor (Softec).
>
> My performance or behavior has never been mentioned to me or
documented.
>
> On Monday, 24 September 2012, 1SG Brown told me that SFC Jancewicz had

> filed a complaint with Mr. James Sprigler and he told me that in all
> fairness I may want to file my complaint with him too.
>
> I am not in agreement with this warning and I do decline to sign.
>
> v/r
>
>
>
> Sheryl McCray, Contractor
> Administrative Assistant, USAREC
> Team Infused
> 757-825-9891
>
>
>
>
>
> -----Original Message-----
> From: Jamie Baker [jbaker@infusedsolutions.com]
> Sent: Wednesday, September 26, 2012 10:17 AM
> To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC

*Exhibit F*

Date: Thursday, September 27, 2012 9:10 AM
From: Mccray, Sheryl T Ms CTR USA TRADOC USAREC <SHERYL.MCCRAY@USAREC.ARMY.MIL>
To: scoleman64@cox.net
Subject: FW: Employee Warning Notice - McCray (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO

-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Wednesday, September 26, 2012 10:17 AM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Employee Warning Notice - McCray

Ms. McCray,

Thank you for taking the time to speak with me this morning regarding
the issue at your work location. As I mentioned on the phone attached
is the notification that you are on a 90 day probation period starting
09/26/12.
Please sign and date the form and return it to me immediately today. If
you wish to not sign the form, you will need to have your CPT or 1SG
sign for the witness signature.

Until further notice you will need to submit to me through fax or email
on Friday each week by 4:00PM EST your timesheet signed by you and your
CPT or 1SG. Your timesheet must be completed correctly and accurately.

You are not to communicate directly to the USAREC COR for any reason
unless otherwise instructed by Infused Solutions. All performance
issues or any issue at a work location has to be discussed with the
Program Manager from Infused Solutions for the USAREC contract.

If you have any further questions or concerns, please contact me
directly.

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153

Classification: UNCLASSIFIED
Caveats: FOUO

MCCRAY.pdf

## Mccray, Sheryl T Ms CTR USA TRADOC USAREC

| | |
|---|---|
| From: | Mccray, Sheryl T Ms CTR USA TRADOC USAREC |
| Sent: | Wednesday, September 26, 2012 12:23 PM |
| To: | 'Jamie Baker' |
| Cc: | 'YGWilson@ardelle.com' |
| Subject: | FW: Test (UNCLASSIFIED) |
| Signed By: | Sheryl.t.mccray.ctr@us.army.mil |

Classification: UNCLASSIFIED
Caveats: FOUO

FYI

-----Original Message-----
From: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Sent: Tuesday, September 25, 2012 9:48 AM
To: Sprigler, James O Mr CIV USA TRADOC USAREC
Subject: RE: Test (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO

Mr. Sprigler,

I do and I am not leaving you hanging.
Remember I just found out yesterday that
you were the POC for this. The other complainant
had the advantage of being able to file Friday.
I will send it to you shortly.

v/r


Sheryl McCray, Contractor
Administrative Assistant, USAREC
Team Infused
757-825-9891


-----Original Message-----
From: Sprigler, James O Mr CIV USA TRADOC USAREC
Sent: Tuesday, September 25, 2012 9:32 AM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: RE: Test (UNCLASSIFIED)
Importance: High

Classification: UNCLASSIFIED
Caveats: FOUO

Ms. Sheryl,

Do you have an actual complaint that you wish to file? I feel like you're
leaving me hanging here, but if there is an actual issue I definitely want

1

Exhibit G

to get it corrected asap.

v/r

James O. Sprigler, GS
Contracting Officers Representative
Headquarters USAREC
DSN 536-0324
Telephone (502) 626-0324
Fax (502) 626-0785
james.sprigler@usarec.army.mil


-----Original Message-----
From: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Sent: Monday, September 24, 2012 12:05 PM
To: Sprigler, James O Mr CIV USA TRADOC USAREC
Subject: RE: Test (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO

Per the 1SG, I need to file my complaint with a Mr. James Sprigler in
reference to an incident that occurred last week.
Are you the POC for this?

v/r

Sheryl McCray, Contractor
Administrative Assistant, USAREC
Team Infused
757-825-9891



Classification: UNCLASSIFIED
Caveats: FOUO


Classification: UNCLASSIFIED
Caveats: FOUO


Classification: UNCLASSIFIED
Caveats: FOUO

2

## Cox High Speed Internet WebMail

| From: | Mccray, Sheryl T Ms CTR USA TRADOC USAREC <SHERYL.MCCRAY@USAREC.ARMY.MIL> |
| Date: | Thursday, September 27, 2012 9:11 AM |
| To: | scoleman64@cox.net |
| Subject: | FW: Employee Warning Notice - McCray Not Signed (UNCLASSIFIED) |
| Size: | 3 KB |

Classification: UNCLASSIFIED
Caveats: FOUO

-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Wednesday, September 26, 2012 12:09 PM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Employee Warning Notice - McCray Not Signed

Ms. McCray,

I have not received your signed employee warning notice. If you are not
going to sign the form, I need to be notified immediately by e-mail that
you are refusing to sign the form.

Thanks,

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-496-0310 Fax: 571-266-0153

FILED
2014 OCT 28  PM 2: 13
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

Exhibit #

Cox High Speed Internet WebMail

| From: | Mccray, Sheryl T Ms CTR USA TRADOC USAREC <SHERYL.MCCRAY@USAREC.ARMY.MIL> |
| Date: | Friday, September 28, 2012 10:15 AM |
| To: | scoleman64@cox.net |
| Subject: | FW: Timesheet Reminder - Due 4:00PM EST (UNCLASSIFIED) |
| Size: | 5 KB |

Classification: UNCLASSIFIED
Caveats: FOUO

-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Friday, September 28, 2012 9:31 AM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Re: Timesheet Reminder - Due 4:00PM EST (UNCLASSIFIED)

Ms. McCray,

Your timesheet is due at 4:00PM EST every Friday until further notice,
signed by you and your work location supervisor.  They have been
instructed of the policy as well.

If your hours are not verified as requested, they will not be entered
until verified with a signature from yourself and your work location
supervisor.

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153


On Fri, Sep 28, 2012 at 9:26 AM, Mccray, Sheryl T Ms CTR USA TRADOC
USAREC < SHERYL.MCCRAY@usarec.army.mil> wrote:

> Classification: UNCLASSIFIED
> Caveats: FOUO
>
> Ms. Baker,
>
> You instructed me to turn in my timesheet by 4pm Friday Do you want me
>
> to have them sign the sheet prior to 4pm every Friday?
>
>
>
> Sheryl McCray, Contractor
> Administrative Assistant, USAREC
> Team Infused
> 757-825-9891
>
>
>
>
> -----Original Message-----
> From: Jamie Baker [jbaker@infusedsolutions.com]
> Sent: Friday, September 28, 2012 9:13 AM
> To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
> Subject: Re: Timesheet Reminder - Due 4:00PM EST (UNCLASSIFIED)
>
> Ms. McCray,
>
> You have known that your timesheet was due to me at 4:00PM with their
> signatures since Wednesday.  I'm not sure why you did not complete
> your paper timesheet and have them sign it  There is no excuses why
> it should not already be completed.
>
> Your hours will not be entered until I receive that timesheet signed
> by you and your CPT or 1SG.
>
> Thanks,
>

*Exhibit I*

2014 OCT 28 PM 2:14
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____
FILED

## Cox High Speed Internet WebMail

> Ms. Jamie Baker
> Program Manager
> jbaker@infusedsolutions.com
> Phone: 703-466-0310 Fax: 571-266-0153
>
>
> On Fri, Sep 28, 2012 at 9.08 AM, Mccray, Sheryl T Ms CTR USA TRADOC
> USAREC < SHERYL MCCRAY@usarec.army.mil> wrote:
>
> > Classification: UNCLASSIFIED
> > Caveats: FOUO
> >
> > Ms. Baker,
> >
> > The 1SG and CPT are in training all day
> >
> >
> > Sheryl McCray, Contractor
> > Administrative Assistant, USAREC
> > Team Infused
> > 757-826-9891
> >
> >
> >
> > ——Original Message——
> > From: Jamie Baker [jbaker@infusedsolutions.com]
> > Sent: Friday, September 28, 2012 8:26 AM
> > To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
> > Subject: Timesheet Reminder - Due 4:00PM EST
> >
> > Ms. McCray,
> >
> > This is a reminder that your completed time sheet for hours worked
> > 09/16-09/30 is due to me signed by you and your CPT or 1SG by 4.00PM

> > EST today.
> >
> > Thanks,
> >
> > Ms. Jamie Baker
> > Program Manager
> > jbaker@infusedsolutions.com
> > Phone: 703-466-0310 Fax: 571-266-0153

FILED

2014 OCT 28  PM 2: 14

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

BY:

| Sent: | Friday, September 28, 2012 9:49 AM |
|---|---|
| To: | 'Jamie   er' |
| Subject: | FW: Eployee Warning Notice - McCray (UNCLASSIrɪED) |

Classification: UNCLASSIFIED
Caveats: FOUO


Ms. Baker,

Would you send me a copy of the documentation addressing my behavior prior to the incident on
20 Sep 2012?
I have never received anything.

Thanks


Sheryl McCray, Contractor
Administrative Assistant, USAREC
Team Infused
757-825-9891

-----Original Message-----
From: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Sent: Wednesday, September 26, 2012 12:17 PM
To: 'Jamie Baker'
Subject: RE: Employee Warning Notice - McCray (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO

Ms. Baker,

I am not in agreement with this Final Warning because I have not received a previous warning
from Capt Jones, Capt Irby, 1SG Brown or the former Contractor (Softec).

My performance or behavior has never been mentioned to me or documented.

On Monday, 24 September 2012, 1SG Brown told me that SFC Jancewicz had filed a complaint with
Mr. James Sprigler and he told me that in all fairness I may want to file my complaint with
him too.

I am not in agreement with this warning and I do decline to sign.

v/r



Sheryl McCray, Contractor
Administrative Assistant, USAREC
Team Infused
757-825-9891

1

Exhibit 0
J

**Date:** Friday, September 28, 2012 10:15 AM

**From:** Mccray, Sheryl T Ms CTR USA TRADOC USAREC <SHERYL.MCCRAY@USAREC.ARMY.MIL>

**To:** scoleman64@cox.net

**Subject:** FW: FW: Employee Warning Notice - McCray (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO

-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Friday, September 28, 2012 9:54 AM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Re: FW: Employee Warning Notice - McCray (UNCLASSIFIED)

Ms. McCray,

Your final warning was given to you on 09/26/12.  This is conversation
is not up for discussion.  As written on your notice, if your behavior
continues to be an issue you are subject to immediate termination.

Thanks,

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153

Classification: UNCLASSIFIED
Caveats: FOUO

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
2014 OCT 28  PM 2: 14
BY:___
FILED

Exhibit K



SOLUTIONS
Employee Warning Notice

IS_HR_0011

## Employee Information

Employee Name: Sheryl McCray                    Date: 09/26/2012

Employee ID: _____        Job Title: General Clerk II

Manager: Jamie Baker                    Dept: USAREC

## Type of Warning

☐ First Warning        ☐ Second Warning        ☑ Final Warning

## Type of Offense

☐ Tardiness/Leaving Early     ☐ Absenteeism          ☐ Violation of Company Policies
☐ Substandard Work           ☐ Violation of Safety Rules  ☑ Rudeness to Customers/Coworkers
Other: Insubordination/Unprofessional behavior

## Details

Description of Infraction: _____

Employee is extremely confrontational and exhibiting constant insubordinate behavior towards individuals at her work location. This behavior has been address previously to the employee and not improved. This behavior has been an issue for over 90 days and appears to be getting significantly worse instead of improving.

Plan for Improvement: _____

Be respectful and professional at all times towards all individuals at work location. Communicate in a professional manner and demeanor at all times. Employee is on a 90 Day Probation Period starting 09/26/12.

Consequences of Further Infractions: _____

Immediate termination upon any notification that employee's insubordinate, disrespectful or unprofessional behavior occurs again.

## Acknowledgment of Receipt of Warning

By signing this form, you confirm that you understand the information in this warning. You also confirm that you and your manager have discussed the warning and a plan for improvement. Signing this form does not necessarily indicate that you agree with this warning.

Employee Signature                          Date
                                            09/26/12
_Jamie J Baker_

Manager Signature                           Date:
                                            09/26/12
_JBB_

Witness Signature (if employee understands warning but refuses to sign)   Date

1 | P a g e

©2008 Infused Solutions LLC. All Rights Rights

Exhibit 1

From: Yolanda Green-Wilson

Sent: Thursday, October 04, 2012 2:31 PM

To: sheryl.mccray@userec.army.mil

Subject: Termination Letter

Good Afternoon Sheryl,

Due to the nature of the circumstance that occurred on 9/20/2012, it has been found that you were in violation of Team Infused/Ardelle Associates' code of conduct in the workplace. It has been advised that your employment is to be terminate effected immediately as of 10/04/2012.

You signed an employee handbook, which was very clear that any workplace violence in any form with not be tolerated and would possibly end will termination of employment from Team Infused/Ardelle Associates.

Upon leaving today, please return all properties belonging to RCTG James River CO to 1SG Brown. 1SG Brown will sign your timesheet and escort you out of the facility.

Please refrain from all contact with employees at RCTG James River Company. Please free feel to contact me with any further questions.

Yolanda Green-Wilson

Recruiter

Ardelle Associates

344 Commerce Street

Alexandria, VA 22314

703-518-9960 (voice)

703-518-9965 (Fax)

www.ardelle.com

Exhibit M

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

SHERYL T. MCCRAY,

     Plaintiff,

                                  Civil Action No. 4:13CV60

v.

ARDELLE ASSOCIATES;
INFUSED SOLUTIONS; JAMIE BAKER;
UNITED STATES ARMY RECRUITER
COMMAND; JONAH JANCEWICZ;
JOHN DOE; JANE DOE

     Defendants.

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

     Pursuant to Federal Rule 12(b)(6), Defendant Jamie Baker ("Defendant") hereby moves this court to dismiss the Complaint of Plaintiff Sheryl T. McCray ("Plaintiff") for failure to state a claim upon which relief can be granted, as Plaintiff has not plead sufficient facts to support the elements necessary to satisfy a claim of defamation.

     A Memorandum of Law in Support of Defendant's Motion to Dismiss and a form of Order accompany this Motion.

Exhibit N

WHEREFORE, Defendant respectfully requests this Court enter an ORDER DISMISSING Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

Dated: 03/11/2014

Respectfully submitted,

Jamie Baker
116 N Cypress Road
Sterling, VA 20164

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

SHERYL T. MCCRAY,

      Plaintiff,

                                        Civil Action No. 4:13CV60

v.

ARDELLE ASSOCIATES;
INFUSED SOLUTIONS; JAMIE BAKER;
UNITED STATES ARMY RECRUITER
COMMAND; JONAH JANCEWICZ;
JOHN DOE; JANE DOE

      Defendants.

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
PURSUANT TO FED. R. CIV. P. 12(b)(6)

## TABLE OF CONTENTS

STATEMENT OF THE CASE.................................................................................................1

ARGUMENT ...........................................................................................................................2-3

    I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6)
        FOR FAILURE TO STATE A CLAIM AGAINST DEFENDANT.......................2

CONCLUSION.......................................................................................................................... 4

CERTIFICATE OF SERVICE ................................................................................................. 5

## STATEMENT OF THE CASE

Jamie Baker ("Defendant") worked for Infused Solutions as a program manager for the United States Army Recruiting Command (USAREC) contract and human resources specialist from March 13, 2012 until November 16, 2012. Under supervision and with approval from management, Defendant hired and terminated employees, implemented employee development plans, and assisted with benefits.

During her employment, Defendant, through Infused Solutions, was the point of contact for two hundred and forty two (242) Infused Solutions and Ardelle Associates employees on the United States Army Recruiting Command (USAREC) contract.

According to the complaint, Defendant "sent an electronic message to Plaintiff" regarding a recently instituted disciplinary action against Plaintiff. This electronic message also indicated that Plaintiff and Defendant discussed the incident that occurred on September 20, 2012 via telephone. (Complaint ¶ 13). Defendant subsequently sent "final warning notices" via electronic mail to Plaintiff. (Complaint ¶¶14, 16).

## ARGUMENT

I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM AGAINST DEFENDANT.

When written, defamation is usually referred to as libel. Jordan v. Kollman, 269 Va. 569, 575, 612 S.E.2d 203, 206 (2005). In Virginia, the elements necessary to establish a prima facie case for libel are (1) publication of (2) an actionable statement with (3) the requisite intent.

The alleged defamatory statements by Defendant in the complaint fall short.

### Element (i): Publication

The first element, which requires Plaintiff demonstrate that Defendant published the alleged defamatory statements, has not been met. The publication requirement for defamation requires a "dissemination of the statement to a third party where that dissemination does not occur in a privileged context." Echtenkamp v. Loudon Cnty. Pub. Sch., 263 F. Supp. 2d 1043, 1061 (E.D. Va. 2003). Plaintiff has not alleged that the statements made by Defendant were published to a third party. Plaintiff states Defendant sent her electronic messages regarding her job performance directly. In the alternative, even if Defendant also sent the electronic messages to others in the company, employees have a "general duty to inform management of adverse or improper actions by fellow employees" Larimore v. Blaylock, 259 Va. 568, 575, 528 S.E.2d 119, 123 (2000). "It is well settled under Virginia law that "[c]ommunications between persons on a subject in which the persons have an interest or duty are occasions of privilege," and that "statements made between co-employees and employers in the course of employee disciplinary or discharge matters are privileged." Id. Accordingly, the first element required for a claim of defamation fails.

## Element (ii): Actionable Statement

The second element, which requires Plaintiff demonstrate that statements made by Defendant were actionable, has not been met. To be actionable, the statement must be both false and defamatory. Jordan, 269 Va. 569. "Defamatory words are those that "make the plaintiff appear odious, infamous, or ridiculous," not "[m]erely offensive or unpleasant statements." Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 922 (E.D. Va. 2004). Here, the statements included in the electronic messages to Plaintiff simply recounted her recent actions and stated the resulting disciplinary action. "A plaintiff may not rely on minor or irrelevant inaccuracies to state a claim for libel." Jordan, 269 Va. 569. Accordingly, the second element required to satisfy a claim of defamation fails.

## Element (iii): Requisite Intent

To satisfy the third element, the Plaintiff "must show that the [D]efendant knew that the statement was false, or, believing that the statement was true, lacked a reasonable basis for such belief, or acted negligently in failing to determine the facts on which the publication was based. Lewis v. Kei, 281 Va. 715, 725, 708 S.E.2d 884, 891 (2011). The Plaintiff has not alleged facts showing that the Defendant knew the statements included in the electronic messages were false. Accordingly, the third element required to satisfy a claim of defamation fails.

## CONCLUSION

Plaintiff's complaint is deficient on numerous grounds. For the foregoing reason, the Defendant's Motion to Dismiss should be granted.

Dated: 03/11/2014

Respectfully submitted,

*Jamie Baker*

Jamie Baker
116 N. Cypress Rd
Sterling, VA 20164

CERTIFICATE OF SERVICE

As Plaintiff Sheryl T. McCray is proceeding pro se in the above entitled action, she is not registered with the ECF system and cannot be served electronically. I, Jamie Baker, certify that on 03/11/2014, a true copy of the foregoing was mailed via certified mail to the following person(s):

Sheryl T. McCray
6 Kirkwood Circle
Hampton, VA 23666

Date: 03/11/2014          Signed: Jamie Baker

FILED

2014 OCT 28 PM 2: 14

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

BY:

19.   Release or dissemination of confidential Company or client information.

20.   Failure to perform the essential job functions and responsibilities of a position.

21.   Unauthorized solicitation or distribution of literature unrelated to Company or client business on Company or client time.

22.   Failure to follow safety and health regulations, including, but not limited to, the failure to report an accident.

23.   Misuse of any Company benefit program.

24.   Misrepresentation of an employee's background or qualifications, including, but not limited to, on a resume, application or during an interview.

25.   Any other conduct detrimental to other employees, clients, or the Company's interests or its efficient operations.

26.   Ardelle Associates requires one to two weeks written notice when resigning from contract assignments prior to their completion.


**G**   **WORKPLACE VIOLENCE POLICY**

Ardelle Associates is committed to preventing workplace violence and to maintaining a safe work environment. Accordingly, Ardelle Associates has adopted the following guidelines to deal with intimidation, harassment, or other threats of (or actual) violence that may occur during business hours or on its premises.

All employees should be treated with courtesy and respect at all times. Employees are expected to refrain from fighting, "horseplay", or other conduct that may be dangerous to others. Firearms, weapons, and other dangerous or hazardous devices or substances are prohibited inside the facilities or buildings of Ardelle Associates or its clients.

Any conduct that threatens, intimidates, or coerces another employee, a client, or a member of the public at any time, including off-duty periods, will not be tolerated. All threats of (or actual) violence, both direct and indirect, should be reported as soon as possible to the Ardelle Associates Accounting Manager. This includes threats by employees, as well as threats by clients, vendors, solicitors, or other members of the public.

All suspicious individuals or activities should also be reported as soon as possible to an Ardelle Associates supervisor. Do not place yourself in peril. If you see or hear a commotion or disturbance near your workstation, do not try to intercede or see what is happening.

The Company will promptly and thoroughly investigates all reports of threats of (or actual) violence and of suspicious individuals or activities. Anyone determined to be responsible for threats of (or actual) violence or other conduct that is in violation of these guidelines may be subject to prompt disciplinary action up to and including termination of employment.

FILED
2014 OCT 28  PM 2: 14
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:_____    D.C.

Exhibit O

6

# ⟩ HOWELL LAW GROUP, PLLC

*Dominion Tower*
999 Waterside Drive • Suite 2525
Norfolk, VA 23510
Phone: 757.630.4030
Fax: 757.216.0160
www.howellhrlaw.com

*Melissa Jackson Howell, Esq.*
*mhowell@howellhrlaw.com*
*Cell: 757.620.2947*

October 29, 2014

**Via Hand Delivery**

Hon. Linda Batchelor Smith, Clerk
Hampton Circuit Court
P. O. Box 40
101 King's Way Mall
Hampton, VA 23669-0040

    RE:   *Sheryl McCray v. Ardelle Associates, Inc., et al.*
          Case No. CL-14-1589

Dear Ms. Smith,

    Enclosed please find for filing Defendant Ardelle Associates, Inc.'s Demurrer and Plea in Bar in the above matter.

    Thank you for your assistance. Please do not hesitate to contact me should you have any questions or concerns.

                        Sincerely,

                        HOWELL LAW GROUP, PLLC

                        *[signature]*

                        Melissa Jackson Howell

MJH/vsc
Encl.
cc: client

VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON

SHERYL MCCRAY,

     Plaintiff,

v.                             Case No. CL-14-1589

ARDELLE ASSOCIATES, INC., et al.,

     Defendant.

### DEFENDANT ARDELLE ASSOCIATES, INC.'S
### DEMURRER AND PLEA IN BAR

     COMES NOW Defendant, Ardelle Associates, Inc. ("Defendant" or "Ardelle"), by and through its undersigned counsel, and pursuant to VA CODE §8.01-273 and Rule 3:8 of the Rules of the Supreme Court of Virginia, and in response to Plaintiff's Complaint (hereinafter the "Complaint"), makes its Demurrer and Plea in Bar to the Complaint as follows:

## I. INTRODUCTION

     Ardelle is a staffing agency that places employees on assignments to meet its clients' staffing needs.  See Complaint at ¶ 5.  Ardelle employed Plaintiff Sheryl McCray ("Plaintiff"), and assigned her to work as a subcontractor for Infused Solutions, LLC ("Infused"), which had a contract to service the United States Army Recruiting Center ("USAREC") in Hampton, Virginia. See id.  Plaintiff has brought claims against Ardelle, Infused, and individual employees of Infused and USAREC, claiming: (1) defamation and (2) wrongful discharge.

     Plaintiff's claim of defamation against Ardelle should be dismissed because: (1) the claim is barred by the statute of limitations; and (2) the Complaint fails to assert a required element of

1

defamation: that Ardelle actually published a false statement to a third party.[1]  Plaintiff's claim

of wrongful discharge against Ardelle should also be dismissed because Plaintiff has failed to

identify any public policy that Ardelle has allegedly violated.  For these reasons, and the reasons

set forth below, the Complaint against Ardelle should be dismissed in its entirety.

## II. FACTUAL BACKGROUND[2]

Plaintiff's allegations arise out of a purported dispute that occurred between Plaintiff and

an employee of USAREC, Sergeant Jonah Jancewicz ("Sergeant Jancewicz"), while Plaintiff

was temporarily assigned to work at USAREC.  See id.  ¶¶ 4-11.  Plaintiff alleges that on or

about September 20, 2012, Sergeant Jancewicz confronted Plaintiff in a "threatening and

menacing manner," and threatened to "physically assault" Plaintiff.  See id. ¶¶ 8, 9.  Sergeant

Jancewicz subsequently filed a complaint against Plaintiff with James Sprigler ("Mr. Sprigler"),

the Contracting Officers Representative at USAREC.  Id. ¶ 12.  Plaintiff contends that Sergeant

Jancewicz's complaint contained false information stating that Plaintiff was insubordinate and

had engaged in workplace violence.  Id. ¶ 12, 25.  After learning of Sergeant Jancewicz's

complaint, Plaintiff filed her own complaint against Sergeant Jancewicz with Mr. Sprigler.  Id. ¶

11.

On September 26, 2012, Plaintiff was contacted by Jamie Baker ("Ms. Baker"), an

Infused employee.  Id. ¶ 13.  Ms. Baker informed Plaintiff that she was being placed on a 90-day

---

[1] Plaintiff's defamation claim was previously litigated in the United States District Court for the Eastern District of Virginia, Case No. 4:13-cv-00060-RBS-TEM.  On January 31, 2014, the Court dismissed the case against Ardelle for failure to state a claim, because Plaintiff's complaint failed to assert that Ardelle published any false statement to a third-party.

[2] For purposes of the recitation of facts in this Motion, all facts pled in Plaintiff's Complaint will be referenced as if true.  See Friends of the Rappahannock v. Caroline Cnty. Bd. of Supervisors, 286 Va. 38, 44, 743 S.E.2d 132, 135 (2013) ("At the demurrer stage, it is not the function of the trial court to decide the merits of the allegations set forth in a complaint, but only to determine whether the factual allegations pled and the reasonable inferences drawn therefrom are sufficient to state a cause of action.") (citing Riverview Farm Assocs. Va. Gen. P'ship v. Bd. of Supervisors of Charles County, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000)).  However, Defendant denies that it has acted unlawfully with respect to any facet of its relationship with Plaintiff, and denies that it is liable to Plaintiff for any claim whatsoever set forth in her Complaint.

probation as a result of the incident that occurred on September 20, 2012. Id. ¶ 14. Ms. Baker further stated that Plaintiff had been warned previously about her behavior. Id. Plaintiff disputes this statement, and contends that she never received any prior warnings. Id. That same day, Ms. Baker sent Plaintiff a final written warning for insubordination and unprofessional behavior, describing Plaintiff's behavior as "confrontational, constant insubordination towards people at work," claiming that Plaintiff's insubordinate behavior "had been previously addressed and had not improved," and further stating that the behavior "had been a problem for in excess of 90 days and was getting worse." Id. ¶ 17. Plaintiff disagreed with and refused to sign the final written warning. Id. ¶ 19.   Plaintiff asked Ms. Baker for documentation to justify the 90-day probation and final warning, but Ms. Baker refused, indicating that the final warning was "not up for discussion."   Id. ¶ 20.   Plaintiff contends that she attempted to obtain copies of documentation from "Ardelle Associates and/or Team Infused" regarding her past performance issues, but "none were ever supplied to Plaintiff." Id. ¶ 18.

On October 4, 2012, Plaintiff received a termination notice from Yolanda Green-Wilson ("Ms. Green-Wilson"), an Ardelle employee, "specifically indicating that the September 20, 2012 incident was the reason for the termination." Id. ¶ 23.   According to Plaintiff, the termination notice further stated that Plaintiff was being terminated for violating a workplace violence policy. Id. The Complaint does not describe how or when Ms. Green-Wilson learned of the alleged September 20, 2012 incident, and does not contend that Ms. Green-Wilson disseminated the termination notice to anyone besides Plaintiff.  Plaintiff contends that her termination was improper because Ardelle and Infused failed to investigate the allegations of workplace violence, and terminated her even though she did not violate her 90-day probation. Id.

## III. PLEA IN BAR

**A.**     **Count I**

1.     Plaintiff's Defamation Claim is Barred by the Statute of Limitations

Plaintiff's defamation claim is barred by the statute of limitations.  Pursuant to Virginia

Code § 8.01-247.1, an action for defamation must be filed within *one year* after the cause of

action accrues.  See Gov't Micro Resources, Inc. v. Jackson, 271 Va. 29, 38 (2006) (explaining

that a claim for defamation "must comply with Code § 8.01-247.1, the one-year statute of

limitations for claims of defamation").  Plaintiff's defamation claim falls outside of the statute of

limitations because it was filed nearly *two years* after any allegedly defamatory statements were

published.   Specifically, Plaintiff's Complaint claims that Ardelle's allegedly defamatory

statements occurred in September and/or October of 2012.  See Complaint ¶¶ 17, 23.  Plaintiff

did not file this lawsuit until September 11, 2014, nearly two years after the allegedly defamatory

statements occurred.  Accordingly, the defamation claim is barred by the statute of limitations.

## IV. DEMURRER

**A.**     **Count I**

1.     Even if Plaintiff's Defamation Claim were Not Time Barred, it Must be Dismissed

Even if Plaintiff's defamation claim were not time barred (which it is), the claim must be

dismissed because Plaintiff failed to plead a required element of defamation: that Ardelle

published a false statement to a third-party.  "A defamation action under Virginia law requires

(1) publication, (2) of an actionable statement, and (3) the requisite intent."   Shaheen v.

Wellpoint Companies, Inc., 490 Fed.Appx. 552, 555 (4th Cir. 2012) (citing Chapin v. Greve, 787

F.Supp. 557, 562 (E.D. Va. 1992)).  "The publication element of a defamation action requires

dissemination of the statement to a third party in a non-privileged context . . . ." *Id.* n. 2 (internal citations omitted).

This Court should dismiss Plaintiff's Complaint against Ardelle because, according to the plain language of the Complaint, the only person to whom Ardelle published the allegedly false statement was Plaintiff, who was not a required third-party under Virginia law. See McCray v. Ardelle Associates, Civil No. 4:13-cv-00060-RBS-TEM *2-*3 (E.D. Va. Jan. 31, 2014) ("Additionally, Ardelle's termination letter was not alleged to have been shared with any third-party, so the required element of publication is wholly lacking." The defamation claim filed in the E.D. Va. is substantively the same as the Complaint filed in this matter). While Plaintiff alleges that Ardelle is vicariously responsible for the defamatory statements of employees of USAREC and Infused under an "alter ego" theory, there are no facts in the Complaint that support such a claim. Accordingly, Ardelle respectfully requests that this Honorable Court grant its demurrer, dismiss Plaintiff's complaint in the entirety with prejudice as against Defendant Ardelle Associates, Inc., and grant Defendant such further relief as this Court deems just and proper.

    a.    <u>Under the Plain Language of the Complaint, Ardelle did not Publish a Defamatory Statement to a Third-Party.</u>

Plaintiff's claim for defamation against Ardelle fails because, under the plain language of the Complaint, Ardelle did not publish a defamatory statement to a third-party. As indicated above, a claim for defamation *must* plead that the defendant disseminated false statements to a *third-party* in a non-privileged context. See Shaheen, 490 Fed.Appx. at 555; see also McCray, Civil No. 4:13-cv-00060-RBS-TEM at *2-*3 ("Additionally, Ardelle's termination letter was not alleged to have been shared with any third-party, so the required element of publication is wholly

lacking." The defamation claim filed in the E.D. Va. case is substantively the same as the Complaint filed in this matter).

The only Ardelle communication referenced in the Complaint is the termination notice from Ms. Green-Wilson to Plaintiff. Plaintiff has not alleged that Ms. Green-Wilson disseminated the termination notice to a third-party, including to any other Ardelle employees. Accordingly, Plaintiff's claim for defamation against Ardelle must be dismissed because the Complaint failed to assert that Ardelle published a defamatory statement to a third party.

   b.   There are no Facts in the Complaint to Support Vicarious Liability under an "Alter Ego" Theory.

Plaintiff also seeks to hold Ardelle responsible for the alleged defamation of Ms. Baker (who was not an Ardelle employee) under an "alter ego" theory. This theory must fail because, under the plain language of the Complaint, there are no facts to justify holding Ardelle liable for the alleged wrongful acts of other business entities.

In Virginia, "the decision to pierce a corporate veil . . . is one that is to be taken reluctantly and cautiously." S.E.C. v. Woolf, 835 F. Supp.2d 111, 123 (E.D. Va. 2011). As a result, Virginia courts require a plaintiff who seeks to hold a defendant responsible for the wrongful acts of another business entity to plead with specificity facts that would justify this "extraordinary remedy." See id. (quoting Sloan v. Thornton, 249 Va. 492, 498 (1995)).

For example, in Choimbol v. Fairfield Resorts, Inc., third-party plaintiffs sought to hold third-party defendants liable for the wrongful acts of third-party defendants' parent and/or sister company, Ambassador. Civil Action No. 2:05-cv-00463 1, 5 (E.D. Va. Sept. 11, 2006). Third-party plaintiffs argued that third-party defendants were vicariously liable for Ambassador's wrongful acts as a result of the "lack of separation or alter ego status which exists with . . .

[Ambassador] based on common links, actors, ownership, relationships, and/or management shared." Id.

The court granted third-party defendants' motion to dismiss, affirming that:

> [B]efore the corporate entity may be properly disregarded . . . it must be shown not only that undue domination and control was exercised by the [alleged alter ego over the wrongdoing entity], but also that this control was exercised in such a manner as to defraud and wrong the complainant, and that unjust loss or injury will be suffered by the complainant.

Id. (citing Beale v. Kappa Alpha Order, 192 Va. 382, 396-97 64 S.E.2d 789, 797 (1951)). The court noted that the complaint was devoid of any allegations that third-party defendants exercised undue control or domination over Ambassador, or that third-party defendants engaged in any fraudulent acts, and concluded that "[w]ithout these types of allegations the Court cannot disregard the fact that Third Party Defendants are separate entities . . . ." Id. at 6.

Here, Plaintiff has alleged that Ardelle should be vicariously liable for the actions of Ms. Baker, an "agent or employee of Infused Solutions and/or Team Infused," because "Ardelle Associates and Infused Solutions were so interconnected as to operations and functions that the corporate boundaries between the two were eroded and both comprised one collective entity and that therefore Ardelle Associates and Infused Solutions are liable for each other's actions under an *alter ego* theory." See Complaint ¶¶ 30-32. While Plaintiff has alleged that Ardelle was "interconnected as to operations and functions" with Infused, Plaintiff has not set forth any facts in support of these conclusory allegations. Furthermore, Plaintiff has not pled the required element that the "observance of the corporate form [in this case] would sanction a fraud, promote injustice, or [result in an injustice]." Woolf, 835 Supp.2d at 124. As the court explained in Woolf, "these claims [that the co-defendants were alter egos] are mere labels and conclusory allegations that cannot survive a [motion to dismiss] without further factual enhancement." Id.

Accordingly, Plaintiff's claim against Ardelle based on the theory that Ardelle is the "alter ego" of Infused must fail.

As shown above, even a cursory reading of the Complaint reveals that the crux of Plaintiff's claim is that Sergeant Jancewicz communicated defamatory statements, which were eventually received by Ardelle. Even taking all factual allegations as true, Ardelle is, at best, a witness who received (but did not publish) defamatory statements. For these reasons, Plaintiff's complaint against Ardelle should be dismissed in its entirety with prejudice.

**B.    Count II**

1.    Plaintiff's Claim for Wrongful Termination Must be Dismissed

Finally, Plaintiff's wrongful termination claim fails because Plaintiff has not identified any Virginia public policy that Ardelle allegedly violated, and, as a result, Plaintiff's termination was not wrongful. By way of explanation, it is axiomatic that Virginia adheres to the doctrine of employment-at-will, which leaves either party free to terminate the employment relationship at any time for any reason or for no reason. VanBuren v. Grubb, 284 Va. 584, 589 (2012) (citing Lockhart v. Commonwealth Educ. Sys. Corp., 247 Va. 98, 102 (1994) and Miller v. SEVAMP, Inc., 234 Va. 462, 465 (1987)). In 1985, the Virginia Supreme Court identified a very narrow exception to Virginia's "at will" doctrine in the case of Bowman v. State Bank of Keysville, 229 Va. 534 (1985). See Lawrence Chrysler Plymouth Corp. v. Brooks, 251 Va. 94, 97 (1996) (explaining that the employment-at-will "rule is not absolute, and we have recognized certain very narrow exceptions," and further describing the exceptions set forth in Bowman).

As courts have observed:

> Bowman recognized an exception to the employment-at-will doctrine limited to discharges which violate public policy, that is, the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general. . . . The exception we recognized was not so

8

broad as to make actionable those discharges of at-will employees which violate *only private rights or interests.*

Miller v. SEVAMP, Inc., 234 Va. 462, 468 (1987) (emphasis added). Accordingly, a plaintiff asserting a wrongful discharge claim must identify a "specific Virginia statute[ ] in which the General Assembly had established public policies that the former employers had contravened." Lawrence Chrysler Plymouth Corp. v. Brooks, 251 Va. 94, 98-99 (1996); see also Walsh v. Logothetis, No. 3:313CV401-JAG (E.D. Va. Jan. 21, 2014) (dismissing plaintiff's wrongful discharge claim under Virginia law because the plaintiff merely alleged that he was terminated "in violation of public policy," but failed to identify the public policy to which he referred, and reasoning that the "Court need not consider this conclusory statement, nor is the Court required to search for an applicable public policy on behalf of the pro se plaintiff").

Here, Plaintiff has wholly failed to identify any public policy that underlies her claim for wrongful discharge. Indeed, Plaintiff's Complaint makes clear that the basis of her claim is not the violation of a *public* policy, but rather, a perceived violation of her *private* rights. See Complaint ¶ 28, 30 (alleging that Plaintiff's termination was wrongful because Ardelle supposedly terminated Plaintiff based on defamatory statements and supposedly failed to perform a reasonable investigation to determine the truth of the defamatory statements). There is no Virginia law stating that an employer's failure to follow particular workplace investigation policies and its termination of an employee based on allegedly defamatory statements are violations of Virginia public policy. Accordingly, Plaintiff's claim falls outside of the "very narrow" Bowman exception for discharge in violation of a clear expression of public policy. See Pacquette v. Nestle USA, Inc., 2007 U.S. Dist. LEXIS 33448 *19 (W.D. Va. May 7, 2007) (dismissing Bowman wrongful discharge claim premised on Virginia's insulting words statute because that statute does not contain an explicit statement of public policy and was not designed

9

to protect the welfare of the people in general because it only addresses conduct between private individuals).   Plaintiff has not (and cannot) identify any public policy violated by Ardelle. Accordingly, Plaintiff's claim for wrongful discharge against Ardelle must be dismissed.

## V.   **CONCLUSION**

**WHEREFORE**, for the reasons set forth above, Defendant Ardelle Associates, Inc. respectfully prays that this Honorable Court dismiss Plaintiff's claims against Defendant Ardelle Associates Inc. in the entirety with prejudice, and for such other and further relief as justice may require.

Dated: October 29, 2014

Respectfully submitted,

Melissa Howell
Howell Law Group, PLLC
999 Waterside Drive
Suite 2525
Norfolk, VA 23510
*Counsel for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 29nd day of October, 2014, the foregoing Defendant

Ardelle Associate's Demurrer and Plea in Bar was served, via first-class mail, on:

> Sheryl McCray
> 6 Kirkwood Cir.
> Hampton, VA 23666
> *Pro-Se Plaintiff*

Melissa Howell

FILED

2014 OCT 29 PH 12: 41

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

BY:_____
D.C.

11

# JOHN E. CARTER, P.C.

### ATTORNEY & COUNSELLOR AT LAW

4103 CHAIN BRIDGE ROAD, SUITE 101
FAIRFAX, VIRGINIA 22030

TEL (703) 591-2985 • FAX (703) 591-2965
EMAIL: JCARTERPC@AOL.COM

John E. Carter, Esquire

Admitted in VA, DC & MD

October 27, 2014

Clerk's Office
Hampton Circuit Court
Civil Division
101 Kings Way
Hampton, VA 23669

Re:   McCray v. Ardelle Associates, et al.
      Circuit Court No.: CL 14-1589

Dear Madam/Sir:

    With reference to the above captioned matter, please find enclosed for filing Defendant, Infused Solutions, LLC, Certificate of Service as to Defendant "Infused", First Interrogatories, First Request for Production of Documents and First Request for Admissions propounded to Plaintiff. I have enclosed one additional copy and ask that you forward the copy back to me in the self addressed and stamped envelope enclosed.

    Thank you for your cooperation regarding this matter.

                                          Very truly yours,

                                          John E. Carter

JEC/mj
Enc.  As stated
cc: Sheryl McCray, Pro Se Plaintiff, via Priority Mail

FILED

2014 OCT 30  PH 2: 35

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:

**V I R G I N I A :**

## IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON

| | |
|---|---|
| SHERYL T. McCRAY,<br><br>       Plaintiff,<br><br>v<br><br>ARDELLE ASSOCIATES, ET AL.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)    Case No.: CL: 14-1589<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE/MAILING

      I hereby certify that a true and correct copy of the Defendant, Infused Solutions, Request for Admissions, Request for Production of Documents and First Interrogatories has been mailed via first class mail, postage prepaid, to Plaintiff Pro Se, Sheryl T. McCray, at the last known mailing address of 6 Kirkwood Circle, Hampton, VA 23666 on this the 27th day of October, 2014.

JOHN E. CARTER, P.C.

_____

JOHN E. CARTER, ESQ.
VSB: 31018
4103 Chain Bridge Road, #101
Fairfax, VA  22030
Tel:  (703) 591-2985
Fax (703) 591-2965
E-Mail: JCarterPC@aol.com
**Attorney for Defendant Infused**

2014 OCT 30  PM 2: 35

Court: 12-8-14
@ 10:30

Honorable Christopher W. Hutton                                    November 3, 2014
Hampton Circuit Court
Civil Division
101 Kings Way
Hampton, VA  23669

                    Re:    McCray v. Ardelle Associates, et al.
                           Circuit Court No.:  CL 14-1589

Dear Judge Hutton:

            Defendant Ardelle Associates, Inc. response (Demurrer and Plea in Bar) was
served on me late Saturday evening, November 1, 2014.  As a Plaintiff appearing, *pro se*, I
request that you would advise Counsel to timely serve Plaintiff all court filings.  Further,
Plaintiff requests that you would grant her an additional 3 days to respond.

Respectfully submitted,

Sheryl McCray
Plaintiff, *Pro Se*
6 Kirkwood Circle
Hampton, VA  23666

FILED
2014 NOV -3  PM 1:07
CIRCUIT COURT CLERKS OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:____

HOWELL LAW GROUP, PLLC

9903 Waterside Drive · Suite 2525
Norfolk, VA 23510
www.Howelllawllc.com

2366631816 C010

FILED

2014 NOV -3 PM 1:07

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK

BY:_____
           D.C

Sheryl McCray
6 Kirkwood Cir.
Hampton, VA 23666



Not Post Dated

# HOWELL LAW GROUP, PLLC

Dominion Tower
999 Waterside Drive • Suite 2525
Norfolk, VA 23510
Phone: 757.630.4030
Fax: 757.216.0160
www.howelllawlaw.com

*Melissa Jackson Howell, Esq.*
*mhowell@howelllawlaw.com*
*Cell: 757.620.2947*

November 11, 2014

Hon. Linda Batchelor Smith, Clerk
Hampton Circuit Court
P. O. Box 40
101 King's Way Mall
Hampton, VA 23669-0040

     RE:    *Sheryl McCray v. Ardelle Associates, Inc., et al.*
             Case No. CL-14-1589

Dear Ms. Smith,

    Enclosed please find Defendant Ardelle Associates, Inc.'s:

1. Motion to Associate Counsel *Pro Hac Vice*;
2. proposed Order for presentation to the Court;
3. Application to Appear *Pro Hac Vice* Before a Virginia Tribunal; and
4. two checks for $250.00 each made payable to the Supreme Court of Virginia to cover the application fees.

    We respectfully request that the above motion, order and applications be presented to the Court for entry.  On entry, please return a certified copy in the self-addressed, stamped envelope, included for your convenience.

    Thank you for your assistance.  Please do not hesitate to contact me should you have any questions or concerns.

                    Sincerely,

                    HOWELL LAW GROUP, PLLC

                    Melissa Jackson Howell

MJH/vsc
Encl.
cc: client

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON

SHERYL MCCRAY,

      Plaintiff,

v.                          Case No. CL-14-1589

ARDELLE ASSOCIATES, INC., et al.,

      Defendant.

## MOTION TO ASSOCIATE COUNSEL *PRO HAC VICE*

Defendant Ardelle Associates. Inc. ("Ardelle"), by and through the undersigned counsel, moves this Court, pursuant to Rule 1A:4 of the Rules of the Supreme Court of Virginia, to admit Douglas W. Desmarais and Kerstin M. Miller of Smith & Downey. P.A., to appear *pro hac vice* on behalf of Ardelle in the above matter. In support of this motion, counsel for Ardelle states as follows:

    1.    The undersigned firm represents Ardelle in the above action. Melissa Jackson Howell is a member of the Bar of the Commonwealth of Virginia and moves for the admission *pro hac vice* of Douglas W. Desmarais and Kerstin M. Miller.

    2.    Mr. Desmarais. a partner with Smith & Downey. P.A.. 320 E. Towsontown Blvd., Suite 1 East. Baltimore. MD 21286, is a member in good standing of the Maryland State Bar and the District of Columbia Bar.

    3.    Ms. Miller. an associate with Smith & Downey. P.A.. 320 E. Towsontown Blvd.. Suite 1 East, Baltimore. MD 21286 is a member in good standing of the Maryland State Bar.

    4.    If admitted, Mr. Desmarais and Ms. Miller will represent Defendant Ardelle in this action together with Melissa Jackson Howell of Howell Law Group, PLLC, 999 Waterside

1

Drive, Suite 2525, Norfolk, VA 23510, who has been licensed in and is a member in good standing of the Virginia State Bar (VSB No. 48411), and who has been admitted to practice before the Supreme Court of Virginia and all lower courts in Virginia (2002), the United States District Court for the Eastern District of Virginia (2002), the United States Court of Appeals for the Fourth Circuit (2002) and the United States Supreme Court (2012).

5.      With reference to all matters incident to this action, Mr. Desmarais and Ms. Miller agree to be subject to the orders and amenable to the disciplinary action and civil jurisdiction of the Virginia Bar in all respects as if they were regularly admitted and a licensed member of the Virginia Bar in good standing.

6.      In further support of this motion, and pursuant to Rule 1A:4 of the Rules of the Supreme Court of Virginia, applications for both Mr. Desmarais and Ms. Miller are attached as Exhibit 1.

7.      Counsel has also provided filing fees for the applications of Mr. Desmarais and Ms. Miller.

WHEREFORE, Defendant Ardelle respectfully requests that this Court enter an Order admitting Douglas W. Desmarais and Kerstin M. Miller to appear for all purposes *pro hac vice* before this Court as counsel for Defendant in the above matter to the extent permitted under Rule 1A:4 of the Rules of the Supreme Court of Virginia.

Dated: November 11, 2014

2

Respectfully submitted,

Melissa Jackson Howell (VSB No. 48411)
HOWELL LAW GROUP, PLLC
999 Waterside Drive
Suite 2525
Norfolk, VA 23510
Telephone:  757.630.4030
Facsimile:  757.216.0160
MHowell@HowellHRLaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of November, 2014, the foregoing Defendant Ardelle Associate's Motion to Associate Counsel *Pro Hac Vice* was served, via first-class mail, on:

Sheryl McCray
6 Kirkwood Cir.
Hampton, VA 23666
*Pro-Se Plaintiff*

Infused Solutions, LLC
19575  Tantara Terrace, #302
Leesburg, VA 20176
*Defendant*

Jamie Baker
22636 Davis Drive
Suite 100
Sterling, VA 20164
*Defendant*

Jonah Jancewicz
2115 Executive Dr.
Suite 6A
Hampton, VA 23666
*Defendant*

Melissa Jackson Howell, Esq.

3

APPLICATION TO APPEAR *PRO HAC VICE* BEFORE A VIRGINIA TRIBUNAL

I, <u>Douglas</u>          <u>William</u>          <u>Desmarais</u>          _____, the
  APPLICANT FIRST NAME          MIDDLE NAME          LAST NAME          SUFFIX

undersigned attorney, hereby apply to this tribunal of the Commonwealth of Virginia,

<u>Hampton Circuit Court</u>          , to appear as counsel

*pro hac vice* pursuant to Rule 1A:4 of the Rules of the Supreme Court of Virginia.

I further state the following:

1. The case in which I seek to appear *pro hac vice* is styled

   <u>McCray v. Ardelle Associates, Inc., et al.</u>          , has

   docket number <u>CL-14-1589</u>          and is pending in

   <u>Hampton Circuit Court</u>          .

   This case
   - [X] is
   - [ ] is not

   a related or consolidated matter for which I have previously applied to appear *pro hac vice*.

   - [X] I have previously applied to appear *pro hac vice* in the following related or

   consolidated matters:

   a. <u>H:13-CV-60</u>   <u>U.S. District Court for the Eastern Dist. of Va.</u>
      DOCKET NUMBER          COURT NAME
   <u>09/16/2013</u>   <u>McCray v. Ardelle Associates, Inc.</u>
      DATE OF PRO HAC          STYLE OF RELATED OR CONSOLIDATED MATTER
      VICE APPLICATION

   b. _____          _____
      DOCKET NUMBER          COURT NAME

   _____          _____
      DATE OF PRO HAC          STYLE OF RELATED OR CONSOLIDATED MATTER
      VICE APPLICATION

   - [ ] Additional Sheet attached.

2. <u>1146 Concordia Dr., Baltimore, MD 21286</u>
   APPLICANT'S RESIDENCE
   <u>320 E. Towsontown Blvd., Suite 1 East, Baltimore, MD 21286</u>
   APPLICANT'S OFFICE ADDRESS

1 of 4          <u>Maryland</u>          <u>N/A</u>

3. Melissa Jackson Howell, Esq.
   NAME OF LOCAL COUNSEL

   48411
   VSB NUMBER

   999 Waterside Dr., Suite 2525, Norfolk, VA 23510
   STREET ADDRESS

   (757) 216-0160    MHowell@HowellHRLaw.com
   FAX NUMBER       EMAIL ADDRESS

   (757) 630-4030
   TELEPHONE NUMBER

4. Ardelle Associates, Inc. (Defendant)
   NAME OF PARTY TO CASE

   Howell Law Group, PLLC, 999 Waterside Dr., Suite 2525, Norfolk, VA 23510
   NAME AND ADDRESS OF COUNSEL FOR PARTY

   Sheryl McCray (Pro Se Plaintiff)
   NAME OF PARTY TO CASE

   6 Kirkwood Circle, Hampton, VA 23666
   NAME AND ADDRESS OF COUNSEL FOR PARTY

   Infused Solutions, LLC, 19575 Tantara Terrace, #302, Leesburg, VA 20176 (Defendant)
   NAME OF PARTY TO CASE

   Unknown
   NAME AND ADDRESS OF COUNSEL FOR PARTY

   ☒ Additional sheet attached.

5. Maryland
   COURT TO WHICH APPLICANT IS ADMITTED

   12/22/87
   DATE OF ADMISSION

   N/A
   BAR #

   District of Columbia
   COURT TO WHICH APPLICANT IS ADMITTED

   03/19/90
   DATE OF ADMISSION

   423228
   BAR #

   ☐ Additional sheet attached.

6. I am a member in good standing and authorized to appear in the courts identified in

   paragraph 5.

7. I am not currently disbarred or suspended in any state, territory, United States

   possession or tribunal.

Maryland        N/A

8. I ☒ am not subject to a pending disciplinary investigation or proceeding by

☐ am subject to a pending disciplinary investigation or proceeding by any court, agency or organization authorized to discipline me as a lawyer. (If such an investigation or proceeding is pending, attach to this application and incorporate by reference a statement specifying the jurisdiction, the nature of the matter under investigation or being prosecuted, and the name and address of the disciplinary authority investigating or prosecuting the matter.)

9. Within the past three (3) years, I

☒ have not been disciplined

☐ have been disciplined

by any court, agency or organization authorized to discipline me as a lawyer. (If so, attach to this application and incorporate by reference a statement specifying the name of the court, agency or organization imposing discipline, the date(s) of such discipline, the nature of the complaint or charge on which discipline was imposed, and the sanction.)

10. Within the last twelve (12) months preceding this application, I

☒ have not sought admission pro hac vice under this rule.

☐ have sought admission *pro hac vice* under this rule. (If so, attach to this application and incorporate by reference a copy of the order of the tribunal granting or denying your previous application. Such order(s) must include the name of the tribunal, the style of case and the docket number for the case(s) in which you filed an application and whether the application was granted or denied.)

☐ Order(s) attached and incorporated by reference.

11. I hereby consent to the jurisdiction of the courts and agencies of the Commonwealth of Virginia and of the Virginia State Bar and I further consent to service of process at any address(es) required by this Rule.

12. I agree to review and comply with appropriate rules of procedure as required in the case for which I am applying to appear pro hac vice.

13. I understand and I agree to comply with the rules and standards of professional conduct required of members of the Virginia State Bar.

11/5/14

DATE

SIGNATURE OF APPLICANT

Commonwealth/State of _Maryland_

[ ] City [X] County of _Baltimore_

Subscribed and sworn to/affirmed before me on this date by the above-named person.

11/5/14

DATE

_Jamie Lynn Pasko_

NOTARY PUBLIC

My commission expires: 4/13/17

JAMIE LYNN PASKO
Notary Public
Baltimore County
Maryland
My Commission Expires Apr 13, 2017

4 of 4

Maryland          N/A

VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON

SHERYL MCCRAY,

     Plaintiff,

v.                             Case No. CL-14-1589

ARDELLE ASSOCIATES, INC., et al.,

     Defendant.

## SUPPLEMENT TO DEFENDANT ARDELLE'S
## APPLICATION TO APPEAR *PRO HAC VICE*

     Douglas W. Desmarais further answers Question No. 4 of his Application to Appear *Pro Hac Vice* Before a Virginia Tribunal, dated November 8, 2014, as follows:

     In addition to *Pro Se* Plaintiff Sheryl McCray, Defendant Ardelle Associates, Inc., and Infused Solutions, LLC. additional parties to this case include:

    1.    Jamie Baker
             22636 Davis Drive
             Suite 100
             Sterling. VA 20164
             Defendant
             Counsel Unknown

    2.    Jonah Jancewicz
             2115 Executive Dr., Suite 6A
             Hampton, VA 23666
             Defendant
             Counsel Unknown

### APPLICATION TO APPEAR *PRO HAC VICE* BEFORE A VIRGINIA TRIBUNAL

I, Kerstin _____ Marie _____ Miller _____ _____, the
  APPLICANT FIRST NAME        MIDDLE NAME          LAST NAME          SUFFIX

undersigned attorney, hereby apply to this tribunal of the Commonwealth of Virginia,

Hampton Circuit Court _____, to appear as counsel

*pro hac vice* pursuant to Rule 1A:4 of the Rules of the Supreme Court of Virginia.

I further state the following:

  1. The case in which I seek to appear *pro hac vice* is styled

     McCray v. Ardelle Associates, Inc., et al. _____, has

     docket number CL-14-1589 _____ and is pending in

     Hampton Circuit Court _____.

     This case

     ☒ is

     ☐ is not

     a related or consolidated matter for which I have previously applied to appear *pro hac vice*.

     ☒ I have previously applied to appear *pro hac vice* in the following related or

     consolidated matters:

     a. 4:13-CV-60  U.S. District Court for the Eastern Dist. of Va.
        DOCKET NUMBER          COURT NAME
        09/16/2013  McCray v. Ardelle Associates, Inc.
        DATE OF PRO HAC        STYLE OF RELATED OR CONSOLIDATED MATTER
        VICE APPLICATION

     b. _____  _____
        DOCKET NUMBER          COURT NAME

        _____  _____
        DATE OF PRO HAC        STYLE OF RELATED OR CONSOLIDATED MATTER
        VICE APPLICATION

     ☐ Additional Sheet attached.

  2. 7814 Mayfair Circle, Ellicott City, MD 21043
     APPLICANT'S RESIDENCE
     320 E. Towsontown Blvd., Suite 1 East, Baltimore, MD 21286
     APPLICANT'S OFFICE ADDRESS

3. Melissa Jackson Howell, Esq.
   NAME OF LOCAL COUNSEL

   48411
   VSB NUMBER

   999 Waterside Dr., Suite 2525, Norfolk, VA 23510
   STREET ADDRESS

   (757) 216-0160    MHowell@HowellHRLaw.com
   FAX NUMBER        EMAIL ADDRESS

   (757) 630-4030
   TELEPHONE NUMBER

4. Ardelle Associates, Inc. (Defendant)
   NAME OF PARTY TO CASE

   Howell Law Group, PLLC, 999 Waterside Dr., Suite 2525, Norfolk, VA 23510
   NAME AND ADDRESS OF COUNSEL FOR PARTY

   Sheryl McCray (Pro Se Plaintiff)
   NAME OF PARTY TO CASE

   6 Kirkwood Circle, Hampton, VA 23666
   NAME AND ADDRESS OF COUNSEL FOR PARTY

   Infused Solutions, LLC, 19575 Tantara Terrace, #302, Leesburg, VA 20176 (Defendant)
   NAME OF PARTY TO CASE

   Unknown
   NAME AND ADDRESS OF COUNSEL FOR PARTY

   ☒ Additional sheet attached.

5. Maryland                              12/15/10              N/A
   COURT TO WHICH APPLICANT IS ADMITTED   DATE OF ADMISSION    BAR #


   COURT TO WHICH APPLICANT IS ADMITTED   DATE OF ADMISSION    BAR #

   ☐ Additional sheet attached.

6. I am a member in good standing and authorized to appear in the courts identified in

   paragraph 5.

7. I am not currently disbarred or suspended in any state, territory, United States

   possession or tribunal.

8. I ☒ am not subject to a pending disciplinary investigation or proceeding by

    ☐ am subject to a pending disciplinary investigation or proceeding by

any court, agency or organization authorized to discipline me as a lawyer. (If such an

investigation or proceeding is pending, attach to this application and incorporate by

reference a statement specifying the jurisdiction, the nature of the matter under

investigation or being prosecuted, and the name and address of the disciplinary

authority investigating or prosecuting the matter.)

9. Within the past three (3) years, I

    ☒ have not been disciplined

    ☐ have been disciplined

by any court, agency or organization authorized to discipline me as a lawyer. (If so,

attach to this application and incorporate by reference a statement specifying the

name of the court, agency or organization imposing discipline, the date(s) of such

discipline, the nature of the complaint or charge on which discipline was imposed,

and the sanction.)

10. Within the last twelve (12) months preceding this application, I

    ☒ have not sought admission pro hac vice under this rule.

    ☐ have sought admission *pro hac vice* under this rule. (If so, attach to this

application and incorporate by reference a copy of the order of the tribunal

granting or denying your previous application. Such order(s) must include the

name of the tribunal, the style of case and the docket number for the case(s) in

which you filed an application and whether the application was granted

or denied.)

    ☐ Order(s) attached and incorporated by reference.

11. I hereby consent to the jurisdiction of the courts and agencies of the Commonwealth

of Virginia and of the Virginia State Bar and I further consent to service of process at

any address(es) required by this Rule.

Maryland      N/A

12. I agree to review and comply with appropriate rules of procedure as required in the case for which I am applying to appear pro hac vice.

13. I understand and I agree to comply with the rules and standards of professional conduct required of members of the Virginia State Bar.

_____11/5/14_____          _____Kerstin Miller_____

DATE                            SIGNATURE OF APPLICANT

Commonwealth/State of ......Maryland..........................................

[ ] City [✓] County of ......Baltimore..........................................

Subscribed and sworn to/affirmed before me on this date by the above-named person.

_____11/5/14_____          _____Jamie Lynn Pasko_____

DATE                            NOTARY PUBLIC

My commission expires: ......4/13/17..........

JAMIE LYNN PASKO
Notary Public
Baltimore County
Maryland
My Commission Expires Apr 13, 2017

VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON

SHERYL MCCRAY,

      Plaintiff,

v.                             Case No. CL-14-1589

ARDELLE ASSOCIATES, INC., et al.,

      Defendant.

## SUPPLEMENT TO DEFENDANT ARDELLE'S
## APPLICATION TO APPEAR *PRO HAC VICE*

      Kerstin M. Miller further answers Question No. 4 of her Application to Appear *Pro Hac Vice* Before a Virginia Tribunal, dated November 3, 2014, as follows:

      In addition to *Pro Se* Plaintiff Sheryl McCray, Defendant Ardelle Associates, Inc., and Infused Solutions, LLC, additional parties to this case include:

    1.    Jamie Baker
         22636 Davis Drive
         Suite 100
         Sterling, VA 20164
         Defendant
         Counsel Unknown

    2.    Jonah Jancewicz
         2115 Executive Dr., Suite 6A
         Hampton, VA 23666
         Defendant
         Counsel Unknown

VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON

**SHERYL MCCRAY,**

      Plaintiff,

v.                              Case No. CL-14-1589

**ARDELLE ASSOCIATES, INC., et al.,**

      Defendant.

## ORDER

  Upon consideration of Defendant Ardelle Associate. Inc.'s *Motion to Associate Counsel Pro Hac Vice*. dated November 11. 2014. and all responses thereto. it is hereby ORDERED that Defendant's motion be and hereby is GRANTED, and it is further ORDERED that Mr. Douglas W. Desmarais and Ms. Kerstin M. Miller are admitted *pro hac vice* for all purposes related to this matter.

IT IS SO ORDERED this _____ day of _____ 2014.

                                _____

VIRGINIA:

### IN THE CIRCUIT COURT OF THE CITY OF HAMPTON

|  |  |
|---|---|
| SHERYL T. McCRAY, | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) Case No.: CL: 14-1589 |
| ARDELLE ASSOCIATES, ET AL., | ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S ARDELLE ASSOCIATES DEMURRER AND PLEA IN BAR

I, Sheryl T. McCray ("Plaintiff"), appearing *pro se* before this Court in this matter, respectfully submit this Motion for the Court to deny Defendant's Ardelle Associates Demurrer and Plea in Bar.

In support of this Response, I am submitting the following: 1. Affidavit under oath by me (Exhibit A), 2. Copy of Order from Federal Court (Exhibit B), 3. Copy of Order from Federal Court dismissing entire action (Exhibit C) 4. Copy of E-mail identifying Infused Solutions as new contractor (Exhibit D) 5.Copy of e-mail from Team Infused/Ardelle Associates recruiter (Exhibit E) 6. Copy of e-mail referencing OPSEC form (Exhibit F). 7. Copy of e-mail discussing Employee Warning Notice and my disagreement with Notice (Exhibit G), 8. Copy of e-mail to Defendant Jamie Baker and courtesy copy to Yolanda-Green Wilson (Exhibit H, 9. Copy of e-mail to me from Defendant Jamie Baker inquiring about the employee notice (Exhibit I), 10. Copy of e-mail to me from Defendant Jamie Baker in reference to my timesheet (Exhibit J), 11. Copy of e-mail from me to Defendant Jamie Baker requesting documentation to support the Final Warning/Probation Notice (Exhibit K) 12. Copy of e-mail from Defendant Jamie

1

Baker refusing to discuss my request for documentation (Exhibit L), 13. Probation Notice/E-mail Instructions (Exhibit M) 14. Termination Notice (Exhibit N) 15. Team Infused/Ardelle Associates' Workplace Violence Policy, (Exhibit O). 16. Standards of Business Conduct policy (Exhibit P)

## INTRODUCTION

1.     I did file this same action here in the United States District Court for the Eastern District of Virginia, Newport News Division. The U.S. District Court did enter an Order on January 31, 2014, dismissing Defendant "Ardelle" but this was not a final judgment. Claims against the United States Army Recruiting Command (USAREC) and Defendant Jonah Jancewicz (former Army Sergeant First Class) had not been resolved. (Exhibit B p.4 para 2)   This action was not dismissed from federal court until 17 April 2014. The Court declined jurisdiction and the entire action was dismissed without prejudice. (Exhibit C)

## BACKGROUND INFORMATION

2.     I was hired by Softec Solutions (Contract Company) to work as an employee at the U.S. Army Recruiting Command (USAREC) in Hampton, VA in May 2012. Infused Solutions (subcontractor for Ardelle Associates) replaced Softec Solutions in July 2012 and became the new contractor. (Exhibit D)   Ardelle Associates and Infused Solutions comprise one entity known as Team Infused/Ardelle Associates. (Exhibit E)

3.     On 20 September 2012, at approximately 2:20 pm, Defendant Jonah Jancewicz (former Army Sergeant First Class) approached me in a threatening and menacing manner and we engaged in an argument. Defendant Jancewicz indicated that he would be willing to physically assault me to settle this situation.    In addition, he attempted to use his imposing physical size and position of authority within the office to threaten me.    Defendant Jancewicz's tirade

2

included vulgar obscenities directed at me. Defendant Jancewicz, again approached me minutes later in a threatening and menacing manner. He again threatened me indicating that I had better stop talking or else he would physically assault me. Defendant Jancewicz then threatened me by hinting that I would be terminated from my job as a result of this incident.

5.      On or about Thursday, September 20, 2012 at approximately 3:00 PM, I received a phone call from Captain Jack Irby, company commander, to inquire about the situation that had taken place between me and Defendant Jancewicz. I explained the situation. Captain Irby asked me who my supervisor was and I told him it was Yolanda Green-Wilson (Team Infused/Ardelle Associate's recruiter). I also called Yolanda Green-Wilson to inform her of the incident. Capt Irby told me not to come to work on Friday, September 21, 2012.

6.      On Monday, September 24, 2012, First Sergeant Christopher Brown informed me that Defendant Jancewicz had filed a written statement with James Sprigler  Contracting Officer Representative (COR) concerning the incident of September 20, 2012. 1Sgt  Christopher Brown told  me that I should also file a written statement with James Sprigler. On September 24, 2012, at approximately 11:15 am, I attempted to report the incident of September 20, 2012 involving Defendant Jancewicz via electronic e-mail to James Sprigler (COR) at USAREC headquarters. My written statement  concerning Defendant Jancewicz's behavior was sent to James Sprigler on or about September 25, 2012.

7.      On September 25, 2012, Defendant Jamie Baker e-mailed me to inform me that (Ardelle Associates) notified Defendant Jamie Baker that I had not signed the OPSEC form (Operational Security Agreement). (Exhibit F)   I should have signed this form when I completed the initial hiring paperwork in July 2012 but was not aware of the OPSEC form until September 2012. This was the first time Defendant Jamie Baker communicated with me.  I was unaware that

Defendant Jamie Baker was the supervisor and program manager for the USAREC contract. I had always communicated with Yolanda Green-Wilson (Ardelle Associates Recruiter) and assumed that she was the supervisor. (Exhibit A Para 8)     As administrator of the contract, Defendant Jamie Baker should have made initial contact with me by personal appearance, telephone, or e-mail when Infused Solutions took over the USAREC contract.

8.     On September 26, 2012, Defendant Jamie Baker called me and was very upset because James Sprigler (COR) had "chewed her out." Defendant Jamie Baker was angry with me. Defendant Baker believed that I should have told her about the events of 20 September 2012. (Exhibit A Para 9)   Defendant Jamie Baker continued by alleging that Lisa Barcelona (former contractor recruiter of Softec Solutions) had warned me about my behavior.     I denied any knowledge of these allegations.   I asked Defendant Jamie Baker for specifics about what she was referring to including names, dates, times, etc.   Defendant Jamie Baker told me that she did not have to give me names, dates and times.   Defendant Jamie Baker told me that she was going to do "what was best for the company." Defendant Jamie Baker told me that she was placing me on probation for 90 days.

9.     On 26 September 2012,   I received a phone call from Defendant Baker's supervisor (Akbar Masood).  He placed me on speakerphone so that Defendant Baker could also hear the conversation.   Akbar Masood told me that if there are any issues at work I should discuss them with Defendant Baker, not anyone from Army Recruiting.   I asked Akbar Masood about any documentation referencing my performance and/or behavior from the previous contractor Softec Solutions (Lisa Barcelona recruiter).   He told me that he did not know anything about it; but it may have been discussed verbally.

4

10.     On 26 September 2012, Defendant Jamie Baker e-mailed me an Employee Warning Notice.  This notice outlined instructions on the 90-day probation and my timesheet.  The e-mail states, "any issues at the work location should be discussed with Defendant Jamie Baker." In this same e-mail, I told Defendant Baker that I would not sign the probation notice because I was not in agreement with the notice.  (Exhibit G)  I e-mailed Defendant Baker a copy of the e-mail conversation between  James Sprigler (USAREC COR) and me and courtesy copied Yolanda Green-Wilson to ensure that she (Green-Wilson) was aware of the communication. (Exhibit H)

11.     On 27 September 2012, Defendant Jamie Baker e-mailed me again stating that she had not received my signed employee warning notice.  (Exhibit I).  I had already told  Defendant Jamie Baker that I would not sign the notice and why I would not sign the notice. ((Exhibit G) On 28 September 2012, Defendant Jamie Baker sent me a harassing e-mail in reference to my timesheet.  My timesheet had never been an issue until 26 September 2012.  (Exhibit J)  On  28 September 2012, I asked Defendant Baker for documentation to support her claims in reference to the Employee Warning Notice.  (Exhibit K)        Defendant Baker did not answer me and she intentionally deleted my email request for the documentation.   Defendant Jamie Baker told me "This conversation is not up for discussion." (Exhibit L)

12.     On 26 September 2012, Defendant Baker e-mailed me a Final Warning Notice placing me on probation for 90-days.  The reason for the probation was that I  had been "confrontational, insubordinate, and rude to customers for over 90-days and my behavior was not improving."   I refused to sign the probation notice.  Defendant Jamie Baker told me that Captain Irby would need to sign the notice.  Captain Irby did sign the notice; Captain Irby is a third party and not an employee of Infused Solutions. (Exhibit M)

5

13.     On 4 October 2012, Yolanda-Green Wilson e-mailed me a termination notice stating that

I had violated the company's workplace violence policy.     This notice states that 1Sgt

Christopher Brown would escort me out of the facility.   1Sgt Christopher Brown did escort me

out of the facility; 1Sgt Christopher Brown is a third party and not an employee of Team

Infused/Ardelle Associates. (Exhibit N)

## ARGUMENT

## STATUTE OF LIMITATIONS

14.     Defendant Ardelle alleges that I am prevented from filing my case in this court Pursuant

to Virginia Code section 8.01-2471.1.   Defendant is incorrect as to the applicable statute.   The

correct statute is section 8.01-229 (E) (1) which states:

> Except as provided in subdivision 3 of this subsection, if any
> action is commenced within the prescribed limitation period and
> for any cause abates or is dismissed without determining the
> merits, the time such action is pending shall not be computed as
> part of the period within which such action may be brought, and
> another action may be brought within the remaining period.

15.     The first action against me (Defamation/Probation) occurred on 26 September 2012 and

the second action (Defamation/Unlawful Termination) occurred on 4 October 2012. This case

was originally filed on 3 May 2013 in federal court and was dismissed without prejudice on 17

April 2014. The Statute of Limitations tolled during this time.   Therefore, I had 180 days

remaining to file my action in state court. I had until 13 Oct 2014 to file my complaint in this

court. I filed my complaint on 7 Aug 2014. Therefore, I complied with the relevant statutes.

## DEFAMATION

In *Larimore v. Blaylock* 528 S.E. 2d 119 (Va 2000)
communications between persons on a subject in which the persons have an
interest or duty are occasions of privilege; however, the privilege attaching to
such occasions is a qualified privilege which may be defeated if plaintiff proves

that the defamatory statement was made maliciously.

In *Echten v. Loudon Co. Pub. Schs*, 263 F Supp. 2d 1043, "Under Virginia law of defamation, privilege is qualified and is lost if plaintiff proves by clear and convincing evidence that defamatory words were spoken with common-law "malice," i.e., behavior actuate by motives of personal spite , or ill-will, independent of occasion on which communication was made.
To avoid qualified privilege in defamation action under Virginia law, plaintiff must show that allegedly defamatory communication was actuated by some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure

In *Cashion v. Smith*      749 s.e. 2d 526, 533 (Va 2013)
The question of whether a defendant has lost or abused the privileges is a question of fact for the jury.

16.    Ardelle states that "The Complaint does not describe how or when Ms. Green-Wilson

learned of the alleged September 20, incident, and does not contend that Ms. Green-Wilson

disseminated the termination notice to anyone besides Plaintiff.  I have stated repeatedly that I

called Yolanda Green-Wilson the same day the incident occurred. (Exhibit A para 7)  Ardelle

has never disputed my statement.  She was also notified again by e-mail from me that an incident

had occurred.   Yolanda Green-Wilson knew that an incident occurred and did not inquire about

the incident. (Exhibit H)

17.    In my Complaint filed on August 7th 2014 it states, "The defamatory statements that

were communicated concerning Plaintiff included but were not limited to:   Team

Infused/Ardelle Associates  false reports/claims alleging that Plaintiff had engaged in workplace

violence and Defendant Baker's false reports/claims that Plaintiff exhibited "constant

insubordinate behavior towards individuals at her work location",  that Plaintiff's alleged prior

bad behavior had been occurring for over 90 days, that the alleged behavior of Plaintiff had been

previously addressed, and finally that Plaintiff's alleged misbehavior had not improved.  All of

these statements were fabricated and told with complete knowledge of their falsity or with

7

reckless disregard for the truth. (Para 37)

Even if these statements were true, (Plaintiff does not say so) then it is questionable as to why Team Infused/Ardelle Associates Inc. would allow this behavior to continue for over three months. (Exhibit M,N)

18.     The false statement that I "engaged in workplace violence" was shared with 1Sgt Christopher Brown. ( U.S. Army and third party) In the termination notice it states that "1SG Brown will sign your timesheet and escort you out of the facility". The defamatory words were spoken, published and/or communicated to him with malice via oral, telephonic, written and/or electronic communication.   He escorted me out of the facility as if I had engaged in criminal behavior.   In the alternative, these defamatory statements were spoken after negligently or recklessly failing to ascertain any facts on which the statements were based.   No investigation was conducted. (Exhibit N,O)

19.     In the termination notice, Team Infused/Ardelle Associates has identified me as an employee engaging in "workplace violence." If this is true, I should have been immediately fired or removed from the premises. I would have been considered a danger to Army employees and customers. I was authorized to return to the work location for two weeks before being terminated.   Since the incident of 20 September 2012 was never investigated under Team Infused/Ardelle Associates workplace violence policy, their own inaction would prove that the statements were false. Ardelle also violated the *Standards of Business Conduct* policy outlined in the employee handbook. "*16. Making false and/or malicious accusations against another employee*"   (Exhibit P).   The statements that Yolanda Green-Wilson shared with 1Sgt Christopher Brown were false and/or malicious.

20.     The termination notice that I received from Yolanda Green-Wilson on October 4, 2012

8

was clearly a retaliatory act against me for filing a written report against Defendant Jancewicz and requesting any copies of past documentation concerning my behavior.  The termination notice specifically states the "circumstance of 9/20/2012" as the reason for the termination. Ardelle can only state that an incident occurred on 9/20/2012 but they cannot make any factual references about a "circumstance" because they did not conduct an investigation.

21.    They did not comply with their own workplace violence policy and investigate this incident. Further, this policy states, "Anyone determined to be responsible for threats of (or actual ) violence or other conduct that is in violation of these guidelines may be subject to prompt disciplinary action up to and including termination of employment". (Exhibit O)   Based on this statement in the "workplace violence policy" section, it could not be *determined* that I was in "violation of these guidelines", because there was no investigation.

22.    Team Infused/Ardelle Associates cannot enforce policies of the employee handbook for the benefit of the company to discipline an employee and then not comply with these same policies when a lawsuit is being filed by the employee.  The termination notice states, "You signed an employee handbook, which was very clear that any workplace violence in any form will not be tolerated and would possibly end with termination of employment from Team Infused/Ardelle Associates (Exhibit N).  This same handbook that I signed also  states "the Company will promptly and thoroughly investigate all reports of threats of (or actual) violence and of suspicious individuals". (Exhibit O).   Team Infused/Ardelle Associates did not comply with the procedures and policies of their own employee handbook because they knew that "they made false statements and I did not engage in workplace violence".    My claims cannot be disputed because they did not conduct an investigation.

23.    Ardelle states that I "seek to hold them responsible for the alleged defamation of

9

Defendant Baker (who was not an Ardelle employee) under an "alter ego" theory. (P. 7 Para 2)

Team Infused/Ardelle Associates committed the most egregious act and it was done with

malicious intent. Defendant Baker could not terminate me because she lacked documentation

and she needed management's approval. But as the employer, Ardelle made the final decision.

They did not intend to conduct an investigation. All of the Defendants are responsible for the

actions that were taken against me because all knew that the statements were false.

24.      Ardelle is attempting to distance themselves from Infused Solutions now but it was a

joint effort to place me on probation and eventually terminate me on October 4, 2012. For the

USAREC contract that I was assigned to, Ardelle (contractor) and Infused Solutions

(subcontractor) operated and functioned as a team (Team Infused/Ardelle Associates). (Exhibit

E)

25.      In the termination notice, Ms. Green-Wilson stated that I was in "violation of *Team*

*Infused/Ardelle Associates* code of conduct in the workplace.   She states further that,

"workplace violence in any form will not be tolerated and would possibly end with termination

of employment from *Team Infused/Ardelle Associates*". (Exhibit N)   Team Infused/Ardelle

Associates cannot collaborate to enforce disciplinary action for the benefit of the company and

then attempt to operate/function separately when a lawsuit is being filed.

26.  I stated that Defendant Jancewicz "approached me in a threatening and menacing manner

and indicated that he would be willing to physically assault me" twice but Team Infused/Ardelle

Associates chose not to investigate the incident. (Complaint P. 3 Para 1,2)   I was not allowed to

return to my work location the day after the incident and no one from Team Infused/Ardelle

Associates contacted me.   I worked in a male dominated environment but Team Infused/Ardelle

Associates still chose not investigate.   Defendant Baker placed me on probation; Team

10

Infused/Ardelle Associates terminated me. The termination notice does not mention anything about me being "confrontational, insubordinate, and rude to customers" and that it has been an issue for over 90 days and appears to be getting worse" because Team Infused/Ardelle Associates knew that these statements were not true. Instead, I am identified as "violent" but there are no specifics as to how I was violent on 20 September 2012. (Exhibit N)

27.     I can claim that SFC Jancewicz communicated defamatory statements but I do not have any evidence. Team Infused/Ardelle Associates did not give me a copy of SFC Jancewicz's statement. But I do have evidence that Team Infused/Ardelle Associates communicated false statements to 1Sgt Christopher Brown with malicious intent. SFC Jancewicz did not take action against me; Ardelle did.   Ardelles claims to be a "witness who received (but did not publish) defamatory" statements. (P.8 Para 1)     If Ardelle knew that they "received defamatory statements" they should not have taken any action against me. They refuse to accept any responsibility even though I was terminated based on these defamatory statements. By the mere fact that Ardelle willfully disregarded their own policy and did not conduct an investigation, they cannot dispute my claims and cannot state that I was in violation of any policies.

28.     The above-mentioned false statements concerning me are defamatory *per se* because they are extremely likely to cause injury to my reputation, imply that I was involved in criminal behavior, imply that I was unfit to perform the duties of my job, and prejudice me in my line of employment.

### WRONGFUL TERMINATION

29.     Ardelle states that "Virginia adheres to the doctrine of employment-at-will, which leaves either party reason free to terminate the employment relationship at any time for any reason or for no reason at all." (P. 8 Para 2) The "doctrine of employment-at-will" does not apply when

11

an employer engages in tortious conduct to terminate the employment relationship.  This termination was based on malice and retaliation.  Ardelle acted with malicious intent in terminating me by defaming my character and inflicting emotional distress.  Ardelle has admitted that they knew the statements were defamatory.  (P.8 Para 1)  Ardelle attempts to relieve themselves of responsibility by stating "at best we are a "witness who received (but did not publish) defamatory" statements. (P.8 Para 1)  A "mere witness" does not take action.  Their actions against me are the most egregious and malicious because they terminated me and refused to conduct an investigation.

30.     I was not afforded due process; I never received a copy of Defendant Jancewicz's written statement to James Sprigler (USAREC COR).  Therefore, for that reason and because  no investigation was conducted I was not given due process under Team Infused/Ardelle Associates policy and procedures.  Ardelle states that I "engaged in workplace violence" but they have no facts/and or evidence to support their claims.

31.     Ardelle cannot direct blame toward the Army; the Army was not my employer.  When Ardelle was aware that an incident   occurred, as the employer it was *their* responsibility to investigate and ensure that  my rights were not violated.  Ardelle hired me to work for Infused Solutions in accordance with the contract that they had with USAREC. They cannot  assume the role as employer and discipline me for the benefit of the company and  then claim to be a "mere witness" when I file a lawsuit claiming that the discipline (termination) was unjust.  Team Infused/Ardelle Associates Inc. terminated me and both companies comprise one entity. Therefore, my wrongful termination claim against Defendant Ardelle should survive.

### CONCLUSION

12

I have complied with all applicable statutes when filing this action.        I   have   been

consistent with my claims since I initially filed in U.S. District Court.   I have provided factual

statements that support my claims of defamation.    I  have provided evidence to support my

claims. The termination notice stated that I   was in "violation of Team Infused/Ardelle

Associates' code of conduct in the workplace".  If further states that I engaged in "workplace

violence".    These  statements  were  false  and  communicated  to  a  third  party.      Team

Infused/Ardelle Associates has not provided any evidence rebutting my claims that there were

false statements made with malicious intent.   Their lack of supporting documentation and failure

to comply with their own policy further confirms my claims of defamation and wrongful

termination.


Due to the foregoing, I request that Ardelle Associates  Demurer  and Plea in Bar be denied.


Respectfully submitted this ___17th___ day of November 2014.


Sheryl T. McCray,
*Plaintiff, appearing pro se*

13

## CERTIFICATE OF SERVICE

I, Sheryl T. McCray, hereby certify that on this _17th_ day of November 2014, a true and correct copy of Plaintiff's Response to Defendant's Ardelle Associates Demurrer and Plea in Bar was sent by U. S. Mail with postage prepaid thereon to the following:

Melissa Howell
999 Waterside Dr. Suite 2525
Norfolk, VA  23510

John E. Carter
4103 Chain Bridge Road, #101
Fairfax, VA  22030

SHERYL T. MCCRAY, Plaintiff
6 Kirkwood Circle
Hampton, VA  23666

FILED

2014 NOV 17  AM 11: 49

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY: _____

14

<u>AFFIDAVIT</u>

COMMONWEALTH OF VIRGINIA    )
                                       ) ss.

CITY OF HAMPTON                )

I, Sheryl T. McCray, being of sound mind and body do hereby swear and attest to the following:

      1)      I filed a Civil Action No.: CL: 14-1589 in the Circuit Court of City of Hampton based on actions against me (specifically defamation) by Jamie Baker (Defendant former Infused Solutions employee) listed therein.

      2)      Throughout the above referenced complaint, I believe my former attorney was specific in spelling out the issues that transpired surrounding my removal from employment and the period between May 15, 2012 and October 04, 2012.

      3)      All of the allegations presented in said Civil Action are based on actual events and on actions of individuals/organizations so mentioned.

      4)      This affidavit addresses just some of the issues included but not limited to raised in the Response to Defendant's Infused Solutions Demurrer and Memorandum of Law.

      5)      I was hired to work at the U. S. Army Recruiting Command (USAREC) in May 2012.   I worked for Lisa Barcelona former employee/recruiter of previous contractor (Softec Solutions), Captain Jennifer Jones (former USAREC commander) and First Sergeant (1Sgt) Christopher Brown until July 2012.   During this time, no performance and/or behavior issues were ever discussed with me.

      6)    In July 2012, Infused Solutions obtained the contract for USAREC and Captain Jack Irby became the commander.   Captain Jack Irby and 1Sgt Christopher Brown never discussed any performance and/or behavior issues with me.

1

Exhibit A

7)    On 20 September 2012, Sergeant First Class (SFC) Jonah Jancewicz approached me in a threatening and menacing manner and we engaged in an argument.    I called Yolanda Green-Wilson (Ardelle Associates Recruiter) and told her about the argument.    Capt Jack Irby did not allow me to return to the work location until 24 September 2012.

8)    On 25 September 2012, Defendant Jamie Baker e-mailed me.    She told me that Ardelle Associates notified her that I had not signed the OPSEC (Operational Security Agreement) form. This was the first time Defendant Baker had ever communicated with me and I did not know that she was my supervisor.

9)    On 26 September 2012, Defendant Baker called me and was angry.    Defendant Baker believed that I should have told her about the events of 20 September 2012.    I did not inform her because as stated in (para 8) I did not know that she was my supervisor.

10)    On 26 September 2012, I was placed on Probation for 90 days by Defendant Baker for being "confrontational, insubordinate and rudeness to customers/coworkers".    The Probation notice stated that this was my final warning eventhough I never received any previous warnings.    When I requested by e-mail copies of documentation to support the Probation, Defendant Baker deleted my request.

11)    On 4 October 2012, I was terminated from employment by Team Infused/Ardelle Associates for "workplace violence."

12)    Team infused/Ardelle Associates' Company handbook states that "The Company will promptly and thoroughly investigate all reports of threats of (or actual) violence."    No investigation was ever conducted.

2

**FURTHER AFFIANT SAITH NOT**

Sheryl F. McCray

The foregoing instrument was subscribed and sworn before me this
2 day of October , 2014, by Sheryl T. McCray

Theresa P. Branch
Notary Public

My commission expires 9-30-2017

THERESA P. BRANCH
NOTARY PUBLIC
REG. #363862
MY COMMISSION EXPIRES
9-30-2017
COMMONWEALTH OF VIRGINIA

FILED
2014 NOV 17 AM 11:49
CIRCUIT COURT CLERK'S OFFICE
CITY OF NEWPORT NEWS, VA
LINDA B. SMITH, CLERK
BY:

3

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

JAN 3 1 2014

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

SHERYL MCCRAY,

        Plaintiff,

    v.

ARDELLE ASSOCIATES, et al.

        Defendant.

ACTION NO. 4:13cv60

## ORDER

Plaintiff filed this action by counsel on May 3, 2013. Plaintiff's counsel died subsequently. Therefore, the court entered an Order on August 23, 2013, granting Plaintiff time to retain new counsel and briefly staying Plaintiff's time to serve the Defendants not yet served. New counsel did not appear by the stated deadline and the unserved Defendants were not served. The court then entered another Order on November 12, 2013, which granted Plaintiff a further extension of time to serve the unserved Defendants. Plaintiff was specifically advised that any Defendants that were not served by December 12, 2013, would be dismissed from this action without prejudice. Plaintiff did subsequently submit service returns for some of the Defendants, but the returns indicate that certain of these Defendants were served, or service was attempted, after the allotted extension time. D.E. ## 20, 23.

*Exhibit B*

Defendant Infused Solutions, LLC, appeared and filed a Motion to Quash Service, arguing that service was ineffective because it was beyond the time permitted by the court. Infused, therefore, requested dismissal pursuant to Fed. R. Civ. P. 4(m). Defendant Infused was not timely served after two extensions had been granted, so its Motion is GRANTED, and it is DISMISSED from this action without prejudice pursuant to Fed. R. Civ. P. 4(m).[1]  The other Defendants who were clearly not timely served (Defendants Baker and Jancewicz) are also DISMISSED from this action without prejudice pursuant to Fed. R. Civ. P. 4(m).[2]

Defendant Ardelle Associates ("Ardelle"), on the other hand, was timely served or it waived service and appeared. Ardelle then filed a Motion to Dismiss Plaintiff's Complaint. Plaintiff was advised of her right to respond pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and she did so.

Plaintiff's Complaint asserts a claim of defamation arising out of the following facts:  Plaintiff was employed by staffing company Ardelle, which provided her services to subcontractor Defendant Infused Solutions, LLC.  Infused had a contract to service the United States Army Recruiting Center in Hampton,

---

[1] Infused was served on December 23, 2013.  D.E. # 20.

[2] The summons for Baker was returned unexecuted on December 23, 2013, and Jancewicz was served on December 21, 2013 . D.E. # # 23, 20.

2

Virginia. While Plaintiff was working at the Recruiting Center, a dispute arose between Plaintiff and an employee of the United States Army Recruiter Command, Defendant Jancewicz. Plaintiff contended Jancewicz had been abusive, while Jancewicz contended Plaintiff had been abusive. Plaintiff claims Jancewicz lied about the incident and made "false allegations" against her. Plaintiff was then terminated by Ardelle. According to the Complaint, the termination notice indicated that the incident with Jancewicz was the reason for the termination. Plaintiff seeks to hold each entity and individual associated with the incident liable for defamation. She seeks over four million dollars in damages.

Ardelle's Motion to Dismiss asserts that Plaintiff's Complaint fails to set forth an actionable claim of defamation against Ardelle because Ardelle is not alleged to have published a false statement to a third-party. See Shaheen v. WellPoint Companies, Inc., 490 Fed. Appx. 552, 555(4th Cir. 2012) (establishing that a "defamation action under Virginia law requires (1) publication, (2) of an actionable [both false and defamatory] statement, and (3) the requisite intent"). The only statement of Ardelle referenced is that Ardelle's termination letter said the incident was the cause of the termination. This is not claimed by Plaintiff to be "false." Plaintiff contends that she should not have been terminated, but that is a different matter than establishing that Ardelle made a false statement. Additionally, Ardelle's

3

termination letter was not alleged to have been shared with any third-party, so the required element of publication is wholly lacking.

Plaintiff contends she should be permitted discovery to ascertain if any false statements were made by Ardelle, and if any statements were shared with others, but she misperceives the role of discovery. Discovery is permitted once a plaintiff has alleged known, specific facts indicating that he or she possesses a plausible claim of entitlement to relief. Discovery is not permitted to determine if a claim exists or can be supported.

Finally, Plaintiff did not set forth any facts indicating that Ardelle should be held vicariously liable for any other Defendant's false statements or under a theory of *respondeat superior* for the acts of any other Defendant. Plaintiff therefore failed to establish a plausible claim of entitlement to relief under any theory that Defendant Ardelle defamed her. Accordingly, the court GRANTS Ardelle's Motion to Dismiss, and DISMISSES Defendant Ardelle from this action.[3]

---

[3]The dismissal of Plaintiff's claims against some Defendants will not be a final judgment for purposes of appeal until the court resolves Plaintiff's claim against the remaining Defendant, United States Army Recruiting Command. <u>See</u> Fed. R. Civ. P. 54. As a result, Plaintiff may not yet appeal this Order.

4

*Exhibit B*



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

SHERYL MCCRAY,

        Plaintiff,

    v.                            ACTION NO. 4:13cv60

ARDELLE ASSOCIATES, et al.

        Defendants.

### DISMISSAL ORDER

On March 26, 2014, the court issued an Order announcing its intent to decline to exercise supplemental jurisdiction over the remaining claims in this action, which arise under state law. The court explained that this action would be dismissed if the court declined to exercise supplemental jurisdiction. The parties were directed to file any objections within twenty days of the Order.

No party filed any objection.[1]  Because the federal claims upon which federal subject matter jurisdiction was based were dismissed upon the request of the Plaintiff, because the state law claims remaining are not of federal concern, and because no party set forth any reason why supplemental jurisdiction should be retained, the court DECLINES to exercise supplemental jurisdiction

---

[1] Plaintiff did respond to a subsequent Order issued on April 1, 2014, that directed her to show cause why the John and Jane Doe Defendants should not be dismissed. Plaintiff's submission does not address the jurisdictional issue.

*Exhibit C*

over the remaining claims in this case. This action is therefore DISMISSED without prejudice. This dismissal renders all pending motions MOOT.

Plaintiff may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607. Said written notice must be received by the Clerk within thirty (30) days of the date of this Dismissal Order. If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff, to Defendant Baker, and to counsel for Defendants.

IT IS SO ORDERED.

Rebecca Beach Smith
Chief
United States District Judge

April 17, 2014

FILED

2014 NOV 17  AM 11: 50

CIRCUIT COURT CLERKS OFFICE
CITY OF HAMPTON, VA.
LINDA B. SMITH CLERK

BY:

EXHIBIT C

2

Jones, Jennifer D CPT MIL USA TRADOC USAREC

| | |
|---|---|
| **From:** | Sprigler, James O Mr CIV USA TRADOC USAREC |
| **Sent:** | Friday, June 15, 2012 4:31 PM |
| **To:** | (Company Commander-ALL) |
| **Cc:** | Stubeda, Martin J Mr CIV USA TRADOC USAREC; Moore, Judy K Mrs CIV USA; Leonard, Robert E LTC MIL USA TRADOC USAREC |
| **Subject:** | New Admin Asst contract company start date  (UNCLASSIFIED) |
| **Signed By:** | james.sprigler@us.army.mil |
| **Importance:** | High |

Classification: UNCLASSIFIED
Caveats: FOUO

Commander's,

Just a short note to let you know that effective 1 July 2012 the current
admin asst contract company (Softec) is being replaced by a new contract
company called Infused Solutions. Please share this information with your
admin assistant's as soon as possible in order to help avoid the "who do I
work for confusion".

The below email was sent out by Infused Solutions to all admin assts.
USAREC's email system bounced many of these notifications back to the sender
for some unknown reason. Need to ensure all admin assts receive this
notification in a timely manner.

I will be providing you with the new contract Performance Work Statement
hopefully by Friday, 22 June, 2012 in order for you to review and field any
questions or concerns that you may have.

As always I am here to support you.

v/r


James O. Sprigler, GS
Contracting Officers Representative
Headquarters USAREC
DSN 536-0324
Telephone (502) 626-0324
Fax (502) 626-0785
james.sprigler@usarec.army.mil


Subject: USAREC - Infused Solutions July 1, 2012 Contract Begins

Attention USAREC Administrative Assistants:

*The USAREC Administrative Support contract with Infused Solutions is
scheduled to begin on July 1, 2012.  * We will be sending additional
paperwork that must be completed as soon as possible.

1

*Exhibit D*

Importance:          High


> From: Yolanda Green-Wilson <YGWilson@ardelle.com>
> To: "scoleman64@cox.net" <scoleman64@cox.net>
> Subject: FW: Team Infused/Ardelle Associates hire paperwork -
> Date: Tue, 3 Jul 2012 18:26:05 +0000
>
>
>
>
> From: Yolanda Green-Wilson
> Sent: Tuesday, July 03, 2012 1:19 PM
> To: Sheryl.mccay@usarev.army.mil
> Subject: FW: Team Infused/Ardelle Associates hire paperwork -
> Importance: High
>
>
>
> From: Yolanda Green-Wilson
> Sent: Tuesday, July 03, 2012 11:01 AM
> To: 'sheryl.t.mccray@usarec.army.mil'
> Subject: Team Infused/Ardelle Associates hire paperwork -
> Importance: High
>
> Hello Sheryl,
>
> Attached is the paperwork that is needed immediately.  Please complete this paperwork &
return by 1:00PM today.  A second email will follow with other hire paperwork.  Please if you
can return that paperwork by Friday, July 8, 2013. It would be greatly appreciated.
>
> Yolanda Green-Wilson
> Recruiter
>
> Ardelle Associates
> 344 Commerce Street
> Alexandria, VA 22314
> 703-518-9960 (voice)
> 703-518-9965 (Fax)
>
> www.ardelle.com<http://www.ardelle.com/>
>
>

1

FILED

2014 NOV 17 AM 11: 50

CIRCUIT COURT CLERKS OFFICE
CITY OF HAMPTON VA
LINDA B. SMITH CLERK

Exhibit E

## **** WELCOME ****

We are Team Infused, the new Administrative Support Services Contractor for United States Army Recruiting Command (USAREC). We are excited and honored to have the opportunity to support the important mission of USAREC.

Team Infused is made up of three companies:

- Infused Solutions, LLC (Prime Contractor)

- Ardelle Associates

- National Associates Inc

Over the next few days, one of our team members shall contact and guide you through the transition process. If you do not hear from us by Wednesday, 7/9/2012, contact us at usarec@infusedsolutions.com.

Our goal is to transition 100% of all eligible incumbent staff into the new contract, which is scheduled to start July 1, 2012. We need your cooperation in making this transition a success.

Once again, welcome to the new Administrative Support Services contract, we look forward to working with you.

Regards,

## Team Infused

FILED

2014 MAY 17 AM 11: 50

CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON, VA
LINDA S. SMITH, CLERK

Exhibit E
2

From: Jamie Baker <jbaker@infusedsolutions.com> Add to Addresses Block Sender

Date: Tuesday, September 25, 2012 11:25 AM

To: scoleman64@cox.net Add to Addresses

Subject: OPSEC Agreement Form - McCray URGENT

Size: 44 KB

Attachments: OPSEC Individual User Compliance Agreement.doc (39.7 KB)

Ms. McCray,

I was notified by Ardelle today that you have not signed your OPSEC form and returned to them. Please sign the form and return immediately through fax or e-mail. If you send it through e-mail please CC me so I can confirm you have sent the document with Ardelle.

Thanks,

Ms. Jamie Baker

Program Manager

jbaker@infusedsolutions.com

Phone: 703-466-0310 Fax: 571-266-0153

Open Attachment OPSEC Individual User Compliance Agreement.doc Open

Exhibit F

-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Wednesday, September 26, 2012 1:37 PM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Re: Employee Warning Notice - McCray (UNCLASSIFIED)

Ms. McCray,

This is acknowledgement that you are refusing to sign the form.

You will need to have your CPT or 1SG sign the witness signature on the
form and return it to me via fax or email by 4:00PM EST.

Thanks,

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153


On Wed, Sep 26, 2012 at 12:16 PM, Mccray, Sheryl T Ms CTR USA TRADOC
USAREC <SHERYL.MCCRAY@usarec.army.mil> wrote:

> Classification: UNCLASSIFIED
> Caveats: FOUO
>
> Ms. Baker,
>
> I am not in agreement with this Final Warning because I have not
> received a previous warning from Capt Jones, Capt Irby, 1SG Brown or
> the former Contractor (Softec).
>
> My performance or behavior has never been mentioned to me or
documented.
>
> On Monday, 24 September 2012, 1SG Brown told me that SFC Jancewicz had

> filed a complaint with Mr. James Sprigler and he told me that in all
> fairness I may want to file my complaint with him too.
>
> I am not in agreement with this warning and I do decline to sign.  ------- ------------ -----
>
> v/r
>
>
>

Exhibit G

> Sheryl McCray, Contractor
> Administrative Assistant, USAREC
> Team Infused
> 757-825-9891
>
>
>
>
>
> -----Original Message-----
> From: Jamie Baker [jbaker@infusedsolutions.com]
> Sent: Wednesday, September 26, 2012 10:17 AM
> To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
> Subject: Employee Warning Notice - McCray
>
> Ms. McCray,
>
> Thank you for taking the time to speak with me this morning regarding
> the issue at your work location.  As I mentioned on the phone attached

> is the notification that you are on a 90 day probation period starting

> 09/26/12.
> Please sign and date the form and return it to me immediately today.
> If you wish to not sign the form, you will need to have your CPT or
> 1SG sign for the witness signature.
>
> Until further notice you will need to submit to me through fax or
> email on Friday each week by 4:00PM EST your timesheet signed by you
> and your CPT or 1SG.  Your timesheet must be completed correctly and
accurately.
>
> You are not to communicate directly to the USAREC COR for any reason
> unless otherwise instructed by Infused Solutions.  All performance
> issues or any issue at a work location has to be discussed with the
> Program Manager from Infused Solutions for the USAREC contract.
>
> If you have any further questions or concerns, please contact me
> directly.
>
>
> Ms. Jamie Baker
> Program Manager
> jbaker@infusedsolutions.com
> Phone: 703-466-0310 Fax: 571-266-0153

Exhibit G

**Mccray, Sheryl T Ms CTR USA TRADOC USAREC**

| | |
|---|---|
| From: | Mccray, Sheryl T Ms CTR USA TRADOC USAREC |
| Sent: | Wednesday, September 26, 2012 12:23 PM |
| To: | 'Jamie Baker' |
| Cc: | 'YGWilson@ardelle.com' |
| Subject: | FW: Test (UNCLASSIFIED) |
| Signed By: | Sheryl.t.mccray.ctr@us.army.mil |

Classification: UNCLASSIFIED
Caveats: FOUO

FYI

-----Original Message-----
From: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Sent: Tuesday, September 25, 2012 9:48 AM
To: Sprigler, James O Mr CIV USA TRADOC USAREC
Subject: RE: Test (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO

Mr. Sprigler,

I do and I am not leaving you hanging.
Remember I just found out yesterday that
you were the POC for this. The other complainant
had the advantage of being able to file Friday.
I will send it to you shortly.

v/r


Sheryl McCray, Contractor
Administrative Assistant, USAREC
Team Infused
757-825-9891


-----Original Message-----
From: Sprigler, James O Mr CIV USA TRADOC USAREC
Sent: Tuesday, September 25, 2012 9:32 AM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: RE: Test (UNCLASSIFIED)
Importance: High

Classification: UNCLASSIFIED
Caveats: FOUO

Ms. Sheryl,

Do you have an actual complaint that you wish to file? I feel like you're
leaving me hanging here, but if there is an actual issue I definitely want

1

*Exhibit H*

to get it corrected asap.

v/r

James O. Sprigler, GS
Contracting Officers Representative
Headquarters USAREC
DSN 536-0324
Telephone (502) 626-0324
Fax (502) 626-0785
james.sprigler@usarec.army.mil

-----Original Message-----
From: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Sent: Monday, September 24, 2012 12:06 PM
To: Sprigler, James O Mr CIV USA TRADOC USAREC
Subject: RE: Test (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO

Per the 1SG, I need to file my complaint with a Mr. James Sprigler in
reference to an incident that occurred last week.
Are you the POC for this?

v/r

Sheryl McCray, Contractor
Administrative Assistant, USAREC
Team Infused
757-825-9891

Classification: UNCLASSIFIED
Caveats: FOUO

Classification: UNCLASSIFIED
Caveats: FOUO

Classification: UNCLASSIFIED
Caveats: FOUO

2

Exhibit 11

-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Wednesday, September 26, 2012 12:09 PM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Employee Warning Notice - McCray Not Signed

Ms. McCray,

I have not received your signed employee warning notice.  If you are not
going to sign the form, I need to be notified immediately by e-mail that
you are refusing to sign the form.

Thanks,

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153


Classification: UNCLASSIFIED

Caveats: FOUO

Exhibit I

-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Friday, September 28, 2012 9:31 AM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Re: Timesheet Reminder - Due 4:00PM EST (UNCLASSIFIED)

Ms. McCray,

Your timesheet is due at 4:00PM EST every Friday until further notice,
signed by you and your work location supervisor.  They have been
instructed of the policy as well.

If your hours are not verified as requested, they will not be entered
until verified with a signature from yourself and your work location
supervisor.

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153

On Fri, Sep 28, 2012 at 9:28 AM, Mccray, Sheryl T Ms CTR USA TRADOC
USAREC < SHERYL.MCCRAY@usarec.army.mil> wrote:

> Classification: UNCLASSIFIED
> Caveats: FOUO
>
> Ms. Baker,
>
> You instructed me to turn in my timesheet by 4pm Friday
 Do you want me to have them sign the sheet prior to 4pm every Friday?
>
>> Sheryl McCray, Contractor
> Administrative Assistant, USAREC
> Team Infused
> 757-825-9891
>
> > -----Original Message-----
> From: Jamie Baker [jbaker@infusedsolutions.com]
> Sent: Friday, September 28, 2012 9:13 AM
> To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
> Subject: Re: Timesheet Reminder - Due 4:00PM EST (UNCLASSIFIED)
>
> Ms. McCray,
>
> You have known that your timesheet was due to me at 4:00PM with their

*Exhibit J*

> signatures since Wednesday.  I'm not sure why you did not complete
> your paper timesheet and have them sign it.  There is no excuses why
> it should not already be completed.
>
> Your hours will not be entered until I receive that timesheet signed
> by you and your CPT or 1SG.
>
> Thanks,
>
> Ms. Jamie Baker
> Program Manager
> jbaker@infusedsolutions.com
> Phone: 703-466-0310 Fax: 571-266-0153
> > >
> On Fri, Sep 28, 2012 at 9:08 AM, Mccray, Sheryl T Ms CTR USA TRADOC
> USAREC < SHERYL.MCCRAY@usarec.army.mil> wrote:
>
> > Classification: UNCLASSIFIED
> > Caveats: FOUO
> >
> > Ms. Baker,
> >
> > The 1SG and CPT are in training all day.
> > >
> > Sheryl McCray, Contractor
> > Administrative Assistant, USAREC
> > Team Infused
> > 757-825-9891
> >
> > -----Original Message-----
> > From: Jamie Baker [jbaker@infusedsolutions.com]
> > Sent: Friday, September 28, 2012 8:26 AM
> > To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
> > Subject: Timesheet Reminder - Due 4:00PM EST
> >
> > Ms. McCray,
> >
> > This is a reminder that your completed time sheet for hours worked
> > 09/16-09/30 is due to me signed by you and your CPT or 1SG by 4:00PM
> > EST today.
> >
> > Thanks, > >
> > Ms. Jamie Baker
> > Program Manager
> > jbaker@infusedsolutions.com
> > Phone: 703-466-0310 Fax: 571-266-0153

Exhibit J

cray, Sheryl T Ms CTR USA TRADOC USAREC

| | |
|---|---|
| From: | Mccray, Sheryl T Ms CTR USA TRADOC USAREC |
| Sent: | Friday, September 28, 2012 9:49 AM |
| To: | 'Jamie Baker' |
| Subject: | FW: Employee Warning Notice - McCray (UNCLASSIFIED) |

Classification: UNCLASSIFIED
Caveats: FOUO

Ms. Baker,

Would you send me a copy of the documentation addressing my behavior prior to the incident on
20 Sep 2012?
I have never received anything.

Thanks

Sheryl McCray, Contractor
Administrative Assistant, USAREC
Team Infused
757-825-9891

-----Original Message-----
From: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Sent: Wednesday, September 26, 2012 12:17 PM
To: 'Jamie Baker'
Subject: RE: Employee Warning Notice - McCray (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: FOUO

Ms. Baker,

I am not in agreement with this Final Warning because I have not received a previous warning
from Capt Jones, Capt Irby, 1SG Brown or the former Contractor (Softec).

My performance or behavior has never been mentioned to me or documented.

On Monday, 24 September 2012, 1SG Brown told me that SFC Jancewicz had filed a complaint with
Mr. James Sprigler and he told me that in all fairness I may want to file my complaint with
him too.

I am not in agreement with this warning and I do decline to sign.

v/r

Sheryl McCray, Contractor
Administrative Assistant, USAREC
Team Infused
757-825-9891

Exhibit K

1

-----Original Message-----
From: Jamie Baker [jbaker@infusedsolutions.com]
Sent: Friday, September 28, 2012 9:54 AM
To: Mccray, Sheryl T Ms CTR USA TRADOC USAREC
Subject: Re: FW: Employee Warning Notice - McCray (UNCLASSIFIED)

Ms. McCray,

Your final warning was given to you on 09/26/12. This is conversation
is not up for discussion. As written on your notice, if your behavior
continues to be an issue you are subject to immediate termination.

Thanks,

Ms. Jamie Baker
Program Manager
jbaker@infusedsolutions.com
Phone: 703-466-0310 Fax: 571-266-0153

Classification: UNCLASSIFIED
Caveats: FOUO

FILED
2014 NOV 17 AM 11: 51
CIRCUIT COURT CLERKS OFFICE
CITY OF HAMPTON, VA
LINDA B. SMITH, CLERK
BY:____

Exhibit L

# IN-USED
SOLUTIONS

Employee Warning Notice                                        IS_HR_0011

## Employee Information

Employee Name: Sheryl McCray _____   Date: 09/26/2012 _____

Employee ID: _____   Job Title: General Clerk II _____

Manager: Jamie Baker _____   Dept: USAREC _____

## Type of Warning

☐ First Warning          ☐ Second Warning          ☑ Final Warning

## Type of Offense

☐ Tardiness/Leaving Early     ☐ Absenteeism           ☐ Violation of Company Policies
☐ Substandard Work            ☐ Violation of Safety Rules  ☑ Rudeness to Customers/Coworkers
Other: Insubordination/Unprofessional behavior

## Details

Description of Infraction:_____

Employee is extremely confrontational and exhibiting constant insubordinate behavior towards individuals at her work location. This behavior has
been address previously to the employee and not improved. This behavior has been an issue for over 90 days and appears to be getting
significantly worse instead of improving.

Plan for Improvement:_____

Be respectful and professional at all times towards all individuals at work location. Communicate in a professional manner and demeanor at all times.

Employee is on a 90 Day Probation Period starting 09/26/12.

Consequences of Further Infractions: _____

Immediate termination upon any notification that employee's insubordinate, disrespectful or unprofessional behavior occurs again.

## Acknowledgment of Receipt of Warning

By signing this form, you confirm that you understand the information in this warning. You also confirm
that you and your manager have discussed the warning and a plan for improvement. Signing this form
does not necessarily indicate that you agree with this warning.

Employee Signature                                    Date
_Jamie Baker_                                         09/26/12
Manager Signature                                     Date:
_RBC_                                                 09/26/12
Witness Signature (if employee understands warning but refuses to sign)   Date:

1 | Page

©2008 Infused Solutions LLC. All Rights Rights

Exhibit M

From: Yolanda Green-Wilson
Sent: Thursday, October 04, 2012 2:31 PM
To: sheryl.mccray@userec.army.mil
Subject: Termination Letter


Good Afternoon Sheryl,


Due to the nature of the circumstance that occurred on 9/20/2012, it has been found that you were in violation of Team Infused/Ardelle Associates' code of conduct in the workplace. It has been advised that your employment is to be terminate effected immediately as of 10/04/2012.


You signed an employee handbook, which was very clear that any workplace violence in any form with not be tolerated and would possibly end will termination of employment from Team Infused/Ardelle Associates.


Upon leaving today, please return all properties belonging to RCTG James River CO to 1SG Brown. 1SG Brown will sign your timesheet and escort you out of the facility.


Please refrain from all contact with employees at RCTG James River Company. Please free feel to contact me with any further questions.




Yolanda Green-Wilson

Recruiter


Ardelle Associates

344 Commerce Street

Alexandria, VA 22314

703-518-9960 (voice)

19.   Release or dissemination of confidential Company or client information.

20.   Failure to perform the essential job functions and responsibilities of a position.

21.   Unauthorized solicitation or distribution of literature unrelated to Company or client business on Company or client time.

22.   Failure to follow safety and health regulations, including, but not limited to, the failure to report an accident.

23.   Misuse of any Company benefit program.

24.   Misrepresentation of an employee's background or qualifications, including, but not limited to, on a resume, application or during an interview.

25.   Any other conduct detrimental to other employees, clients, or the Company's interests or its efficient operations.

26.   Ardelle Associates requires one to two weeks written notice when resigning from contract assignments prior to their completion.

**G      WORKPLACE VIOLENCE POLICY**

Ardelle Associates is committed to preventing workplace violence and to maintaining a safe work environment. Accordingly, Ardelle Associates has adopted the following guidelines to deal with intimidation, harassment, or other threats of (or actual) violence that may occur during business hours or on its premises.

All employees should be treated with courtesy and respect at all times. Employees are expected to refrain from fighting, "horseplay," or other conduct that may be dangerous to others. Firearms, weapons, and other dangerous or hazardous devices or substances are prohibited inside the facilities or buildings of Ardelle Associates or its clients.

Any conduct that threatens, intimidates, or coerces another employee, a client, or a member of the public at any time, including off-duty periods, will not be tolerated. All threats of (or actual) violence, both direct and indirect, should be reported as soon as possible to the Ardelle Associates Accounting Manager. This includes threats by employees, as well as threats by clients, vendors, solicitors, or other members of the public.

All suspicious individuals or activities should also be reported as soon as possible to an Ardelle Associates supervisor. Do not place yourself in peril. If you see or hear a commotion or disturbance near your workstation, do not try to intercede or see what is happening.

The Company will promptly and thoroughly investigates all reports of threats of (or actual) violence and of suspicious individuals or activities. Anyone determined to be responsible for threats of (or actual) violence or other conduct that is in violation of these guidelines may be subject to prompt disciplinary action up to and including termination of employment.





Exhibit O

establishment of a Drug-Free Workplace Policy is consistent with Ardelle Associates' desire to provide a safe, productive work environment for its employees.

Accordingly, it is the policy of Ardelle Associates to maintain a workplace free from the use, manufacture, distribution, dispensing or possessing of any controlled substance or alcohol at a work site or during working hours. Ardelle Associates requires that all employees and applicants' participant in, consent and comply with the terms of this Policy as a condition of employment and continued employment with Ardelle Associates. If questions arise regarding this Policy, please direct them to the Accounting Department.

This Policy covers all Ardelle Associates employees. Employees who are contracted to clients may be required to be tested to comply with a client's drug and/or alcohol testing policy, provided that the testing is in accordance with this Policy and the client's policy complies with applicable law. If required to take a drug test, testing positive is grounds for termination.

F.   **STANDARDS OF BUSINESS CONDUCT**

Ethical behavior is the guiding force behind Ardelle Associates' operations. The Company places the highest value on its business relationships and reputation with its clients. Ardelle Associates' employees are expected to perform their duties with adherence to the highest standards of integrity and honesty. Employees are expected to perform their duties in a manner that are beyond reproach, in both business dealings with fellow employees and persons outside of the Ardelle Associates' family.

Every organization must have rules by which it operates. The following is a list of offenses that will lead to disciplinary action, up to and including termination. This list is by no means all-inclusive. This list is intended to be a guide only, and in no way limits the authority of the Company to discipline employees for misconduct, nor does this list alter the status of Ardelle Associates' employees as "at-will" employees.

1.   Reporting to work under the influence of alcohol, drugs (illegal or un-prescribed) or in the possession of such items while on Company property.

2.   Theft or misuse of Company or client property or funds.

3.   Possession of firearms, explosives or weapons inside Company or client facilities.

4.   Misrepresentation or falsification of forms, records or attendance reports.

5.   Knowingly punching another person's time card, or instructing another employee to punch your card or the time card of another employee or falsifying time reports in any manner.

6.   Immoral or indecent conduct.

7.   Willful insubordination.

8.   Deliberate damage to Company, client or other private property.

9.   Sleeping on the job.

10.   Conducting personal business on Company or client time.

11.   Unauthorized use of Company client equipment.

12.   Excessive tardiness or absenteeism. Not showing up to assignment and not calling your Ardelle Associates supervisor to inform of your absence.

13.   Abusive or threatening language to a supervisor, co-worker, or the public.

14.   Carelessness and/or negligence in the performance of your job duties.

15.   Violation of the Company's harassment policy.

16.   Making false and/or malicious accusations against another employee.

17.   Use of foul, obscene or abusive language to anyone.

18.   Provoking or instigating a fight on Company or client property.

5

*Exhibit P*

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF HAMPTON

| | |
|---|---|
| SHERYL T. McCRAY, ) | |
| Plaintiff, ) | |
| v. ) | Case No.: CL: 14-1589 |
| ARDELLE ASSOCIATES, ET AL., ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S INFUSED SOLUTIONS LLC FIRST REQUEST FOR ADMISSIONS OF FACT PROPOUNDED UPON PLAINTIFF**

I, Sheryl T. McCray ("Plaintiff"), appearing *pro se* before this Court in this matter, respectfully submit the responses to Infused Solutions   LLC First Request for Admissions.

In support of these Responses, I am submitting the following:   1. Copy of E-mail identifying Infused Solutions as new contractor (Exhibit A), 2.  Copy of e-mail from Team Infused/Ardelle Associates recruiter (Exhibit B) 3.  Copy of e-mail to me from Defendant Jamie Baker in reference to my timesheet (Exhibit C) 4. Copy of e-mail discussing Employee Warning Notice and my disagreement with Notice  (Exhibit D) 5. Copy of letter stating Team Infused is (Ardelle, Infused, & National)  (Exhibit E),   6.  Copy of instructions for CAC and security clearance (Exhibit F),  7.   Copy of e-mail to Defendant Jamie Baker and courtesy copy to Yolanda-Green Wilson (Exhibit G), 8. Copy of Probation Notice/E-mail Instructions (Exhibit H), 9. Copy of Termination Notice (Exhibit I), 10.  Copy of complaint against Huntington Ingalls (Exhibit J), 11. Copy of Workplace Violence Policy (Exhibit K),    12.  Copy of e-mail from me to Defendant Jamie Baker requesting documentation to support the Final Warning/Probation Notice (Exhibit L),  13. Copy of e-mail from Defendant Baker refusing to discuss my request for documentation (Exhibit M),  14. Copy of Dismissal Order from federal court, (Exhibit N)

1

## REQUESTS

1.    That Plaintiff, at the time of the alleged occurrence(s) as set forth in the Complaint was an employee of Ardelle Associates, Inc. (hereinafter referred to as "Ardelle")

     **Response:  Admitted.  I was an employee of Ardelle but I worked for Infused Solutions LLC and Team Infused. (Exhibits A, B)**

2.    That Plaintiff received pay/wages directly from "Ardelle."

     **Response: Admitted**

3.    That Plaintiff never received a pay check/wages from Infused Solutions, LLC (hereinafter referred to as "Infused".)

     **Response:  Admitted.  I never received a pay check/wages from Infused Solutions, LLC but my time/hours were verified by Defendant Baker, an Infused employee. (Exhibit C)**

4.    That Plaintiff never received a pay check/wages from Jamie Baker.  (hereinafter referred to as "Baker".)

     **Response:   Admitted.  I never received a pay check/wages from "Baker" but my time/hours were verified by "Baker" (Exhibit C)**

5.    That Plaintiff was placed with "Infused" by her employer, "Ardelle."

     **Response:  Admitted**

6.    That Defendants, "Infused" and "Baker" did not witness the alleged actions and/or the incident between Plaintiff and Defendant Jancewicz.

     **Response: Admitted.**

7.    That Defendant Jancewicz, at the time of the occurrence in Plaintiff's Complaint, was an active military member of the Armed Forces of the United States of America.

Response:  Admitted

8.      That Defendant Jancewicz reported the incident between the Plaintiff and himself to his Commanding Officer.

Response:  **Deny.  First Sergeant Christopher Brown told me that Defendant Jancewicz informed James Sprigler (Contracting Officer Representative) COR about the incident. (Exhibit D)**

9.      That the Plaintiff spoke with Captain Irby, an active member of the Armed Forces of the United States of America about the incident between Plaintiff and Defendant Jancewicz.

Response:  **Admitted.  I did speak with Captain Irby about the incident between me and Defendant Jancewicz but Captain Irby and I did not discuss any information that was defamatory.**

10.     That Captain Irby was not employed by Defendants "Infused" nor "Baker."

Response:  Admitted

11.     That Plaintiff advised Captain Irby that her "supervisor" was "Yolanda Green-Wilson".

Response:  **Admitted.  However, I was incorrect.  "Baker" confirmed that she was my supervisor by stating that "All performance issues or any issue at a work location" would need to be discussed with her. "Baker" also took disciplinary action against me which would indicate that she was my supervisor. (Exhibit D)**

12.     That at the time of the alleged occurrence herein as set forth in the Complaint, "Yolanda Green-Wilson" was an employee of "Ardelle".

Response:  **Admitted.  "Yolanda Green-Wilson" was an employee of "Ardelle" and a team member of Team Infused. (Exhibit E)**

13.     That "Yolanda Green-Wilson" was not an employee of "Infused nor "Baker".

3

Response: Admitted. "Yolanda Green-Wilson" was an employee of "Ardelle" and a team member of Team Infused. (Exhibit E)

14. That "Ardelle" is a staffing agency that places employees on assignments.

Response: Admitted

15. That "Ardelle" assigned Plaintiff to "Infused".

Response: Admitted

16. That Plaintiff was temporarily assigned to work at the Army Recruiting Center.

Response: Deny. This was not a temporary assignment. I applied for and received a Common Access Card (CAC) and security clearance. (Exhibit F).

17. That Plaintiff voluntarily spoke with Captain Irby regarding the incident complained of in her complaint.

Response: Admitted. Capt Irby asked me about the incident and I told him what happened but no defamatory comments were discussed.

18. That Plaintiff voluntarily e-mailed James Sprigler, the Contracting Officer Representative, regarding the alleged incident between Plaintiff and Defendant Jancewicz on or about September 25, 2012.

Response: Admitted. I e-mailed James Sprigler regarding the incident between me and Defendant Jancewicz but the exchange did not contain any defamatory comments. (Exhibit G)

19. That James Sprigler is not an "Infused" employee nor an employee of Defendant "Baker".

Response: Admitted

20.    That Plaintiff had a conversation regarding the alleged incident set forth in her complaint with a First Sergeant Christopher Brown regarding the incident complained of in the Complaint.

**Response:    Admitted.  I did have a conversation with 1Sgt Christopher Brown regarding the incident but the conversation did not include any defamatory comments.**

21.    That First Sergeant Christopher Brown is not an "Infused" employee nor an employee of Defendant "Baker".

**Response: Admitted**

22.    That Defendant "Baker" an "Infused" employee, was informed of the alleged incident between Plaintiff and Defendant Jancewicz, after the incident inasmuch as the purported occurrence took place at the "Infused" work site.

**Response: Admitted.  "Baker" had to be informed of the incident after it occurred because she was dislocated from my work site.  But Baker claimed that she was aware of my "bad behavior" at the work site for over 90 days. (Exhibit H)**

23.    That Defendant "Baker" spoke directly to the Plaintiff who is not a third party.

**Response: Admitted.  Defendant " Baker" did speak directly to me and I am not a third party but she published defamatory statements to Capt Irby who is a third party. (Exhibit H)**

24.    That any e-mails sent to Plaintiff by "Infused" and/or "Baker" contained no defaming words or materials.

**Response:   Deny.   The Probation Notice attached to the e-mail sent to me by "Baker" and/or "Infused"    contained defaming words.    These words are defamatory *per se.  (They are extremely likely to cause injury to my reputation,  imply***

*that I am unfit to perform the duties of my job, and prejudice me in my line of employment)* (Exhibit H)

25.   That any e-mails sent to Plaintiff by "Infused" and/or "Baker" contained no defaming words and were for internal purposes only.

Response:  Deny.  The Probation Notice included with the e-mail sent to me by "Baker" and/or "Infused" contained defaming words and was not for internal purposes.  It was shared with Capt Irby who is a third party.  These words are defamatory *per se*. *(They are extremely likely to cause injury to my reputation, imply that I am unfit to perform the duties of my job, and prejudice me in my line of employment)* (Exhibit H)

26.   That any e-mails or advises sent to Plaintiff by "Infused" and/or "Baker" were not disseminated to any third party, outside the realm of the business of "Infused."

Response:  Deny.  The Probation Notice attached to the e-mail sent to me by "Baker" and/or "Infused"  was disseminated to a third party, outside the realm of the business of "Infused."  It was a disciplinary action containing defamatory comments.  This notice was shared with Capt Irby, member of the U.S. Army, and his duties did not include personnel actions involving me. (Exhibit H)

27.   That any e-mails sent to Plaintiff by "Infused" and/or "Baker" were internal and were not published outside of the "Infused" business arena.

Response:  Deny.  The Probation Notice attached to the e-mail sent to me by "Baker" and/or "Infused"  was not internal and was published outside of the "Infused" business arena.   It was a disciplinary action containing defamatory

comments. It was shared with Capt Irby and his duties did not include personnel actions involving me. (Exhibit H)

28.   That Plaintiff was terminated by her employer "Ardelle".

**Response: Deny. I was terminated by Team Infused/Ardelle Associates (Exhibit I)**

29.   That any warnings Plaintiff received contained no defaming words.

**Response:  Deny. The Probation Notice attached to the employee warnings contained defaming words. (Exhibit H)**

30.   That Plaintiff has no proof that "Infused" defamed the Plaintiff.

**Response: Deny.  I have proof that "Baker" (Infused employee) defamed me and Team Infused/Ardelle Associates defamed me. (Exhibit H, I)**

31.   That Plaintiff has no proof that "Baker" defamed the Plaintiff.

**Response: Deny. I have proof that Baker defamed me. (Exhibit H)**

32.   That Plaintiff has previously filed a claim based upon race and retaliation from Plaintiff's previous employer, Huntington Ingalls Incorporated, such claim being filed in the United States District Court for the Eastern District of Virginia bearing case No.: 4:12cv20.

**Response: Admitted**

33.   That Plaintiff has since, dismissed the claim based upon race and retaliation from Plaintiff's previous employer, Huntington Ingalls Incorporated, such claim being filed in the United States District Court for the Eastern District of Virginia bearing case No.: 4:12cv20.

**Response: Admitted**

34.   That Plaintiff claimed she was laid off improperly from Huntington Ingalls Incorporated, charging claims of retaliation due to a complaint you lodged against a "white female administrative assistant's misuse of a company computer".

> Response:   Deny.  The claims that I filed were that two white administrative
> generalists were allowed to transfer to another department to avoid being laid off.
> The complaint lodged against a "white female administrative assistant's misuse of a
> company computer" was reported nine months prior to the claims in reference to
> the lay off." (Exhibit J)

35.   That there are no e-mails or correspondence from "Baker" containing defaming words or actions regarding a prior bad record.

> Response:  Deny.  The Probation Notice attached to the e-mail sent to me from
> "Baker"  contained defaming words and/or actions regarding a prior bad record.
> (Exhibit H)

36.   That Plaintiff was not fired and/or informed of a lay off by Defendant "Infused" nor Defendant "Baker".

> Response:  Deny.  I was fired by Team Infused/Ardelle Associates   (Exhibit I)

37.   That any communications involved herein "Infused", "Baker" and even "Ardelle" and the U.S. Army, were internal and within the confines of business and were not published to third parties.

> Response:  Deny.   The probation notice and termination notice shared with Capt
> Irby and 1Sgt Christopher Brown are not within the confines of business because
> these notices are disciplinary actions and defamatory.  Capt Irby and 1Sgt Brown's
> duties  do  not  include  personnel  actions  involving  employees  of  Team
> Infused/Ardelle Associates.  As members of the U.S. Army, Capt Irby and 1Sgt
> Brown are third parties.  (Exhibit H,I)

8

38.   That any communications were not distributed or communicated to third parties including but not limited to the TV, News Outlets, customers, radio, social media groups, facebook, twitter or posted on the internet for all to see, or to a stranger passing by, or any other person outside of "Infused" internal business, or even "Ardelle".

> **Response: Deny. The probation notice and termination notice were communications that were shared with Capt Irby and 1Sgt Christopher Brown.   As a government agency, the U.S. Army is a third party. Disciplinary actions containing defamatory information are outside of "Infused" and "Ardelle's" internal business when they are communicated to third parties. Capt Irby and 1Sgt Christopher Brown's duties do not include personnel actions involving employees of Team Infused/Ardelle Associates. (Exhibit H,I)**

39.   That Plaintiff, first published and/or communicated the alleged incident to a person or persons outside of her employer.

> **Response:   Admitted.   I reported the incident to U.S. Army personnel but my communications did not contain defamatory comments.**

40.   That if any false reports were generated, Plaintiff has no proof as to the falsity of such reports.

> **Response: Deny. I have proof that the report(s) generated by "Baker" and Team Infused/Ardelle Associates were false.   When I requested by e-mail documentation to support these false statements, none were provided and my request was intentionally deleted by "Baker." She also told me that the "conversation was not up for discussion."   Further, "Baker" stated that "if my behavior continued" I would be terminated.   Although, she did not provide me any documentation to**

9

support any "bad behavior," I was still terminated.   Team Infused/Ardelle Associates' statement that I engaged in "workplace violence" is false.   These statements are defamatory *per se*. *(They are extremely likely to cause injury to my reputation, imply that I was involved in criminal behavior, imply that I am unfit to perform the duties of my job, and prejudice me in my line of employment)*   My claims cannot be disputed because no investigation was conducted in accordance with Team Infused/Ardelle Associates Workplace Violence Policy.   (Exhibits K, L, M)

41.   That any telephone calls generated by "Infused" to and/or with Plaintiff were internal to the business.

Response: Deny.   The one phone call generated by "Infused" and/or "Baker" to me was to discuss disciplinary actions.

42.   That communications, e-mails and advises, between the Plaintiff, "Infused", "Baker" and "Ardelle" are internal and necessary parties and "within the confines of "Infused's" business.

Response: Deny.   The probation notice was published to a third party (Capt Irby) and the termination notice was shared with a third party (1Sgt Brown).   Defamatory comments published and/or shared with third parties are not "within the confines of "Infused's" business.   Comments that are defamatory *per se* are not "within the confines of "Infused" business (Exhibits H,I)

43.   That Defendant "Infused" nor "Baker" have not defamed Plaintiff in any way.

Response: Deny.   "Baker" (Infused employee) defamed me by publishing false statements to a third party.   "Team Infused/Ardelle Associates" defamed me by sharing false statements with a third party. These statements are defamatory *per se*. (Exhibits H,I)

10

44.     That the assertion that "the probation notice and termination notice were done in a retaliatory fashion against the Plaintiff due to her previous filing of a complaint against Defendant Jancewicz and her refusal to sign the probation notice" is false.

> **Response: Deny.** When I told "Baker" why I refused to sign the probation notice and I requested by e-mail documentation to support her false statements, none were provided. My request was intentionally deleted by "Baker" and she told me that the "conversation was not up for discussion." Two weeks later, I was terminated by Team Infused/Ardelle Associates even though I did not violate the probation. No investigation was conducted in accordance with the Workplace Violence Policy (Exhibits D,K, L, and M )

45.     That neither "Infused" nor "Baker" retaliated against the Plaintiff.

> **Response: Deny.** When I told "Baker" why I refused to sign the probation notice and I requested by e-mail documentation to support her false statements, none were provided. My request was intentionally deleted by "Baker" and she told me that the "conversation was not up for discussion." Two weeks later, I was terminated by Team Infused/Ardelle Associates even though I did not violate the probation. No investigation was conducted in accordance with the workplace violence policy (Exhibits D, K, L, and M )

46.     That any communications involved as alleged herein between "Infused", "Baker" and even "Ardelle" and the U.S. Army, were internal and within the confines of business and were not published to third parties and protected by privilege.

> **Response: Deny.** The U.S. Army is not an employee, co-employee, and employer of "Infused", "Baker", and even "Ardelle". As a government agency, it is a third

11

party.  The probation notice published to Capt Irby is not within the confines of business because it contained defamatory comments and is a disciplinary action. Capt Irby's duties do not include personnel actions involving Team Infused/Ardelle Associate employees.  Details of the termination notice were shared with 1Sgt Christopher Brown and are not within the confines of business.  The notice was a disciplinary action and contained comments that were defamatory *per se.*   1Sgt Christopher Brown's duties do not include personnel actions involving Team Infused/Ardelle Associate employees.   Qualified privilege is lost when statements are spoken and/or published with malicious intent. (Exhibits H,I)

47.   That Plaintiff has previously filed a claim in the United States District Court, Eastern District of Virginia against Defendants herein for defamation bearing the civil action number 4:13CV60.

Response: Admitted

48.   That the Honorable Judge Rebecca Beach Smith, Chief United States District Judge, United States District Court, Eastern District of Virginia, dismissed the claim(s) of Plaintiff, , civil action number 4:13CV60 on April 17, 2014.

Response:  Deny.  My claims were dismissed without prejudice.  Therefore, I was able to re-file my case with the state court. (Exhibit N)

49.   That the claim filed in the United States District Court, Eastern District of Virginia, alleged defamation as to all Defendants herein, however, the claims filed did not contain a claim for "wrongful termination" bearing the civil action number 4:13CV60.

12

Response: Admitted. The initial claim was filed by my *former now deceased attorney*. The claims that *I have filed (pro se)* in state court does contain a claim for "wrongful termination" bearing the civil action number CL 14-1589.

50.    That The initial claim filed in the United States District Court, Eastern District of Virginia, alleged defamation as to all Defendant herein were dismissed, however, the claims filed did not contain a claim for "wrongful termination".

Response: Deny. The initial claim was dismissed without prejudice. Therefore, I was able to re-file my case with the state court. The initial claim was filed by my former now deceased attorney. The claim that I have filed (*pro se*) in the state court does contain a claim for "wrongful termination" bearing the civil action number CL 14-1589. (Exhibit N)

51.    That the initial claim filed by the Plaintiff herein contained only "One Count", a count for "Defamation".

Response: Deny. The initial claim was filed by *my former now deceased attorney* and contained only "One Count" a count for "Defamation." The claim that *I have filed (pro se)* in the state court contains "Two Counts" a count for "Defamation" and "Wrongful Termination."

52.    That neither Defendants Infused nor Baker, disseminated false statements to a third party in a non privileged way.

Response: Deny. Baker (Infused employee) disseminated false statements to a third party, the U.S. Army (Capt Irby) in a non privileged way. Team Infused/Ardelle Associates disseminated false statements to a third party, the U.S. Army (1Sgt