**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

**SHERYL MCCRAY,**

    **Plaintiff,**

v.                                                                  Civil Case No. 4:14-cv-158
                                                                    (formerly CL14001589 in Hampton
**UNITED STATES OF AMERICA, et al.,**       Circuit Court and 4:13-cv-00060 in
                                                                    previously dismissed matter)

    **Defendants.**

**DEFENDANT ARDELLE ASSOCIATES, INC.'S
NOTICE OF DEMURRER AND PLEA IN BAR
OR, IN THE ALTERNATIVE, MOTION TO DISMISS**

Defendant Ardelle Associates, Inc. ("Ardelle") respectfully advises the Court that, on October 29, 2014, prior to the United States Government filing a Notice of Removal in this matter, Ardelle timely filed with the Circuit Court for the City of Hampton, Virginia, a Demurrer and Plea in Bar, pursuant to VA CODE §8.01-273 and Virginia Rule 3:8 of the Rules of the Supreme Court of Virginia (referred to collectively as the "State Law Motion to Dismiss"), which was fully briefed by both Parties. For the reasons set forth below, Defendant Ardelle prays that Plaintiff Complaint be dismissed as to all counts against Defendant Ardelle.

**I. Introduction**

1.    Plaintiff filed her Complaint[1] against Defendants in the Circuit Court for the City of Hampton on August 7, 2014. Defendant Ardelle timely filed its State Law Motion to Dismiss on October 29, 2014. Plaintiff filed an Opposition to Defendant's State Law Motion to Dismiss

---

[1] Plaintiff's Complaint in the Circuit Court for the City of Hampton was not her first attempt to sue Defendant Ardelle for facts alleged in the instant lawsuit. She had previously filed a virtually identical defamation lawsuit against Defendant Ardelle with this Honorable Court – Case No. 4:13-cv-00060. Defendant Ardelle's FRCP 12(b)(6) motion to dismiss this defamation claim was granted by this Court. *See ECF No. 27.*

1

on or about November 17, 2014. Ardelle filed a Reply Brief dated December 3, 2014 (the "Reply brief").

2. Before the Circuit Court could rule on Defendant Ardelle's State Law Motion to Dismiss, the United States Government removed this case to this Honorable Court.

3. Defendant Ardelle respectfully prays that its State Law Motion to Dismiss be granted for the reasons set forth therein, or, in the alternative, that its State Law Motion to Dismiss be converted into a federal motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff's Complaint be dismissed accordingly. To that end, Defendant Ardelle hereby incorporates into this Notice of Demurrer and Plea in Bar or, in the Alternative, Motion to Dismiss, the arguments set forth in its State Law Motion to Dismiss and in its Reply brief. *See* Exhibits 1 and 2.

## II. Argument

4. In Virginia state court, a plea in bar is a pleading which alleges facts or circumstances, which, if proven, constitute an absolute bar to a claim or claims. Typical examples of matters appropriate for a plea in bar involve affirmative defenses such as statute of limitations, which was the basis for the plea in bar filed by Defendant Ardelle against Plaintiff while this case was still pending in the Circuit Court. *See*, *e.g.*., *Nelms v. Nelms*, 236 Va. 281, 289 (1988) ("Familiar illustrations of the use of a plea [in bar] would be: [t]he statute of limitations . . . .").

5. In Virginia state court, a demurrer is a pleading in which a party challenges the legal sufficiency of the opposing pleading and demands the judgment of the court on the matter before proceeding further. VA CODE §8.01-273. Similar to a federal motion to dismiss, a

demurrer tests whether the plaintiff's pleading states a cause of action upon which relief can be granted. *See Welding, Inc. v. Bland County Service Authority*, 261 Va. 218, 226 (2001).

6. In federal court, a motion to dismiss is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. The purpose of such a motion is to test the legal sufficiency of the complaint. *See Talley v. Farrell*, 156 F. Supp. 2d 534, 549 (D. Md. 2001). In considering a FRCP 12(b)(6) motion to dismiss, the court is to accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the Plaintiff. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a FRCP 12(b)(6) motion to dismiss, a claim must set forth a "showing, rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007) (internal quotations omitted). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).

7. Only a complaint that alleges a plausible claim for relief can survive a FRCP 12(b)(6) motion to dismiss. *Iqbal,* 556 U.S. at 678-79. To be plausible, the claim must contain "well pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *See id.*

8. This Court should grant Defendant Ardelle's State Law Motion to Dismiss because, for the reasons stated therein and in its subsequent Reply brief: (1) Plaintiff's defamation claim was time barred by the statute of limitations; and (2) Plaintiff's Complaint

failed to state a claim upon which relief may be granted. Specifically, Plaintiff has failed to allege sufficient factual detail regarding required elements of both her defamation and wrongful discharge claims.

9. Plaintiff has already been provided an opportunity to respond to the arguments set forth in Defendant's State Law Motion to Dismiss, and Defendant has replied to Plaintiff's response. No further briefing is necessary in this matter, since the arguments that would justify the Circuit Court for the City of Hampton granting Defendant Ardelle's State Law Motion to Dismiss would also justify this Honorable Court granting a FRCP 12(b)(6) motion to dismiss.

### III. Conclusion

10. For the reasons set forth above, Defendant Ardelle respectfully prays that this Court dismiss Plaintiff's Complaint against Defendant Ardelle in its entirety, with prejudice. To the extent that this Honorable Court requires a more formal, "stand-alone" FRCP 12(b)(6) motion to address the arguments raised in Defendant Ardelle's State Law Motion to Dismiss and the Notice/Motion, then Defendant Ardelle respectfully requests in the alternative that it be granted leave of Court to file such a motion.

Dated: January 16, 2015          Respectfully submitted,

                               /s/
                        Melissa Jackson Howell (VSB No. 48411)
                        HOWELL LAW GROUP, PLLC
                        999 Waterside Drive, Suite 2525
                        Norfolk, VA 23510
                        Telephone: 757.630.4030
                        Facsimile: 757.216.0160
                        MHowell@HowellHRLaw.com
                        *Counsel for Defendant Ardelle Associates, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing *Notice of Demurrer and Plea in Bar or, in the Alternative, Motion to Dismiss* was electronically filed with the Clerk's Office using this Court's CM/ECF system, which will then serve a notice of electronic filing (NEF) on the judge and counsel of record.

January 16, 2015

                                                  /s/
Melissa Jackson Howell (VSB No. 48411)
HOWELL LAW GROUP, PLLC
999 Waterside Drive, Suite 2525
Norfolk, VA 23510
Telephone: 757.630.4030
Facsimile: 757.216.0160
MHowell@HowellHRLaw.com
*Counsel for Defendant Ardelle Associates, Inc.*