

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

SHERYL MCCRAY,

    Plaintiff

v.

                                                  CIVIL NO. 4:14cv158

UNITED STATES OF AMERICA, et al.,

    Defendant.

### ORDER

This matter comes before the Court upon the Motion to Dismiss filed by the United States (or "the Government"). ECF No. 3. For the reasons set forth below, the Court hereby **AFFIRMS** the substitution of the United States for Sergeant First Class Jonah Jancewicz as a Defendant, **DISMISSES** Mr. Jancewicz as a party to this action, **GRANTS** the Government's Motion to Dismiss with prejudice, and **REMANDS** the remaining claims against Ardelle Associates, Inc., Infused Solutions, LLC, Ms. Baker, John Doe, and Jane Doe to the Circuit Court for the City of Hampton, Virginia, for further proceedings in the case styled there as Sheryl T. McCray v. Ardelle Associates, et al., Civil No. CL14-1589.

### I.    FACTUAL AND PROCEDURAL HISTORY

This action arises from a work dispute involving Sheryl McCray ("Plaintiff"), which occurred in September 2012. At this time, Plaintiff was employed at a United States Army Recruiting Center ("Recruiting Center") in Hampton, Virginia as a General Clerk for a private contractor. One of Plaintiff's co-workers was Sergeant First Class Jonah Jancewicz, who was the non-commissioned officer in charge. On September 20, 2012, Jancewicz had several encounters with Plaintiff during which he allegedly verbally assaulted and physically intimidated Plaintiff.

After reporting the incident to her supervisor, Jamie Baker, the following day, Plaintiff's supervisors allegedly punished Plaintiff for her behavior, which they maintained was consistently inappropriate. According to Plaintiff, Mr. Jancewicz had falsely informed Plaintiff's immediate supervisor and employer, Ardelle Associates, Inc./Infused Solutions, LLC,[1] that Plaintiff engaged in violence in the workplace and was insubordinate. After Plaintiff challenged their characterization of her behavior and asked for paperwork concerning these accusations, Plaintiff was terminated for violating the workplace violence policy.

On May 3, 2013, Plaintiff filed a defamation and wrongful termination action in this Court against Mr. Jancewicz, Ardelle Associates, Inc./Infused Solutions, LLC, Jamie Baker, the United States Army Recruiter Command, a John Doe, and a Jane Doe. Case No, 4:13cv60, ECF No. 1. In that case, the United States Attorney subsequently certified that Mr. Jancewicz was acting within the scope of his employment at the time of the events alleged in the Complaint and, consequently, substituted the United States as defendant. Id., ECF No. 31. After the Government filed a Motion to Dismiss, Plaintiff moved to voluntarily dismiss her claims against the United States. Id., ECF Nos. 32, 37. The Court granted Plaintiff's request on March 26, 2014. Id., ECF No. 41. On April 17, 2014, the Court dismissed the case without prejudice on the grounds that the remaining claims were state claims over which the Court had no jurisdiction. Id., ECF No. 45.

On June 13, 2014, Plaintiff filed an administrative claim with the Department of the Army to recover damages incurred from the alleged incident with Mr. Jancewicz. ECF No. 3, Ex. 1. On August 7, 2014, Plaintiff filed the present action against Ardelle Associates, Inc./Infused Solutions, LLC, Ms. Baker, Mr. Jancewicz, a John Doe, and a Jane Doe in Hampton Circuit Court. See ECF No. 1, Ex. 1 at 2–13. The only claim Plaintiff brought against Mr. Jancewicz

---

[1] Plaintiff alleges that either Ardelle Associates, Inc. or Infused Solutions, LLC was her employer.

was a defamation claim. Several months later, on November 9, 2014, the Department of the Army issued a written denial of Plaintiff's tort claim. ECF No. 3, Ex. 3. On December 2, 2014, the United States removed the case to federal court, ECF No. 1, and once again certified that Mr. Jancewicz was acting within the scope of his federal employment—substituting the United States for Mr. Jancewicz as a defendant, ECF No. 2.

Subsequently, the Government filed a Motion to Dismiss itself as a party pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF No. 3. Plaintiff never filed any response, nor requested additional time in which to do so, and did not otherwise indicate any interest in opposing the Government's Motion. However, the Court must still ensure that dismissal is proper even when a motion to dismiss is unopposed. See Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416 n. 3 (4th Cir.2014).

## II. MOTION TO DISMISS

"In considering a Rule 12(b)(1) motion challenging the factual basis for subject matter jurisdiction, 'the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Kobraei v. Alexander, 521 Fed. App'x 117, 118 (4th Cir. 2013) (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

Before considering the merits of the Government's arguments, the Court must determine whether the Government's certification and substitution for Mr. Jancewicz was proper. "Once the Attorney General or his delegate certifies that the defendant employee acted within the scope of his employment and the United States is substituted as the party defendant, the plaintiff can seek relief only against the government under the Federal Tort Claims Act." Ross v. Bryan, 309

F.3d 830, 833 (4th Cir. 2002). However, the Attorney General's certification that a federal employee was acting within the scope of his or her employment is not conclusive and is subject to judicial review. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 430–31, 115 S. Ct. 2227, 2234–35 (1995). "Whether an employee is acting within the scope of his employment for purposes of the [Federal Tort Claims Act] is determined by the law of the state in which the relevant conduct occurred." McIntyre ex rel. Estate of McIntyre v. United States, 545 F.3d 27, 38 (1st Cir. 2008). As the relevant conduct alleged by Plaintiff occurred in Hampton Roads, the Court applies Virginia law. Under such law,

> [a]n act is within the scope of the employment relationship if (1) it be something fairly and naturally incident to the business and (2) if it be done while the servant was engaged upon the master's business and be done, although mistakenly or ill-advisedly, with a view to further the master's interests, or from some impulse or emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account.

Goodwyn v. Simons, 90 Fed. App'x 680, 683 (4th Cir. 2004) (quoting Sayles v. Piccadilly Cafeterias, Inc., 242 Va. 328, 332, 410 S.E.2d 632, 634 (1991)).

As applied, the Court concludes that Mr. Jancewicz was acting within the scope of his employment. Plaintiff alleges that Mr. Jancewicz's defamatory statements occurred when he lied to Plaintiff's employer and supervising official regarding her workplace conduct. Clearly, evaluating and reporting employee conduct is "fairly and naturally incident" to employment at any business. Furthermore, Plaintiff's Complaint also sufficiently establishes that employees at the Recruiting Center had some kind of company obligation to report workplace disputes to management. As a result, the Court finds that Mr. Jancewicz was acting within the scope of his employment when he engaged in the conduct underlying Plaintiff's claim. Therefore, the Court

concludes that the Government's certification is proper and that the Government properly characterizes Plaintiff's claim as one brought against the United States pursuant to the Federal Tort Claims Act ("FTCA"). Accordingly, the Court affirms the substitution of the United States for Sergeant First Class Jonah Jancewicz and dismisses Mr. Jancewicz as a party to this action. With this finding noted, the Court moves on to determine the merits of the Government's arguments.

In its Motion to Dismiss, the Government puts forth two major arguments. First, the Government claims that Plaintiff failed to exhaust her administrative remedies, which is required to bring an FTCA claim. Second, it asserts that Plaintiff cannot sue the United States for defamation because sovereign immunity has not been waived for defamation claims. Courts generally resolve questions of jurisdiction before proceeding to the merits of a claim. Long Term Care Partners, LLC v. United States, 516 F.3d 225, 240 (4th Cir. 2008). As the Fourth Circuit has considered the failure to exhaust the administrative remedies under the FTCA as a jurisdictional issue, the Court first considers this argument. See Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994).

The Government claims that Plaintiff failed to follow the proper administrative requirements under the FTCA. Under the FTCA, a plaintiff is required to present his or her claim to "the appropriate federal agency." See 28 U.S.C. § 2675(a). Before a plaintiff is permitted to bring a FTCA suit, the agency must deny the claim. The FTCA lays out two recognized methods of denial. First, the FTCA notes that the agency can deny the claim in writing and send such denial to the plaintiff. Id. Second, the FTCA recognizes a deemed denial. Under this method, the "failure of an agency to make final disposition of a claim within six months after it is filed" is also "deemed a final denial of the claim." Id. The "[f]ailure to exhaust administrative remedies

must result in dismissal of the lawsuit for want of jurisdiction." Xiteng Liu v. U.S. Citizenship & Immigration Servs., Texas Serv. Ctr., 317 Fed. App'x 361, 362 (4th Cir. 2009).

The Government claims that Plaintiff did not receive a written or deemed denial before filing her suit. The Government asserts that there was no deemed denial because six months did not pass after the filing of Plaintiff's claim with the Army. It points out that Plaintiff filed the present action on August 7, 2014—a little less than two months after she filed her claim with the Department of Army on June 13, 2014. Furthermore, the Government also notes that the Army's written denial should not be considered because it was issued after the action was filed in state court and made in error. Accordingly, the Government concludes that Plaintiff did not meet the jurisdictional requirement for filing a FTCA action and, consequently, asserts that her action against the United States should be dismissed for lack of jurisdiction.

Upon further review, however, the Court finds the Government's argument unpersuasive and concludes that Plaintiff met the administrative filing requirements under the FTCA. Under the FTCA, a written or deemed denial of an administrative claim must be received before a FTCA action is brought. However, a claim brought in state court that does not name the United States as a defendant, nor states an FTCA claim, is not considered an FTCA claim until, at the very least, the Government removes the action to federal court and substitutes itself as a defendant. See, e.g., Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011); Walters v. Mercy Hosp. Grayling, No. 13–cv–13282, 2013 WL 5775367, at *3 (E.D. Mich. Oct. 25 2013); see also McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993) ("The FTCA bars claimants from bringing suit *in federal court* until they have exhausted their administrative remedies." (emphasis added)). Thus, before the Government substituted itself for Mr. Jancewicz and removed Plaintiff's case to federal court, the action did not constitute a FTCA action but a

6

simple state claim. Plaintiff brought this suit in Virginia state court on August 7, 2014. On November 7, 2014, Plaintiff received a written denial from the Army.[2] Plaintiff's claim was not converted into a FTCA claim until December 2, 2014, when the Government removed the action and substituted itself. Therefore, Plaintiff received a written denial before her suit was converted into a FTCA claim. Accordingly, the Court has jurisdiction over the present action under Section 2675(a).

However, although Plaintiff has satisfied the administrative filing requirement under the FTCA, the Government succeeds on its second argument. "The government of the United States enjoys sovereign immunity from suit unless it expressly waives such immunity." Hendy v. Bello, 555 Fed. App'x 224, 226 (4th Cir. 2014). The FTCA waives sovereign immunity for certain tortious actions in suits against federal employees working in the scope of their employment. Holbrook v. United States, 673 F.3d 341, 345 (4th Cir. 2012). However, as correctly pointed out by the Government, Congress has preserved sovereign immunity for defamation claims. 28 U.S.C.A. § 2680(h) ("The provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising out . . . libel [or] slander . . . ."); see also Shirvinski v. U.S. Coast Guard, 673 F.3d 308, 316 (4th Cir. 2012) (stating that plaintiff's defamation claim would have been "barred by the FTCA's preservation of sovereign immunity against defamation actions"). Consequently, the Court finds that sovereign immunity bars Plaintiff's defamation claim against the United States. As the defamation claim was the only claim against the Government, the Court dismisses the United States as a defendant.

Federal jurisdiction over this action was premised upon the claims asserted against the United States. As the United States is now dismissed from this action, and Plaintiff's remaining

---

[2] The Government claims that this written denial was made in error. The Government presents no evidence for why this notice should be considered erroneous. Consequently, the Court refuses to find it as such.

7

claims are asserted against private entities or individuals under state law, the Court finds no other grounds exist for federal jurisdiction. Accordingly, the Court remands Plaintiff's remaining claims against Ardelle Associates, Inc., Infused Solutions, LLC, Ms. Baker, John Doe, and Jane Doe back to state court.

## II. CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** the substitution of the United States for Sergeant First Class Jonah Jancewicz as a Defendant, **DISMISSES** Mr. Jancewicz as a party to this action, **GRANTS** the Government's Motion to Dismiss with prejudice, and **REMANDS** the remaining claims against Ardelle Associates, Inc., Infused Solutions, LLC, Ms. Baker, John Doe, and Jane Doe to the Circuit Court for the City of Hampton, Virginia, for further proceedings in the case styled there as Sheryl T. McCray v. Ardelle Associates, et al., Civil No. CL14-1589.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record and the Hampton Circuit Court.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Newport News, VA
April 6, 2014