**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

**SHERYL MCCRAY,**

    **Plaintiff,**

v.                                                **Civil Case No. 4:14-cv-158**
                                                             (formerly CL14001589 in Hampton
**UNITED STATES OF AMERICA, et al.,**         Circuit Court and 4:13-cv-00060 in
                                                             previously dismissed matter)

    **Defendants.**

**DEFENDANTS ARDELLE ASSOCIATES, INC.'S AND INFUSED SOLUTIONS, LLC'S
MOTION FOR RECONSIDERATION OF REMAND TO CIRCUIT COURT**

Defendants Ardelle Associates, Inc. ("Ardelle") and Infused Solutions, LLC ("Infused") (referred to collectively as "Defendants"), pursuant to Federal Rule of Civil Procedure 54(b), respectfully submit this Motion for Reconsideration of the Court's Order dated April 7, 2015, remanding Plaintiff's remaining state law claims to the Circuit Court for the City of Hampton, Virginia. This Court should reconsider and reverse its order remanding the case to state court because the Supreme Court has held that federal jurisdiction is mandatory over cases removed to federal court by the United States pursuant to the Westfall Act, even after all the federal defendants and claims have been dismissed from the case.

**I.   PROCEDURAL HISTORY**

Plaintiff filed her Complaint[1] against Defendants in the Circuit Court for the City of Hampton on August 7, 2014, alleging defamation and wrongful termination.

---

[1] Plaintiff's Complaint in the Circuit Court for the City of Hampton was not her first attempt to sue Defendants for facts alleged in the instant lawsuit. She had previously filed a virtually identical defamation lawsuit against Defendants with this Honorable Court – Case No. 4:13-cv-00060. Defendant Ardelle's FRCP 12(b)(6) motion to dismiss this defamation claim was granted by this Court. See ECF No. 27.

1

Defendant Infused timely filed its State Law Motion to Dismiss[2] on September 15, 2014, arguing that: (1) Plaintiff's defamation claim must be dismissed for failure to state a claim upon which relief could be granted; (2) Plaintiff's defamation claim was barred by *res judicata*; (3) Plaintiff's claims were outside of the statute of limitations; and (4) Plaintiff's wrongful termination claim must be dismissed for failure to state a claim upon which relief could be granted. Plaintiff filed an Opposition on or about October 2, 2014.

Defendant Ardelle also timely filed its State Law Motion to Dismiss on October 29, 2014, similarly arguing that: (1) Plaintiff's defamation claim must be dismissed because it was barred by the statute of limitations; (2) Plaintiff's defamation claim must be dismissed for failure to state a claim upon which relief could be granted[3]; and (3) Plaintiff's wrongful termination claim must be dismissed for failure to state a claim upon which relief could be granted.[4] Plaintiff filed an Opposition on or about November 17, 2014, and Ardelle filed a Reply Brief dated December 3, 2014.

On December 2, 2014, before the Circuit Court could rule on Defendants Infused's and Ardelle's State Law Motions to Dismiss, the United States filed a Notice of Substitution pursuant to 28 U.S.C. § 2679(d) (a "Westfall Act substitution"). See ECF No. 2. The Notice of Substitution stated that the United States Attorney for the Eastern District of Virginia had certified that Defendant Sergeant First Class Jonah Jancewicz was acting in the scope of his federal employment at the time of the incident alleged in the Complaint, and thus, the United

---

[2] In accordance with Virginia law, Defendants titled their state law motions to dismiss a "Demurrer" and "Plea in Bar."

[3] Specifically, Plaintiff failed to meet the required element of publication under the State defamation law because she failed to allege that Ardelle published a defamatory statement to a third party; and she further failed to show any factual support for her "alter ego" theory of publication.

[4] Specifically, Plaintiff failed to meet the requirements of a wrongful discharge claim because she fatally failed to identify any public policy of Virginia that Ardelle had supposedly violated. Indeed, Plaintiff made clear that the basis for her claim was not a violation of public policy, but of her supposed individual rights.

States had been substituted as a defendant in place of Sergeant Jancewicz. See id. The case was subsequently removed by the United States to federal court. See ECF No. 1. On January 17, 2015, Defendant Ardelle filed a Notice of Demurrer and Plea in Bar/Motion to Dismiss, reasserting the claims that it had made in its State Law Motion to Dismiss. See ECF No. 6.

On April 7, 2015, the Court granted the United States' Motion to Dismiss and, finding that there were no remaining federal defendants or claims, remanded the case to the Circuit Court for the City of Hampton, Virginia *sua sponte*. See ECF No. 11.

## II.     STANDARD OF REVIEW

The goal of a motion for reconsideration is "to reach the correct judgment under law." Netscape Commc'n corp. v. Value Click, Inc., 704 F.Supp.2d 544, 547 (E.D. Va. 2010). Thus, "a request for reconsideration can perform a valuable function, allowing the court quickly to correct a clear error or injustice, and sparing the parties the need to appeal." Jones v. Dimensions Health Corp., Civil No. PWG-13-2250 *5 (D. Md. April 2, 2014).

Motions for reconsideration of an interlocutory order are governed by Federal Rule of Civil Procedure 54(b), under which "a district court retains the power to reconsider and modify its interlocutory orders . . . at any time prior to final judgment." TomTom, Inc. v. AOT Systems GMBH, 17 F. Supp.3d 545, 546 (E.D. Va. April 15, 2014) (citing Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003)). Such motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n, 326 F.3d at 514. Rather, reconsideration is "committed to the discretion of the district court," which may be exercised "as justice requires." TomTom, Inc., 17 F. Supp.3d at 546.

Although Rule 60(b) of the Federal Rules of Civil Procedure applies only to final judgments, a court may consider the reasons in that rule when deciding whether to grant relief

3

under Rule 54(b). Id. One circumstance under which reconsideration is appropriate is when it is necessary to correct a "clear error of law." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

### III. ARGUMENT

Respectfully, this Court should reconsider and reverse its order remanding the case to the Circuit Court because the Court's decision was based on a clear error of law. Specifically, both the Supreme Court and the Fourth Circuit have held that federal courts have exclusive jurisdiction over cases removed by the United States under the Westfall Act, and a district court has no discretion to remand the case to state court.

**A. Federal Courts have Exclusive Jurisdiction Over Cases Removed Pursuant to the Westfall Act.**

This Court's decision remanding this case to the Circuit Court was clear error, because federal courts have exclusive jurisdiction over cases removed by the United States pursuant to the Westfall Act.

In Kebaish v. INOVA Health Care Services, No. 1:10-cv-829 (E.D. Va. Aug. 4, 2010), a case arising out of similar circumstances, this Court determined that it had no authority to remand a case to state court after it had been removed pursuant to the Westfall Act, even though all federal defendants and claims had subsequently been dismissed following removal. In Kebaish, like in this case, the United States filed a notice of substitution under the Westfall Act and removed the matter to federal court on the grounds that certain defendants had been certified by the U.S. Attorney as acting within the scope of their employment at the time of the events alleged in the complaint. Id. at *2. The United States was soon dismissed from the action, leaving no federal defendants or claims, and the plaintiff filed a motion to remand the matter to state court. Id. at *3.

4

The <u>Kebaish</u> Court determined that remand must be denied under both the Supreme Court's controlling decision in <u>Osborn v. Haley</u>, 549 U.S. 225 (2007), and earlier Fourth Circuit decisions. The Court explained that in <u>Osborn</u>, the Supreme Court "[held] that a case removed under the Westfall Act following the Attorney General's certification [that a defendant was acting in the scope of federal employment] may not be remanded" on the grounds that the Attorney General's certification was unwarranted, because the certification "conclusively establish[es] scope of office or employment for purposes of removal, *thereby render[ing] the federal court exclusively competent and categorically preclude[ing] a remand to state court*." <u>Id.</u> at *5 (internal quotations and citations omitted) (emphasis added).

The <u>Kebaish</u> Court ruled that "[i]t follows from <u>Osborn</u> that this basis [i.e., removal pursuant to the Westfall Act] for federal subject matter jurisdiction remains despite the fact that (i) the United States has been dismissed as a defendant, (ii) the remaining claims arise solely under state law, and (iii) the remaining defendants are Virginia citizens." <u>Id.</u> at *7. The Court concluded that, "[a]s the Fourth Circuit has held, the jurisdiction properly acquired by the removal [under the Westfall Act] *was effectively mandatory and did not permit a discretionary remand* . . . ." <u>Id.</u> (citing <u>Mangold v. Analytic Servs., Inc.</u>, 77 F.3d 1442 (4th Cir. 1996)) (internal quotation omitted) (emphasis added).

B.  **The Court Should Reverse its Order Remanding the Case to Circuit Court Because It Did Not Have the Discretion to Remand.**

As shown above, Supreme Court and Fourth Circuit precedent require this Court to reconsider and reverse its order remanding the case to state court. This case was removed to federal court under the Westfall Act following the Attorney General's certification that Sergeant Jancewicz was acting in the scope of his federal employment during the incidents at issue in the Complaint. Thus, pursuant to the Supreme Court's <u>Osborn</u> ruling and the Fourth Circuit's

<u>Mangold</u> ruling, this Court's federal jurisdiction is "effectively mandatory" and the law does not permit a discretionary remand, even though no federal claims or defendants remain.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants Ardelle and Infused respectfully request that this Honorable Court reconsider and reverse its order remanding this case to the Circuit Court for the City of Hampton, Virginia.

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Melissa Jackson Howell (VSB 48411) | John E. Carter (VSB 31018) |
| HOWELL LAW GROUP, PLLC | John E. Carter, P.C. |
| 999 Waterside Dr., Suite 2525 | 4103 Chain Bridge Road, #101 |
| Norfolk, VA 23510 | Fairfax, VA 22030 |
| Phone: (757) 630-4030 | Phone: (703) 591-2985 |
| Fax: (757) 216-0160 | Fax: (703) 591-2965 |
| MHowell@HowellHRLaw.com | JCarterPC@aol.com |
| *Attorney for Defendant Ardelle* | *Attorney for Defendant Infused* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing *Motion for Reconsideration* was electronically filed with the Clerk's Office using this Court's CM/ECF system, which will then serve a notice of electronic filing (NEF) on the judge and counsel of record.

April 14, 2015

                                             /s/
                                 Melissa Jackson Howell (VSB No. 48411)
                                 HOWELL LAW GROUP, PLLC
                                 999 Waterside Drive, Suite 2525
                                 Norfolk, VA 23510
                                 Telephone: 757.630.4030
                                 Facsimile: 757.216.0160
                                 MHowell@HowellHRLaw.com
                                 *Counsel for Defendant Ardelle Associates, Inc.*