IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

SHERYL MCCRAY,

    **Plaintiff**

    v.

CIVIL NO. 4:14cv158

ARDELLE ASSOCIATES INC., et al.,

    **Defendant.**

## OPINION AND ORDER

This matter comes before the Court upon the Notice of Demurrer and Plea in Bar or, in the Alternative, Motion to Dismiss ("Notice of Demurrer and Plea in Bar") filed by Ardelle Associates Inc. ("Ardelle"). ECF No. 6. This Notice requested the Court to consider the Demurrer and Plea in Bar that were undecided and pending in state court when the case was removed to this Court. On June 11, 2015, the Court held a hearing at which counsel for Ardelle and Sheryl McCray ("Plaintiff") appeared and argued their respective positions. At the hearing, the Court **GRANTED** the Notice of Demurrer and Plea in Bar, **CONVERTED** Ardelle's Demurrer and Plea in Bar into a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), **GRANTED** the Rule 12(b)(6) Motion to Dismiss, and **DISMISSED** all of Plaintiff's claims against Ardelle. The Court now memorializes its reasons herein.

**I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

    **A.**    **Factual History**

The following summary is taken from factual allegations contained in Plaintiff's Amended Complaint, which, for purposes of ruling on the instant Motion to Dismiss, the Court

1

accepts as true.[1]

This case arises from an allegedly hostile work encounter involving Plaintiff in September 2012. At the time, Plaintiff was employed by Ardelle and/or Infused Solutions, LLC ("Infused")[2] at a United States Army Recruiting Center in Hampton, Virginia. Compl. ¶¶ 2, 4, 5. On September 20, 2012, Plaintiff had a work dispute with a colleague, Sergeant First Class Jonah Jancewicz. Id. ¶ 7. During this dispute, Plaintiff claims that Sergeant Jancewicz verbally assaulted and physically intimidated her. Id. ¶¶ 8, 9. Plaintiff reported the incident to her supervisor later that day. Id. ¶ 10. On September 24, Plaintiff filed a complaint against Sergeant Jancewicz and learned that he had also filed a complaint against her. Id. ¶¶ 11, 12. On September 26, Jamie Baker, an employee of Infused, called Plaintiff to discuss the incident. Id. ¶¶ 13, 16, 17. Ms. Baker informed Plaintiff that she was Plaintiff's reporting official and that, as a result of the incident on September 20, Plaintiff was going to be placed on 90-day probation. Id. ¶¶ 13, 14. Ms. Baker also indicated that another Infused employee had already warned Plaintiff about her prior misconduct, which Plaintiff insisted had never happened. Id. Later that day, Ms. Baker sent Plaintiff a final warning notice, which stated that Plaintiff was being disciplined for insubordination and that Plaintiff had consistently exhibited such misconduct. Id. ¶ 17. On September 28, Plaintiff sent an email to Ms. Baker challenging that characterization of her behavior and asked for paperwork concerning these statements. Id. ¶ 20. On October 4, 2014, Plaintiff received a termination notice from her supervisor stating that Plaintiff was being fired for violating the workplace violence policy. Id. ¶ 23.

B. Procedural Background

On May 3, 2013, Plaintiff brought a defamation action in federal court against Sergeant

---

[1] In ruling on a motion to dismiss, the court must accept the plaintiff's factual allegations as true. See Burnette v. Fahey, 687 F.3d 171, 180 (4th Cir. 2012).

[2] Plaintiff has alleged that either Ardelle and/or Infused was her employer.

2

Jancewicz, Ardelle, Infused, Jamie Baker, the United States Army Recruiter Command, a John Doe, and a Jane Doe in connection with her reprimand and termination. Case No, 4:13cv60, ECF No. 1. Subsequently, the Court granted Ardelle's Motion to Dismiss for Failure to State a Claim. Id., ECF No. 27. On April 17, 2014, the Court dismissed the remaining claims for lack of jurisdiction. Id., ECF No. 45.

On August 7, 2014, Plaintiff filed the instant action against Ardelle, Infused, Ms. Baker, Sergeant Jancewicz, a John Doe, and a Jane Doe in Hampton Circuit Court. See ECF No. 1, Ex. 1 at 2–13. Plaintiff brings a defamation claim against Ardelle, Infused, Ms. Baker, and Sergeant Jancewicz, as well as a wrongful termination action against Ardelle and Infused. On October 29, 2014, Ardelle filed a Demurrer and Plea in Bar asserting that Plaintiff's defamation claim was barred by the statute of limitations and that she had failed to state a claim for defamation and wrongful termination under Virginia law. ECF No. 6-1. Plaintiff filed an Opposition on November 17, 2104, and Ardelle filed a Reply on December 3, 2014.

However, before the state court could rule on the motions, on December 2, 2014, the United States removed the case to federal court pursuant to the U.S. Attorney's certification under 28 U.S.C. § 2679(d)(2). ECF No. 1. Consequently, the case was brought before this Court, and the United States was substituted for Sergeant Jancewicz as a defendant. ECF No. 2. Following removal, the Government filed an unopposed Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 3. On January 17, 2015, Ardelle filed the instant Notice of Demurrer and Plea in Bar.[3] ECF No. 6. The Court granted the Government's Motion to Dismiss on April 7, 2015, ECF No. 11, and found no independent grounds for federal jurisdiction—remanding the case to the state court. However, on

---

[3] Neither Ms. Baker nor Infused filed a motion requesting the Court to rule on their respective state motions.

3

May 1, 2015, the Court granted Ardelle's and Infused's Motion for Reconsideration and removed the case back to federal court. ECF No. 13. On June 10, 2015, Plaintiff filed an Information to the Court and Request for Incorporation of Plaintiff's Pleadings Filed of Record in Hampton Circuit Court ("Information and Request").[4] ECF No. 19. On June 11, 2015, the Court held a hearing at which counsel for Ardelle and Plaintiff appeared and argued their respective positions regarding Ardelle's Notice of Demurrer and Plea in Bar. At the conclusion of the hearing, the Court converted Ardelle's Demurrer and Plea in Bar into a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and granted the Motion to Dismiss, dismissing all of Plaintiff's claims against Ardelle. The Court now memorializes its reasons herein.

## II. NOTICE OF DEMURRER AND PLEA IN BAR

Ardelle's Notice of Demurrer and Plea in Bar requested the Court to consider its Demurrer and Plea in Bar, which were undecided and pending in state court when the case was removed. Ardelle's Plea in Bar asserted that Plaintiff's defamation claim was barred by the statute of limitations, which Ardelle maintained had already run. Ardelle's Demurrer contended that Plaintiff's Complaint failed to state a claim for defamation and wrongful discharge. In the alternative, Ardelle requested that its Demurrer and Plea in Bar be converted into a Rule 12(b)(6) Motion to Dismiss.

First, the Court had to consider whether it could rule on pending state motions filed prior to the removal of the case, without requiring the moving party to refile the motions in the federal court. Language in the Federal Rules of Civil Procedure indicates that the Court could consider such motions. Rule 81 expressly states that "[a]fter removal, repleading is unnecessary unless the court orders it." FED. R. CIV. P. 81(c)(2). This Rule also provides specific guidelines for filing

---

[4] The Court accepted Ardelle's characterization of Plaintiff's Information and Request Plaintiff's as an untimely opposition to Ardelle's unopposed Notice of Demurrer and Plea in Bar. Accordingly, the Court refused to consider the arguments therein and **DENIED** the Information and Request. ECF No. 19.

4

answers or "other defenses" when the defendant did not do so before removal. Id. ("A defendant who did not answer before removal must answer or present other defenses or objections under these rules . . . ."). The obvious implication of this language is that a party need not refile pending state motions in the federal court. See also 77 C.J.S. *Removal of Cases* § 192 (2015) ("Where a cause [sic] is removed from a state court to a federal district court while a motion theretofore made is pending, such motion is transferred with the record to the federal court, to be determined by that court."). Accordingly, the Court concluded that it could rule on motions pending in the state court upon removal, without requiring the motions to be refiled.

Nevertheless, "federal procedural rules govern a case that has been removed to federal court." Smith v. Bayer Corp., 131 S. Ct. 2368, 2374 n.1 (2011); see FED. R. CIV. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). As a result, the Court **CONVERTED** Ardelle's Demurrer and Plea in Bar into a Motion to Dismiss under Federal Rule of Procedure 12(b)(6). However, although federal procedural law applied, state law applied to govern the substantive claims. See United States v. St. Louis Univ., 336 F.3d 294, 300 (4th Cir. 2003) ("The [Federal Tort Claims] Act requires the government's liability to be determined 'in accordance with the law of the place where the act or omission occurred.'" (quoting 28 U.S.C. § 1346(b)(1))). Therefore, Virginia law supplied the applicable substantive law.

A.  Ardelle's Plea in Bar

In its Plea in Bar, Ardelle argued that the statute of limitations on Plaintiff's defamation claim had run. Courts have previously considered such a challenge in a Rule 12(b)(6) challenge. United States v. Kivanc, 714 F.3d 782, 789 (4th Cir. 2013) ("The statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss . . . ."). The Court

first had to decide which statute of limitations governed the case at bar: the Federal Tort Claims Act ("the Act") or Virginia law. The original action was removed pursuant to the Act, which carries a two-year statute of limitations. See 28 U.S.C. § 2401(b). However, by the time of the hearing, the United States had been dismissed from this case. The remaining claims were state law claims against private parties that had no independent basis for federal jurisdiction. Accordingly, the Court accepted Ardelle's argument that Virginia law prescribed the applicable statute of limitations.

Ardelle asserted that the one-year statute of limitations for defamation actions under Virginia law had run. See VA. CODE § 8.01-247.1 (stating an action for defamation must be "brought within one year after the cause of action accrues."). Ardelle pointed out that the defamatory statements alleged in Plaintiff's Complaint occurred around late September or early October 2012. See Compl. ¶¶ 17, 23. Ardelle reasoned that because Plaintiff did not file this lawsuit until August 7, 2014—nearly two years after the alleged defamation occurred—the statute of limitations had run and Plaintiff's defamation claim was consequently barred.

In response, Plaintiff argued that her defamation claim against Ardelle was not time-barred because the statute of limitations was previously tolled. Plaintiff pointed out that Virginia Code Section 8.01-229(E)(1) tolls an action commenced within the prescribed limitation period if the action is dismissed without determining the merits. Plaintiff reasoned that she brought a nearly identical defamation action on May 3, 2013. That suit was later dismissed for lack of jurisdiction on April 17, 2014. As a result, Plaintiff contended that the statute of limitations was tolled from May 3, 2013 to April 17, 2014, which brought the current action within the one-year deadline.

Therefore, the Court had to consider whether the tolling provision in Virginia Code

6

Section 8.01-229(E)(1) applied to the present case. Under this code section, "if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought." VA. CODE § 8.01-229(E)(1). Furthermore, for the tolling to have applied, "the subsequently filed action must be filed by the same party in interest on the same cause of action in the same right." Casey v. Merck & Co., Inc., 283 Va. 411, 417, 722 S.E.2d 842, 845 (2012)..

The primary issue was whether the prior suit was dismissed on the merits. As mentioned earlier, Plaintiff's prior suit was dismissed for lack of jurisdiction, which does not constitute a judgment on the merits under Section 8.01-229(E)(1). See Rivers v. Black & White Cars, Inc., 1990 WL 303324, at *6–9 (E.D. Va. June, 7 1990). However, the claims against Ardelle were dismissed from the suit on a 12(b)(6) motion to dismiss before the Court dismissed the entire case. Although neither Virginia nor federal courts have ruled on whether a dismissal pursuant to a 12(b)(6) motion constitutes a judgment on the merits in the context of Section 8.01-229(E)(1), other courts have found such a dismissal to constitute a judgment on the merits in similar contexts. Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946) ("For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."); Enzo Therapeutics, Inc. v. Yeda Research & Dev. Co. of The Weizmann Inst. of Sci., 467 F. Supp. 2d 579, 585 (E.D. Va. 2006) (finding that a dismissal pursuant to Rule 12(b)(6) "constitutes a judgment on the merits, and therefore triggers claim preclusive and res judicata effect"); Rivers v. Norfolk, Baltimore, & Carolina Line, Inc., 210 F. Supp. 283, 287 (E.D. Va. 1962) ("In Virginia the authorities are uniform to the effect that a demurrer goes to the heart of the case and, if sustained, it is a decision on the merits."). Thus, the

Court had to determine whether the dismissal of Plaintiff's entire suit or, on the other hand, her specific claims against Ardelle, counted as a dismissal under Section 8.01-229(E)(1).

Because no Virginia or federal courts have ruled on this issue, the Court had to look to the statute. In interpreting a statute under Virginia law, a court "must 'ascertain and give effect to the intention of the legislature, which is usually self-evident from the statutory language.'" Rutter v. Oakwood Living Ctrs. of Va., Inc., 282 Va. 4, 9, 710 S.E.2d 460, 462 (2011) (quoting Va. Polytechnic Inst. & State Univ. v. Interactive Return Serv., Inc., 271 Va. 304, 309, 626 S.E.2d 436, 438 (2006)). A court must interpret the "the plain meaning of the words used in the statute." Sheppard v. Junes, 287 Va. 397, 403, 756 S.E.2d 409, 411 (2014). Furthermore, courts "must consider 'a statute in its entirety, rather than by isolating particular words or phrases.'" Id. at 403, 756 S.E.2d at 411 (quoting Small v. Fannie Mae, 286 Va. 119, 127, 747 S.E.2d 817, 821 (2013) (internal quotation marks omitted).

Reading the statute as a whole, the Court found that for the purposes of dismissal, Section 8.01-229(E)(1) counts the abatement or dismissal of the plaintiff's entire case, rather than the claims against the defendant. Section 8.01-229(E)(1) specifically uses "action" rather than "claim" to determine the time that the suit is tolled. VA. CODE § 8.01-229(E)(1) ("[I]f any *action* is commenced within the prescribed limitation period and for any cause . . . is dismissed without determining the merits, the time such *action* is pending shall not be computed as part of the period within which such *action* may be brought . . . .") (emphasis added). The fact that the statute uses the term "claim" in other subsections indicates that the use of "action" rather than "claim" was intentional. The Virginia Supreme Court has found the term "action" under Section 8.01-229(E)(1) "refers to civil litigation in both the state and federal courts." Welding, Inc. v. Bland Cnty. Serv. Auth., 261 Va. 218, 224, 541 S.E.2d 909, 912 (2001). Therefore, the Court

8

concluded that the dismissal of the entire action counted as the determinative dismissal under Section 8.01-229(E)(1).

Upon applying this principle, the Court found that the present action was brought within the statute of limitations. According to the Complaint, the alleged defamation occurred on October 4, 2012 at the latest. Plaintiff's first suit was brought 212 days later on May 3, 2013. The action was tolled from that date until April 17, 2014, when it was dismissed for lack of jurisdiction. The second suit was brought 113 days later on August 7, 2014. Therefore, the total time, not counting the time the prior action was pending, was 325 days, which was within the 365 day limit for bringing a defamation claim. Accordingly, the statute of limitations had not run and, consequently, Plaintiff's defamation claim was not barred.

### B.     Ardelle's Demurrer

In its Demurrer, Ardelle argued that Plaintiff failed to state a claim for defamation and wrongful termination. As noted earlier, the Court converted Ardelle's Demurrer into a Rule 12(b)(6) motion. Therefore, it considers these challenges in light of Rule 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) mandates that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, dismissal is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Harrison v. U.S. Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988) (citation omitted); Davis v. Hudeins, 896 F. Supp. 561, 566 (E.D. Va. 1995). When reviewing the legal sufficiency of a complaint, the Court must accept "all well-pleaded allegations in the plaintiff's complaint as true" and draw "all reasonable factual inferences from those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Legal conclusions, on the other hand, are not entitled to the assumption of

truth if they are not supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should be granted only in "very limited circumstances." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

### 1. Defamation Claim

Ardelle first challenged Plaintiff's defamation claim. "The elements of defamation are '(1) publication of (2) an actionable statement with (3) the requisite intent.'" Tharpe v. Saunders, 285 Va. 476, 476, 737 S.E.2d 890, 892 (2013) (quoting Jordan v. Kollman, 269 Va. 569, 575, 612 S.E.2d 203, 206 (2005)). Specifically, Ardelle argued that Plaintiff failed to properly plead the element of publication. "[T]he publication element of a defamation action requires dissemination of the statement to a third party in a nonprivileged context." Shaheen v. WellPoint Companies, Inc., 490 Fed. App'x 552, 555 (4th Cir. 2012) (applying Virginia law). "It is sufficient to show that, when the defendant addressed the defamatory words to the plaintiff, another person was present, heard the words spoken, and understood the statement as referring to the plaintiff." Food Lion, Inc. v. Melton, 250 Va. 144, 150, 458 S.E.2d 580, 584 (1995).

The Court found that Plaintiff failed to properly allege publication in its defamation claim against Ardelle. At the hearing, counsel for Plaintiff was unable to identify any particular language in the Complaint that alleged publication. After reviewing the Complaint, the Court found only two paragraphs that were potentially relevant to an allegation of publication. First, the Court identified paragraph 17, which stated, "Defendant Baker and/or other as yet unknown agents or employees of Defendants Ardelle Associates and/or Team Infused uttered and/or communicated these falsehoods concerning Plaintiff to *third parties*." Compl. ¶ 17 (emphasis added). Such a vague and generalized statement, which also failed to name the specific party to

whom the defamatory statement was communicated, only established, at most, a mere possibility that publication occurred. The mere possibility of misconduct is insufficient to meet the federal pleading standard. See Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (quoting FED. R. CIV. P. 8(a)(2) (emphasis added)). Accordingly, the Court found that this language failed to allege Ardelle's publication.

The only other language relevant to the present inquiry was an allegation of Ardelle's liability under an alter ego theory. This language stated that "Ardelle and Infused Solutions were so interconnected as to operations and functions that the corporate boundaries between the two were eroded and both comprised [of] one collective entity," and therefore "Ardelle Associates and Infused Solutions are liable for each other's actions under an alter ego theory." Compl. ¶ 32. Through this allegation, Plaintiff sought to impute Infused's liability for defamation to Ardelle. Even assuming *arguendo* that Infused was liable to Plaintiff for defamation, this language failed to establish such liability. Under Virginia law, "courts will disregard the separate legal identities of the corporation only when one is used to defeat public convenience, justify wrongs, protect fraud or crime of the other." Eure v. Norfolk Shipbuilding & Drydock Corp., Inc., 263 Va. 624, 634, 561 S.E.2d 663, 669 (2002) (quoting Beale v. Kappa Alpha Order, 192 Va. 382, 399, 64 S.E.2d 789, 798 (1951). "Only 'an extraordinary exception' will justify disregarding the corporate entity." Greenberg v. Com. ex rel. Atty. Gen. of Va., 255 Va. 594, 604, 499 S.E.2d 266, 272 (1998) (quoting Cheatle v. Rudd's Swimming Pool Supply Co., Inc., 234 Va. 207, 212, 360 S.E.2d 828, 831 (1987)). Plaintiff's allegations plainly failed to plead any wrong, fraud, or criminal activity to justify disregarding the corporate form. Thus, the Court found that the alter

ego theory did not apply.

Because Plaintiff failed to sufficiently plead publication of the alleged defamatory statement, the Court found that Plaintiff failed to state a claim for defamation. Accordingly, the Court **DISMISSED** Plaintiff's defamation claim against Ardelle.

### 2. Wrongful Termination

Ardelle also argued that Plaintiff failed to state a claim for wrongful termination. Virginia 'strongly adheres to the employment-at-will doctrine.'" VanBuren v. Grubb, 284 Va. 584, 589, 733 S.E.2d 919, 921 (2012). The common law tort of wrongful discharge has been carved out as an exception to the employment-at-will doctrine. Bowman v. State Bank of Keysville, 229 Va. 534, 539, 331 S.E.2d 797, 801 (1985). This "exception to the employment-at-will doctrine [is] limited to discharges which violate public policy, that is, the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." Miller v. SEVAMP, Inc., 234 Va. 462, 468, 362 S.E.2d 915, 918 (1987). "In a wrongful discharge case, the tortious act is not the discharge itself; rather, the discharge becomes tortious by virtue of the wrongful reasons behind it." VanBuren, 284 Va. at 592, 733 S.E.2d at 923. The Virginia Supreme Court has recognized that a claim for wrongful discharge arises when the discharge violates a public policy recognized in Virginia. Bowman, 229 Va. at 539, 331 S.E.2d at 801.

Upon review, the Court concluded that Plaintiff failed to allege such a public policy. From what the Court could discern, Plaintiff had pled three reasons for her wrongful discharge. First, she alleged that her "termination was clearly a retaliatory act against her for filing a complaint against Defendant Sergeant Jancewicz and for requesting any copies of past documentation concerning her work behavior." Compl. ¶ 23. Second, she pled that contrary to

12

company procedure, her employer did not investigate the incident. Id. ¶¶ 23, 28. Finally, she alleged that the defamatory statement was "used as a pretext" to terminate her employment. Id. ¶ 26. These allegations failed to identify how her termination violated any public policy. Instead, Plaintiff allegations only identify the potential violation of her private rights. See Miller, 234 Va. at 468, 362 S.E.2d at 919. Wrongful discharge is "not so broad as to make actionable those discharges of at-will employees which violate only private rights or interests." Id. at 468, 362 S.E.2d at 918. Because Plaintiff never identified the violation of a recognized public policy, she failed to state a claim for wrongful discharge. Accordingly, the Court **DISMISSED** Plaintiff's wrongful termination claim against Ardelle.

## II.  CONCLUSION

For the foregoing reasons, the Court **GRANTED** the Notice of Demurrer and Plea in Bar, **CONVERTED** Ardelle's Demurrer and Plea in Bar into a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), **GRANTED** the Rule 12(b)(6) Motion to Dismiss, and **DISMISSED** all of Plaintiff's claims against Ardelle. The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Newport News, VA
June 23, 2015