**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| **SHERYL T.  McCRAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No.: 4:14-cv-158-RGD-LRL** |
| ) | |
| **ARDELLE ASSOCIATES, Et Al.,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANT'S INFUSED SOLUTIONS, LLC'S and JAMIE BAKER'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S FEDERAL RULE CIVIL PROCEDURE  12(b)(6) MOTION TO DISMISS

**COMES NOW, DEFENDANTS**, **INFUSED SOLUTIONS, LLC**, d/b/a Infused Solutions, Team Infused, hereinafter referred to as "**INFUSED**", and **JAMIE BAKER**, by and through counsel, and respectfully submits this Memorandum of Law in Support of Defendant's Fed.R.Civ.P. 12(b)(6) Motion to Dismiss and states as follows:

## I.  INTRODUCTION

1.  Plaintiff has previously filed a Complaint in the United States District Court for the Eastern District of Virginia, Newport News Division, _Sheryl McCray v. Ardelle Associates,_ Civil No.: 4:13-CV-00060, which was dismissed.  The U.S. District Court entered an Order on January 31, 2014, dismissing Plaintiff's claims against Defendant "Ardelle", for failure to state a claim on all counts.  The Court on March 26, 2014, entered an Order of dismissal as to Defendants, US Army Recruiter Command and Defendant Jancewicz and on April 17, 2014, and entered an Order of Dismissal as to all claims as "state law claims are not of federal concern".   Plaintiff re-filed her claims in the City of Hampton Circuit Court for defamation, vicarious liability and wrongful

1

termination on August 7, 2014.  Defendant's Infused Solutions and Baker filed a demurrer asking that Court to dismiss the Complaint.  Before a hearing on that motion on December 4, 2014 the case was removed to this Court inasmuch as the United States was brought in as a Defendant again. After this Court dismissed Ardelle, the Plaintiff's employer, for failure to state a claim upon which relief can be granted, and after Plaintiff changed attorneys, Plaintiff was granted leave to file an Amended Complaint which she filed on November 3, 2016.  The Amended Complaint has omitted the claim for Wrongful Termination and brings in a "New Count" for Tortious Interference with Business Expectancy" nearly four years after the first Complaint was filed as well as including Defamation and Defamation Per Se counts.

2.  Defendant, Infused Solutions, LLC, hereinafter "INFUSED" was/is a government contractor and had a contract to service the United States Army Recruiting Center in Hampton, Virginia.  "INFUSED" had a teaming agreement with Ardelle Associates Inc. (hereinafter "Ardelle"), who also provided staffing services to the Army and Plaintiff was employed by Ardelle Associates Inc. Plaintiff acknowledges that she was employed by "Ardelle" in the Amended Complaint and placed at the United States Army Recruiting Office. "INFUSED" was the Prime Contractor for that USAREC Office and worked with Ardelle at this facility under a subcontract.

3.  Plaintiff's allegations arise out of an alleged dispute that occurred between herself and a USAREC employee, Sergeant Jonah Jancewicz, on or about for September 20, 2012, while she was assigned to work at USAREC.  Plaintiff's allegations, while toned down from the Original Complaint, state that "Jancewicz "angrily and profanely confronted the Plaintiff and that he hinted he could get her terminated".  Subsequently,

2

"Janceawicz" filed a report against Plaintiff and likewise, Plaintiff filed a report against "Jancewicz". In the original Complaint, Plaintiff states she got a call from Captain Jack Irby questioning her as to the occurrence because "Jancewicz" made an "informal complaint regarding Plaintiff and Plaintiff gave "Irby" her side of the story and contacted "Ardelle". (See the Original Cpt.).

4. In the Original Complaint Plaintiff alleges she communicated by e-mail with James Sprigler, the Contracting Officers Representative at USAREC, regarding the "situation that had taken place". In her original Complaint, on September 24, 2012, Plaintiff states she attempted to report the incident with Defendant Jancewicz to proper authorities and via e-mail to James Sprigler, a Contracting Officers Representative at USAREC headquarters, and that the email was sent on or about September 25, 2012 regarding her complaint of Defendant Jancewicz. At all times herein, Mr. Sprigler was not Plaintiff's employer. (See original Complaint ¶ 11). Sergeant Jancewicz also reported the incident to James Sprigler. Thereafter, Plaintiff called Yolanda Green-Wilson, to inform her of the incident. Yolanda Green-Wilson is and/or was her "supervisor", an employee of "Ardelle".

5. Plaintiff asserts a telephone call occurred with "Infused's" employees, Jamie Baker and a Mr. Akbar, in which Plaintiff was advised that if there were any issues she should not discuss them with the Army and on or about, September 26, 2012, McCray asserts that Defendant Baker e-mails a final warning notice to the Plaintiff for insubordination and unprofessional behavior. Plaintiff asserts she received yet another e-mail dated September 28, 2012, from Defendant Baker regarding her time card and hours and verification of the time cards by Captain Irby or First Sargent Brown. Thereafter,

Plaintiff received a termination e-mail from Yolanda Green-Wilson, of Ardelle, on

October 4, 2012, purportedly due to violations of its code of conduct regarding

"workplace violence".  (See Amended Complaint, ¶ 20).

6.   Thereafter Plaintiff makes a circumstantial argument that Defendants "upon

reasonable and plausible information and belief that the Defendants published additional

false statements regarding her and/or the event on September 20, 2012 to Ardelle with

actual and/or common law malice and in order to secure her termination." (See Amended

Complaint ¶22).  No specific statements or proof of this publication is included in the

Amended Complaint.  Plaintiff goes on to state some circumstantial factors that she

believes support her allegation but as stated above includes no actual proof or any

specific statements or e-mails that were sent by the Defendants to Ardelle.  (See

Amended Complaint ¶23).  All she includes in her Amended Complaints are conclusory

statements without any specific proof as required by Virginia law.

## II.   STANDARD OF REVIEW

7.   Paragraphs 1-6 are incorporated herein by reference as though fully repeated.

8.   Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face to survive a Motion to Dismiss and a claim has facial plausibility

when the Plaintiff pleads factual content that allows the court to draw the reasonable

inference that Defendant is liable for the misconduct alleged.  See, *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) "A inference of a mere possibility of misconduct is not sufficient to

support a plausible claim".   As set forth in *Bell Atlantic Corp v. Twombly,* 550 U.S. 544

(2007), "Although when considering a motion to dismiss a court must accept as true all

factual allegations in the complaint, that principle does not apply to legal conclusions couched as factual allegations". "A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do". See, _Bell Atlantic Corp v. Twombly,_ 550 U.S. 544 (2007)

9.  The Complaint must contain sufficient factual matter, accepted as true, to state a claim for which relief may be granted and tests the formal sufficiency of the statement of the claim for relief in the complaint.  "While a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than _labels and conclusions_, and a formulaic recitation of the elements of a cause of action will not do." _Bell Atlantic Corp v. Twombly,_ 550 U.S. 544 (2007).  In a nutshell, the complaint must be "plausible on its face".  Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct, defamation, as alleged.  See, _Ashcroft v. Iqbal_, 556 U.S. 662, 6768 (2009).  Under this standard, a complaint's conclusory allegations "are not entitled to the assumption of truth".

## **ARGUMENT**

10.  Paragraphs 1-9 are incorporated herein by reference as though fully repeated.

11.  Defendant's assert that the Plaintiff's own Amended Complaint states that her termination was not based upon any statements of Defendants but because of allegations of workplace violence, possibly regarding the incident of September 20, 2012 between "Jancewicz and Plaintiff" as reported by her to her employer and also by the USAREC.

Plaintiff, as set forth in the Amended Complaint was an "Ardelle" employee and was

terminated by "Ardelle" and not Defendants herein.  Further, as already stated, all claims

asserted by Plaintiff are conclusions without factual support.  Plaintiff's claims of

defamation and defamation per se against "INFUSED" fail as Defendant's did not

publish any defamatory statements to a <u>third Party</u>.  In Virginia, to support a Defamation

claim plaintiff must allege:

> "(1) a false and defamatory statement was written by the defendant
> about the plaintiff; (2) the defendant published it without privilege to a
> third party; (3) the defendant exhibited some fault in publishing the
> statement; and (4) the statement is actionable as a matter of law or the
> publication has caused the plaintiff special harm". <u>*Echtenkamp v.*</u>
> <u>*Loudon Co. Pub. Schs,*</u> 263 F.Supp.2d 1043, 1061 (E.D.Va.2003)

12.  To rise to a claim of defamation and defamation per se, Defendant must plead

that the disseminated false statement was sent to a third party.  That is not plead at all in

the original Complaint or the Amended Complaint.  In the newly filed Amended

Complaint Paragraphs 18 and 22 allege that Baker and Infused published false statements

with actual or common law malice to Ardelle.  But in the Amended Complaint the

method of publication is silent.  There are no e-mails attached showing publication to

Ardelle.  There is no assertion of a specific e-mail, phone call, letter or other

communication (publication) from Infused and Baker to Ardelle.  These very general

allegations of publication without a more specific factual recitation do not meet the

pleading requirements of a published statement to a third party.

13.  Further, assuming arguendo, that there was some sort of communication

between Baker/Infused and Ardelle, Defendants argue that it is still not an actionable

Defamation.  Virginia recognizes a qualified privilege regarding employment matters

between employers and employees and their agents.  To overcome that qualified privilege, one must show actual malice.  Any statements made were within the purview of the employer employee relationship are a qualified privileged and otherwise not actionable.  Plaintiff contacted her employer and/or agent, Ardelle and Yolanda Green-Wilson an "Ardelle" employee reporting the "incident", as well as the representative of the Army.  Thereafter Ardelle and the U.S. Army contacted Infused.  This information originated somewhere else, and Infused and Baker where the last to hear about it.  They were responding to information from other sources.  Defendant Infused/Baker while submitting emails to Plaintiff herself did not publish to any third party.  As such, Plaintiff's Complaint fails.

14.   As stated above, in Virginia, to support a Defamation claim requires "(1) publication, (2) of an actionable statement, and (3) the requisite intent."  _Shaheen v._ _Welloint Companies, Inc._, 490 Fed.Appx. 552, 555(4th Circ. 2012) (citing _Chapin v._ _Greve_, 787 F.Supp.557,562 (E.D. Va. 1992)).  "The publication element of a defamation action requires dissemination of the statement to a third party in a non-privileged context," Id. N.2 (internal citations omitted).  Further, under Virginia law, whether a statement is actionable as defamatory and whether it is defamatory per se are matters of law for the Court to determine.  *Yeagle v. Collegiate Times*, 255 Va 293, 296 (1998), See Also, *Chapin v. Knight Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993).

15.   Plaintiff fails to show the communications were false/and/or contain defaming words, and that the e-mails were made public, or to third parties.  In fact, the e-mails which Plaintiff claims are defaming are administrative and/or internal e-mails between Defendants "Infused"/Baker and McCray.  Although the Complaint does not

provide factual support of publication to Ardelle, Defendant state arguendo, that these alleged communications, if they occurred, can only be characterized as between necessary parties in the employer-employee relationship inasmuch as "Ardelle" provided Defendant "Infused" with "Ardelle's" employee, the Plaintiff herein.

16. The Court must dismiss Plaintiff's Amended Complaint against Defendants because the only person(s) to whom "Infused", by and through an employee "Baker", published anything, if any, was to Ardelle, and communication was internal and within the confines of employer/employee related matters and subject to a qualified privileged which can only be overcome by alleging and proving actual malice. McCray has made no factual statements that would prove these statements were made with malice. No statements that Baker or Infused even knew her. No statements that Baker or Infused alleged made show malice or as stated in *Southeastern Tidewater Opportunity Project, Inc., v. Bade*, 246 Va. 273 (1993), show the "the communication was actuated by some sinister or corrupt motive such as hatred, revenge, personal spite, ill will or desire to injure the Plaintiff". *Id.* At 276. Defendants "Infused" and "Baker" respectfully requests that this Court dismiss Plaintiff's Amended Complaint in its entirely with prejudice as to Defendant Infused Solutions, LLC and Jamie Baker.

**A. Plaintiff's Claim for Defamation and Defamation Per Se against Defendant's "Infused" and "Baker" Must Fail Because, Under the Plain Language of the Complaint, "Infused" and "Baker" did not Publish a Defamatory Statement to a Third-Party.**

17. Plaintiff's claim for defamation against "Infused" fails because, under the plain language of the Complaint, "Infused" did not publish a defamatory statement to a third-party. As stated, a claim for defamation must plead that defendant disseminated

false statements to a third-party in a non-privileged context.  *Shaheen*, 490 Fed.Appx

555.  The communications alleged by Plaintiff were internal within the necessary

employer and employee related matters in providing services to the federal government.

"Ardelle", Plaintiff's employer, terminated Plaintiff.  At all times, "Ardelle" and

"Infused" had a teaming agreement regarding the USREC contract(s). As such, any

comments made, if they were in fact published which is not clear based on the allegations

in the Amended Compliant, are <u>internal relating to the employer and employee</u>

<u>relationship, cover by a qualified privilege, were communicating issues back to the same</u>

<u>parties that originated the information, being the U.S. Army and Ardelle and were not</u>

<u>published to any "Third Party."</u>   Further, any such notices or communications have not

alleged to have been shared with third parties and were "internal" only, within the course

of employer/employee matters.  Any emails which were transmitted by/from Infused

were directed to Plaintiff herself and not to any third party.

18.   The Complaint is nothing but conclusory allegations and speculations which

fall short of the requisite showing of facts supporting a defamation claim   Further,

Plaintiff fails to state how Defendant, "Infused" or "Baker" acted in any way which

would "defame" her, fails to address how each individual learned of the purported "false

allegations" other than e-mails which were first generated by the Plaintiff herself to Mr.

Spiegler, who was not her employer. Again, the Complaint fails to state how these

allegations were provided, published, or disseminated to any third party or in fact, anyone

else, outside of internal employer/employee operations.  See, *Larimore v. Blaylock,* 528

S.E.2d 119 (Va.2000).

"Public policy and the interest of society demand that an employer, or his proper
representatives, be permitted to discuss freely with an employee, or his chosen

representatives, charges affecting his employment which have been made against the employee to the employer; thus, there is a privilege on such occasions and a communication made under such circumstances, within the scope of the privilege, without malice in fact, is not actionable, even though the imputation be false, or founded upon erroneous information."  The privilege applies broadly to all statements related to "employment matters," provided the parties to the communication have a duty or interest in the subject matter.

See also, *Echtenkamp v. Loudon Co. Pub. Schs,* 263 F.Supp.2d 1043, 1051 (E.D.Va.2003) "communications between persons on a subject in which the persons have an interest or duty are occasions of privilege," and "statements made between co-employees and employers in the course of employee disciplinary or discharge matters are privileged".

The publication requirement for defamation requires a dissemination of the statement to a third party where that dissemination does not occur in a privileged context. *See Montgomery Ward & Co. v. Nance,* 165 Va. 363, 379, 182 S.E. 264 (1935).* In this regard, it is well settled under Virginia law that "[c]ommunications between persons on a subject in which the persons have an interest or duty are occasions of privilege," and that "statements made between co-employees and employers in the course of employee disciplinary or discharge matters are privileged." *Larimore v. Blaylock,* 259 Va. 568, 572, 528 S.E.2d 119 (2000); *see also Southeastern Tidewater Opportunity Project, Inc. v. Bade,* 246 Va. 273, 275, 435 S.E.2d 131 (1993) (holding that a letter was privileged because it "was written in the context of his employment relationship"). Thus, the privilege applies broadly to all statements related to "employment matters," provided the parties to the communication have a duty or interest in the subject matter. *Larimore,* 259 Va. at 574–75, 528 S.E.2d 119. And, employees have a general duty "to inform management of adverse or improper actions by fellow employees," just as management has a duty "to investigate and make decisions regarding matters of continued employment." *Id.* at 575, 528 S.E.2d 119. Accordingly, neither party disputes that the relevant statements in this case are privileged.

It is also settled that this privilege is qualified and is lost "if a plaintiff proves by clear and convincing evidence that the defamatory words were spoken with common-law malice." *Southeastern Tidewater,* 246 Va. at 276, 435 S.E.2d 131; *see also Larimore,* 259 Va. at 572, 528 S.E.2d 119. Common-law malice, in turn, is "behavior actuated by motives of personal spite, or ill-will, independent of the occasion *1062 on which the communication was made." *Southeastern Tidewater,* 246 Va. at 276, 435 S.E.2d 131. In other words, to avoid the qualified privilege plaintiff must show that "the communication was actuated by some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure the plaintiff." *Id.* Thus, in order to state a claim for defamation, plaintiff must allege facts sufficient ultimately to support a finding by clear and convincing evidence that the statements of her supervisors and co-workers were made with

actual, common-law malice. *Id.* at 275–76, 435 S.E.2d 131.

In considering whether this complaint meets that burden, it must first be noted that plaintiff's repeated assertions that each defendant charged with defamation acted "with malice" and with a "motive of personal spite and revenge" are not, by themselves, sufficient to state a claim of malice sufficient to overcome the qualified privilege. Although the facts as alleged in the complaint must be taken as true for the purpose of this motion to dismiss, such conclusory allegations do not state a claim for malice if the facts as alleged cannot otherwise support a finding of malice. *See Young v. City of Mount Ranier,* 238 F.3d 567, 577 (4th Cir.2001) (holding that plaintiff does not state a claim requiring "deliberate indifference" merely by "throw [ing] in words and phrases such as 'deliberate indifference,' 'malicious,' 'outrageous,' and 'wanton' when describing the conduct"). Likewise, the allegations in the complaint that the defendants charged with defamation made the allegedly false statements with the intention of advancing their careers and currying favor with their supervisors also fall short of stating a claim of actual malice. After all, any time an employee reports misconduct by a co-worker one might say that the employee acted maliciously in trying to curry favor with supervisors at the expense of a co-worker. Were such bare allegations sufficient to state a claim of malice, virtually every claim of defamation based on a co-worker's report of misconduct would survive a motion to dismiss. Neither precedent nor common sense approve of such a result. *See Larimore,* 259 Va. at 575, 528 S.E.2d 119 (noting that employees have a duty "generally to inform management of adverse or improper actions by fellow employees" and that the qualified privilege rule serves "to encourage open communications on matters of employment"). *Echtenkamp v. Loudon Co. Pub. Schs,* 263 F.Supp.2d 1043, 1061-1062 (E.D.Va.2003)

See Also, *Shaheen v. Wellpoint, Inc.,* 490 Fed.Appx. 552-555 (4th Circ.2012) (citing *Chapin v. Greve,* 787 F. Supp. 557, 562(E.D. Va. 1992) "publication element of a defamation actions requires dissemination of the statement to a third party in a non-privileged context…"

19.  The Court must dismiss Plaintiff's Amended Complaint for defamation and Defamation Per Se as Defendants did not published any defaming or false materials to third parties and/or in a non-privileged context.  Further, as set forth in the Original Complaint Plaintiff states that Plaintiff first generated e-mails to James Sprigler, a Contracting Officer Representative, who is not her employer, regarding the purported incident with Defendant Jancewicz.   Defendant asserts that it is the Plaintiff's own hand that commenced publishing to parties outside of her employment with "Ardelle"

regarding the incident involving Defendant Jancewicz.   There are no allegations in the Amended Complaint that support "malice" which must be plead to overcome the qualified immunity.  Just bald statements that any communications if it even happened was with malice.  That does not meet the test as stated in *Echtenkamp*.  Further as stated in *Larimore*, even if the information published is false or based on erroneous information, the communication is covered by the qualified privilege related to employer/employee matters unless actual malice is plead and can be proven.  Here, actual malice has not been plead, or has at most been plead circumstantial, which is not sufficient to overcome the qualified privilege.

20.  Communications, as stated in the Original Complaint or the Amended Complaint contain no defamatory language generated by these Defendants.  All communications with Plaintiff, Infused and/or Ardelle, were internal, and within the normal course of business.  Plaintiff's allegations to Defendants are nothing more than a recitation of electronic mail purportedly by Defendant Jamie Baker, "an agent or employee of Defendant "INFUSED" regarding a probationary period addressing Plaintiff's "insubordination and unprofessional behavior…"  The Amended Complaint fails to show that the statements are in fact, defamatory nor does it show how the information had been shared/disseminated and/or published to a third party.   Plaintiff fails to show that any advises, emails, whether verbal or electronic, regarding a probationary period or in fact, a termination, may be considered "defaming".  Further, Plaintiff has not shown that any communication was contained "false statements".

21.  Defendants state that Plaintiff's defamation claims fail because a Virginia defamation action requires "that the exact words spoken or written must be set out in the

declaration . . . that is, [the pleading] must purport to give the exact words. Words equivalent or of similar import are not sufficient." See, *Gibson v. Boy Scouts of America*, 360 F. Supp. 2d 776, 782 (E.D. Va. 2005).   Plaintiff has not pled sufficient facts, even if accepted as true, that these Defendants' conduct was defamatory and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Plaintiffs Amended Complaint must fail as it is unsubstantiated by fact.   Any statements made by Defendants to Ardelle, if any, were communications on the subject of job performance workplace violence and both companies, which worked together under a teaming agreement, had a continuing interest in the level of services it rendered to the federal government under its contract and both had an interest in the contract, and as such, any statements, emails or the like were privileged as a matter of law.  This Complaint is a direct assault on the way that the federal government has created to receive a large amount of its employment services through contractors.  Finding the kind of communications as alleged in the instant case as actionable will ultimately chill the ability of contractors to provide employment services to the federal government and ultimately negatively affect the quality of the employment services provided to the federal government.

## NEW CAUSE OF ACTION IN COUNT II

## TORTIOUS INTEREFERNCE WITH BUSINESS EXPECTANCY

22.  Paragraphs 1-21 are incorporated herein by reference as though fully repeated.

23.   Plaintiff four years later, attempts to add a new cause of action, Tortious Interference with Business Expectancy.  However, this case is barred by the two-year statute of limitations as contained in VCA §8.01-243.  The raising of an entirely new cause of action is not tolled by the filing of a Complaint alleging totally separate causes of action.  The statute at issue in this case in relation to amending the Complaint and whether it relates back to the filing for statute of limitation analysis is § 8.01-6.1, *Code of Virginia (1950), as amended*. This Code section states, in pertinent part, that "[s]ubject to any other applicable provisions of law, an amendment of a pleading changing or adding a claim or defense against a party relates back to the date of the original pleadings for purposes of the statute of limitations if the court finds:

> (i) The claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading.
>
> (ii) The amending party was reasonably diligent in asserting the amended claim or defense.
>
> (iii) Parties opposing the amendment will not be substantially prejudiced in litigating on the merits as a result of the timing of the amendment."

§ 8.01-6.1 is a codification of the common law and upholds the decision found in *Cunningham v. Garst,* 44 Va. Cir. 442 (Feb. 13, 1998). There the Court held that a proposed amendment which raises a new substantive cause of action, would not relate back to the original pleadings for purposes of the statute of limitations. In determining whether an amendment would create a new cause of action, the Virginia Supreme Court utilized the test set forth in *Vines v. Branch,* 244 Va. 185 (1992). The *Vines* test states: To inquire if a recovery had upon the original complaint would bar a recovery under the amended complaint, or if the same evidence would support both, or if the same measure

14

of damages is applicable.  *Vines v. Branch,* 244 Va. 185, 189 (1992).  The evidence is

different in the new cause of action and there are different measures of damages.  The

Plaintiff has not been diligent in pursuing the matter and it is highly prejudicial to

Defendants to amend this Complaint and add a new cause of action years after it was

originally filed.

24. Further, Plaintiff fails to state a claim for the relief granted in the amended

Complaint.  See *Dunlap v. Cottman Transmission Systems, LLC,* 287 VA 207, explaining

the elements of such claim:

> We recognized a cause of action for tortious interference with contract rights in
> *Chaves v. Johnson,* 230 Va. 112, 335 S.E.2d 97 (1985). The necessary elements to
> establish a prima facie case are: "(1) the existence of a valid contractual
> relationship or business expectancy; (2) knowledge of the relationship or
> expectancy on the part of the interferor; (3) intentional interference inducing or
> causing a breach or termination of the relationship or expectancy; and (4)
> resultant damage to the party whose relationship or expectancy has been
> disrupted." *Id.* at 120, 335 S.E.2d at 102; *accord Dunn, McCormack &
> MacPherson v. Connolly,* 281 Va. 553, 558–59, 708 S.E.2d 867, 870 (2011).
> However, if a contract is terminable at will or involves only a contract or business
> expectancy, " 'a plaintiff, in order to present a prima facie case of tortious
> interference, must allege and prove not only an intentional interference ..., but
> also that the defendant employed "improper methods." ' "[5] *Dunn, McCormack &
> MacPherson,* 281 Va. at 559, 708 S.E.2d at 870 (quoting *Duggin v. Adams,* 234
> Va. 221, 226–27, 360 S.E.2d 832, 836 (1987)); *see also Preferred Sys. Solutions,
> Inc. v. GP Consulting, LLC,* 284 Va. 382, 403–04, 732 S.E.2d 676, 688 (2012);
> *Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.,* 254 Va. 408, 414–15, 493 S.E.2d
> 375, 378–79 (1997).

25.  Plaintiff herself communicated with parties outside of her employer, i.e., the

U. S. Army, and further reported the incident to her employer "Ardelle".  The

conversations or emails from "INFUSED" including "Akbar" and "Baker", are internal

employer/employee related communications only disseminated (if at all) to people with

an interest in rendering employment related services to the U.S. Government and in

accordance with the "teaming" agreement between INFUSED and ARDELLE which was

within the course and scope of their agreement and joint teaming agreement.  Plaintiff

cannot show by these actions that "Infused" and "Baker" intended to interfere with her

employment with "Ardelle" inasmuch as "Infused" and "Ardelle" had a teaming

agreement.  Further, Plaintiff' reported the incident to her "employer" Ardelle, and it was

"Ardelle" who terminated the Plaintiff.

26.  Plaintiff alleges she had a "valid, at will employment contractual relationship

and/or business expectancy of continued employment with Ardelle", and that Defendants

interfered with that contract.  When a contract is *terminable at will,* in order to present a

prima facie case of tortious interference,  Plaintiff must allege and prove not only an

*intentional* interference that caused the termination of the at-will contract, but also that

the defendant employed *improper* methods." *Dunn, McCormack & MacPherson v.*

*Connolly,* 281 Va. 553, 559, 708 S.E.2d 867, 870 (2011).  Also see, *Dunn, McCormack*

*& MacPherson v. Gerald Connolly*, 281 Va. 553 (2011) explaining "improper methods".

> "Law firm brought action against chairman of the county board of supervisors for
> tortious interference with a contract, relating to firm's contract to represent county
> redevelopment and housing authority. The Circuit Court, Fairfax County, Dennis
> J. Smith, J., sustained demurrer. Firm appealed.  **Holding:** The
> Supreme Court, Donald W. Lemons, J., held that law firm's allegation that
> chairman was motivated solely by personal spite, ill will, and malice, was not a
> sufficient allegation of improper method of interference, as would be required to
> state a claim for tortious interference with an at-will contract".

> Here, Dunn argues that comments d and f of § 767 of the Restatement (Second) of
> Torts support his claim that Connolly improperly interfered with its terminable at
> will contract with the Authority because they "were motivated solely by
> [Connolly's] personal spite, ill will and malice." However, Dunn fails to
> appreciate the limited nature of what constitutes "improper" interference in cases
> involving contracts terminable at will. We will not extend the scope of the tort to
> include actions solely motivated by spite, ill will and malice. Therefore, Dunn's
> amended complaint fails to "state a cause of action upon which the requested
> relief may be granted." *Tronfeld v. Nationwide Mut. Ins. Co.,* 272 Va. 709, 712,

636 S.E.2d 447, 449 (2006). Accordingly, the circuit court did not err in sustaining Connolly's demurrer.

## CONCLUSION

27.  Paragraph 1-26 are incorporated herein by reference as though fully repeated.

28.  Plaintiff's amended complaint lacks factual statement(s) which would support a claim of defamation and defamation per se, and are nothing but "conclusory allegations" regarding actions of these Defendants.  Plaintiff has failed to set forth any wording of the Defendants which are defamatory in itself, and/or that the alleged defamatory words/actions have been published to third parties in a non-privileged context, or that they are "untrue". While Defendant Baker was employed by "Infused", Plaintiff has failed show how this Defendant defamed her in any capacity as the agent and/or employee of "Infused" and as such, "INFUSED", is not liable to Plaintiff. Plaintiff further fails to set forth that the email contains falsities, mistruths, was made in a malicious way/context, nor that Defendants "interfered with her at will contract of employment with "Ardelle".  Apparently, "Ardelle" terminated the Plaintiff as the proximate result of the occurrence of September 20, 2012, between Sgt. Jancewicz and herself to protect their own contract.   Even taking all factual statements as true, "Infused" would be a mere witness who received, but did not publish to third parties, purported defamatory statements.  And even if the defendants published these statements, it is covered under a qualified immunity, and the plaintiff's amended complaint does not allege malice such that it would overcome that qualified privilege.  Finally, plaintiff's Count III is barred by the statute of limitations as plaintiff has raised an entirely new cause of action that requires separate and different proof and does not relate back to the original filing of her complaint, and even if it does relate back, it does not plead sufficient

facts that show an improper purpose of the Defendants such that it overcomes the right of

Ardelle to terminate her as an 'at will" employee.

 **WHEREFORE**, the premises considered and as set forth above, Defendant,

Infused Solutions, LLC, respectfully prays that this Honorable Court dismiss Plaintiff's

claims against Defendants in its entirety with prejudice pursuant to this Fed.R.Civ.P.

12(b)(6) motion, because Plaintiff has failed to state a claim for which relief can be

granted, and for such other and further relief which this Court deems just.


Date:  **November16, 2016**.

        **Respectfully submitted,**
        **Infused Solutions, LLC and Jamie Baker**
        **By Counsel**

**JOHN E. CARTER, P.C.**

  **/s/  John E. Carter**
**JOHN E. CARTER, ESQ.**
VSB#: 31018
4103 Chain Bridge Road, #101
Fairfax, VA  22030
Tel: (703) 591-2985
Fax (703) 591-2965
E-Mail: JCarterPC@aol.com
**Attorney for Defendant Infused Solutions, LLC and Jamie Baker**

<u>**CERTIFICATE OF SERVICE**</u>

 **I hereby certify that a true and correct copy of the foregoing Opposition to Plaintiff's Motion to Amend Complaint has been emailed and mailed to Steven B. Wiley, Esq., WILEY LAW OFFICES, PLLC, 440 Monticello Ave., #1817, Norfolk, VA 23510, (Email: swiley@wileylawoffices.com) on this the 16th day of November, 2016.**


     **/s/  John E. Carter**
     **JOHN E. CARTER, ESQ.**