IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

SHERYL T. McCRAY,

    Plaintiff,

v.

INFUSED SOLUTIONS, LLC
and JAMIE BAKER,

    Defendants.

CIVIL NO. 4:14cv158

## OPINION AND ORDER

This matter comes before the Court upon Infused Solutions, LLC and Jamie Baker's ("Defendants") Motion to Dismiss for Failure to State a Claim. ECF Nos. 38, 39.[1] For the reasons stated herein, Defendants' Motions to Dismiss are **DENIED**.

### I. PROCEDURAL AND FACTUAL HISTORY

#### A. PROCEDURAL HISTORY

On May 3, 2013, Plaintiff brought an action in federal court against Jonah Jancewicz, Ardelle Associates ("Ardelle"), Infused Solutions, LLC ("Infused"), Jamie Baker, the United States Army Recruiting Command, a John Doe, and a Jane Doe, in connection with Plaintiff's reprimand and termination. Case No, 4:13cv60, ECF No. 1. Ardelle filed a Motion to Dismiss for Failure to State a Claim, id., ECF No. 3, which the Court granted without prejudice. Id., ECF No. 27. After the Court dismissed Ardelle, the United States Attorney General certified, pursuant to 28 U.S.C. § 2679(d)(2), that Jancewicz was acting within the scope of his employment during his confrontation with Plaintiff and substituted the United States as defendant. Subsequently,

---

[1] Defendants filed two identical motions to dismiss. This Order addresses and resolves both motions. For simplicity, all citations are to the first-filed motion, ECF No. 38.

1

Plaintiff moved to voluntarily dismiss her claims against Jancewicz and the United States Army Recruiting Command. Id., ECF Nos. 32, 37. The Court granted Plaintiff's request for voluntary dismissal on March 26, 2014, id., ECF No. 41, and dismissed the remaining claims for lack of jurisdiction on April 17, 2014, id., ECF No. 45.

On August 7, 2014, Plaintiff filed the second and present action in Hampton Circuit Court. See ECF No. 1, Ex. 1 at 2–13. Plaintiff brought defamation claims against Ardelle, Infused, Baker, Jancewicz, a John Doe, and a Jane Doe, and brought a wrongful termination claim against Ardelle and Infused. See id. By the end of October, 2014, Infused, Baker, and Ardelle had each filed demurrers to Plaintiff's complaint for failure to state a claim. Ardelle also argued Plaintiff's defamation claim was barred by the applicable statute of limitations.

Before the state court could rule on the motions, however, on December 2, 2014, the United States removed the case to this Court pursuant to the United States Attorney's certification that Jancewicz was acting within the scope of his federal employment. ECF No. 1. The United States thus substituted itself for Jancewicz, ECF No. 2, then moved to dismiss itself pursuant to Federal Rule of Civil Procedure 12(b)(1), ECF No. 3. The Court dismissed the United States on April 7, 2015, without opposition from Plaintiff. ECF No. 11. After dismissing the United States, the Court remanded the remainder of the case for lack of jurisdiction, but reversed that action and retained jurisdiction upon Defendants' motion for reconsideration. ECF No. 14 (retaining jurisdiction pursuant to 28 U.S.C. § 2679).

On June 23, 2015, this Court dismissed all claims against Ardelle. ECF No. 23. Specifically, the Court converted Ardelle's state-court Demurrer and Plea in Bar into a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which the Court granted. Id.

2

Plaintiff's counsel passed away in 2016, and on June 7 of that year, this Court stayed proceedings to permit Plaintiff's new counsel to familiarize himself with the case. ECF No. 29. On October 5, 2016, Plaintiff moved to amend the complaint. ECF No. 30. Defendants opposed amendment and requested that the Court instead convert Defendants' state-court demurrers into motions to dismiss under the federal rules and dismiss Plaintiff's claims in their entirety, with prejudice. ECF No. 32, 33. At the October 26, 2016 hearing, this Court granted Plaintiff's Motion to Amend/Correct the Complaint. ECF No. 36. Plaintiff timely amended. ECF No. 37.

The Amended Complaint eliminated a previous claim of wrongful termination and added claims of defamation per se and tortious interference with business expectancy. ECF No. 37. The Amended Complaint also dropped the John and Jane Doe defendants, only alleging claims against Infused and Baker. Id. Both Defendants filed motions to dismiss, which Plaintiff opposed. ECF Nos. 38, 39, 40. The motions are ripe for decision.

### B. FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT

Plaintiff's Amended Complaint alleges that in September 2012 Plaintiff was employed by Ardelle as a General Clerk at a United States Army Recruiting Center in Hampton, Virginia, and had been for four months. Am. Compl., ECF No. 37, ¶ 6. Ardelle provided administrative workers, like Plaintiff, to United States Army Recruiting Centers under a subcontracting agreement with Infused, the prime contractor with the United States Government. Id. ¶¶ 6-7.

On September 20, 2012, Plaintiff had a dispute with a colleague, Sergeant First Class Jonah Jancewicz, after she asked that he notify her prior to taking any lunch breaks. Id. ¶¶ 9-10. During this encounter, Plaintiff claims that Jancewicz "angrily and profanely confronted Plaintiff and . . . threatened Plaintiff by hinting that he could get her terminated from her job." Id. ¶ 10. Both Jancewicz and Plaintiff then informed their superiors at, respectively, Army Recruiting and

3

Ardelle about the incident, and both made complaints about the incident to Army Recruiting Headquarters. Id. ¶¶ 11–12.

On September 26, 2012, Jamie Baker, an employee of Infused, called Plaintiff and told Plaintiff that the Army had expressed frustration at the incident. Id. ¶ 13. Plaintiff alleges Baker was "upset and angry with Plaintiff" when she called because, Baker reported, a person from United States Army Recruiting had "chewed [Baker] out" about the complaints. Id. Both Baker and another employee of Infused, Mr. Akbar, also told Plaintiff to report any further incidents to Infused, rather than Ardelle or Army Recruiting. Id. ¶¶ 13, 15. The same day, Ms. Baker informed Plaintiff she would be placed on a 90-day probationary period and told Plaintiff that she had been warned about Plaintiff's behavior, to which Plaintiff responded that no issues with her behavior had ever been discussed with her. Id. ¶¶ 13–14. That same day, Ms. Baker sent Plaintiff a "Final Warning Notice," placing Plaintiff on a 90-day probationary period. Id. ¶ 16. The Warning stated "[e]mployee is extremely confrontational and exhibiting constant insubordinate behavior towards individuals at her work location." Id., Ex. 1. The Warning also claimed Plaintiff's alleged behavior "has been an issue for over 90 days and appears to be getting significantly worse instead of improving." Id. Plaintiff refused to sign the Notice, against Ms. Baker's request, "due to the false statements made therein." Id. ¶ 17. In her Amended Complaint, Plaintiff asserts that "[u]pon reasonable and plausible information and belief, Defendants published the false statements in the notice to the subcontractor Ardelle with actual and/or common law malice." Id. ¶ 18.

On September 28, 2012, Plaintiff e-mailed Baker requesting documentation to support the Notice. Am. Compl, ECF No. 37, ¶ 19. Baker refused to discuss the matter and warned that if Plaintiff continued her behavior, she would be subject to termination. Id., Ex. 3. On October 4,

4

2012, Ardelle sent Plaintiff a termination notice that stated Plaintiff had been terminated because she violated the workplace code of conduct regarding workplace violence. Id. ¶ 20; Ex. 4.

Plaintiff also asserts that, in addition to the false statements in the September 26, 2012 written notice, she believes Defendants published additional false statements to Ardelle with actual and/or common law malice in order to secure her termination. Id. ¶ 22.

## II. LEGAL STANDARDS

The function of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of a complaint." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013). "[I]mportantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive such a motion, the complaint must contain facts sufficient 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" Haley, 738 F.3d at 116. When reviewing the legal sufficiency of a complaint, the Court must accept "all well-pleaded allegations in the plaintiff's complaint as true" and draw "all reasonable factual inferences from those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Legal conclusions, on the other hand, are not entitled to the assumption of truth if they are not supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The parties agree that Virginia substantive law applies to this case. See Salve Regina Coll. v. Russell, 499 U.S. 225, 226 (1991) ("[A] federal court sitting in diversity apply the substantive law of the forum State, absent a federal statutory or constitutional directive to the contrary." (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

5

### III. PLAINTIFF'S DEFAMATION AND DEFAMATION PER SE CLAIMS

#### A. STANDARD

"The elements of defamation are '(1) publication of (2) an actionable statement with (3) the requisite intent.'" Tharpe v. Saunders, 737 S.E.2d 890, 892 (Va. 2013) (quoting Jordan v. Kollman, 612 S.E.2d 203, 206 (Va. 2005)). "[T]he publication element of a defamation action requires dissemination of the statement to a third party in a nonprivileged context." Shaheen v. WellPoint Companies, Inc., 490 Fed. App'x 552, 555 (4th Cir. 2012) (applying Virginia law). "It is sufficient to show that, when the defendant addressed the defamatory words to the plaintiff, another person was present, heard the words spoken, and understood the statement as referring to the plaintiff." Food Lion, Inc. v. Melton, 458 S.E.2d 580, 584 (Va. 1995).

To be actionable, a statement must be false and defamatory. Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1092 (4th Cir. 1993). Whether a statement is actionable is a matter of law. Id. At the Motion to Dismiss stage, the Court must accept as false any statements which the Complaint alleges to be false. Chapin, 993 F.2d at 1092. "Because the Court presumes falsity at this stage, the key actionability question in deciding a motion to dismiss is whether the statements referenced in the Complaint are defamatory." Goulmamine v. CVS Pharmacy, Inc., 138 F. Supp. 3d 652, 659 (E.D. Va. 2015). "Defamatory statements must be more than merely unpleasant or offensive; rather, they must make the plaintiff appear odious, infamous, or ridiculous." Shaheen, 490 Fed. App'x at 555 (internal quotations and citations omitted).

At common law, certain defamatory statements can be actionable per se, including statements "which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of duties of such an office or employment; [and statements] which prejudice such person in his or her profession or trade." Fleming v. Moore, 221 Va. 884, 275 S.E.2d 632, 635 (1981). A statement that is per se defamatory must be

6

"'necessarily hurtful' in its effect upon plaintiff's business and must affect him in his particular trade or occupation . . . . There must be a nexus between the content of the defamatory statement and the skills or character required to carry out the particular occupation[.]" Fleming, 275 S.E.2d at 636.

Furthermore, "Virginia recognizes a qualified privilege for communications between persons on a subject in which the persons have an interest or duty." Shaheen, 490 Fed. App'x at 555 (internal quotations and citations omitted). However, this qualified privilege "may be overcome if the plaintiff proves malice." Great Coastal Exp., Inc. v. Ellington, 230 Va. 142, 334 S.E.2d 846, 853 (1985). Although the existence of qualified privilege is a matter of law, the question of whether a defendant has lost or abused a privilege is a question of fact. Cashion v. Smith, 286 Va. 327, 337, 749 S.E.2d 526, 531 (2013). To overcome the privilege, a plaintiff must prove the communication was made with malice, that is "that the communication was actuated by some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure the plaintiff," or that it was made with a legal equivalent to malice, "that the communication was made with such gross indifference and recklessness as to amount to a wanton or willful disregard of the rights of the plaintiff." Shaheen, 490 Fed. App'x at 555 (internal quotations and citations omitted). The plaintiff must prove the defamatory words were spoken with malice by clear and convicting evidence. Id.

B.   DISCUSSION

Defendants do not seriously challenge Plaintiff's assertion that the statements in the September 26, 2012 "Final Warning Notice" were defamatory, or even defamatory per se. The Final Warning Notice said, in part, that Plaintiff was "extremely confrontational," that she "exhibit[ed] constant insubordinate behavior," that the behavior had been "addressed previously to the employee and not improved" and that it had been an issue "for over 90 days and appears to

7

be getting significantly worse instead of improving." Am. Compl., ECF No. 37, ¶ 16, Ex. 1. These statements clearly (1) could prejudice Plaintiff in the practice of her profession as a clerk and (2) contain factual connotations that could be proved false. See Tronfeld v. Nationwide Mut. Ins. Co., 636 S.E.2d 447, 451 (Va. 2006) (holding statement that a lawyer "just takes people's money" could be defamatory per se); Fuste v. Riverside Healthcare Ass'n, Inc., 575 S.E.2d 858, 861 (Va. 2003) (holding statement that doctors "abandoned" their patients and that there were "concerns about their competence" could be defamatory per se). Thus, the statements in the Final Warning Notice could be defamatory per se under Virginia law.

Instead, Defendants challenge Plaintiff's defamation claims on two grounds: (1) Plaintiff did not sufficiently allege publication because the Amended Complaint does not specify the method of publication, Motion to Dismiss, ECF No. 38 at 6, and (2) any communication between Defendants and Ardelle was protected by qualified privilege, id. at 6-8. Plaintiff alleges "[u]pon reasonable and plausible information and belief, Defendants published the false statements in the [Final Warning Notice] to the subcontractor Ardelle with actual and/or common law malice." Am. Compl., ECF No. 37 ¶ 18. Taken alone, this a conclusory allegation that would not be entitled to the presumption of truth. However, after considering all other well-pleaded allegations in the Amended Complaint, accepting them as true, and drawing all reasonable factual inferences from those facts in the Plaintiff's favor, Plaintiff has alleged publication and alleged malice sufficient to overcome the Defendants' qualified privilege.

Plaintiff sufficiently alleged publication. Plaintiff alleged Baker, as an employee of Infused, emailed her the Final Warning Notice that contained the allegedly defamatory statements on September 26, 2012, that Baker further said Plaintiff was "subject to 'immediate termination'" when Plaintiff followed up on September 28, 2012, that Plaintiff was terminated

by Ardelle on October 4, 2012, and that Plaintiff was not aware of any incidents between her communication with Baker and her termination that could otherwise explain the termination. Am. Compl., ECF No. 37 ¶¶ 16, 19-21. These facts, taken in the light most favorable to the Plaintiff, lead to the plausible inference that Baker, as an employee of Infused, published the Final Warning Notice to Ardelle.

Plaintiff also sufficiently alleged malice that, if proved, would overcome Defendants' qualified privilege. Plaintiff does not dispute that that the relationship between Defendants and Ardelle was protected by qualified privilege. See Echtenkamp v. Loudon Cnty. Public Sch., 263 F. Supp. 2d 1043, 1051 (E.D. Va. 2003) ("[T]he [qualified] privilege applies broadly to all statements related to 'employment matters,' provided the parties to the communication have a duty or interest in the subject matter."). Nor does Defendant dispute that malice, if properly alleged and proved, would overcome the qualified privilege.

The Virginia Supreme Court has held common law malice is sufficiently pled when a plaintiff alleges that "the statements were made with knowledge that they were false or with reckless disregard for their truth." Cashion v. Smith, 286 Va. 327, 339, 749 S.E.2d 526, 533 (2013). However, a complaint is deficient in alleging malice when it is limited to the conclusory assertion that the disputed statements were made maliciously or with reckless disregard as to their veracity. Mayfield v. Nat'l Ass'n for Stock Care Auto Racing, Inc., 674 F.3d 369, 377–78 (4th Cir. 2012). Plaintiff's Amended Complaint includes allegations that when Baker first contacted her regarding the September 20, 2012 incident Baker was "upset and angry" because Baker had been "chewed out" by United States Army Recruiting Center Headquarters. Am. Compl., ECF No. 37 ¶ 13. It alleges two weeks elapsed between when Plaintiff reported the September 20, 2012 incident and Plaintiff's termination, but Ardelle did not remove Plaintiff

from the workplace during that time despite later claims of "workplace violence." Id. ¶ 23. And the Amended Complaint alleges Baker threatened "immediate termination" in response to Plaintiff seeking documentation to support the allegedly false claims made against her. Id. ¶ 19. These allegations could, taken in the light most favorable to Plaintiff, support an inference that Defendants published the Final Warning Notice to Ardelle despite Defendants' knowledge of its falsity, or even support an inference that Defendants were motivated by personal ill will or spite.

## IV. PLAINTIFF'S TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY CLAIM

### A. STANDARD

In Virginia, a plaintiff must prove four elements in order to establish a claim for tortious interference: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. DurrettBradshaw, P.C. v. MRC Consulting, L.C., 670 S.E.2d 704, 706 (Va. 2009).

Generally, the alleged interferer cannot be a party to the business expectancy. Beall v. Abbott Labs., 130 F.3d 614, 621 (4th Cir. 1997). Rather, a tortious interference claim requires the existence of three actors: two parties to the contract and a third party who interferes with, or induces one of the parties to breach the contract. Storey v. Patient First Corp., 207 F. Supp. 2d. 431, 448 (E.D. Va. 2002). (However, if it can be shown that an agent of a party to the contract was acting outside of the scope of his employment in tortiously interfering with such contract, then the aggrieved party may be entitled to recover . . . ." Storey, 207 F. Supp. 2d. at 448 (citing Wuchenich v. Shenendoah Memorial Hospital, No. 99-1273, 2000 WL 665633, at *17 (4th Cir. May 22, 2000)).

Here, Plaintiff's employment contract was terminable at will, but "the fact that a contract is terminable at the will of the parties does not make it terminable at the will of others." Duggin v. Adams, 360 S.E.2d 832, 836 (Va. 1987). Where a contract is terminable at will, the plaintiff must not only allege and prove that the interference was intentional, but also that the defendant "employed 'improper methods'" in securing termination of the contract. Dunn, McCormack & MacPherson v. Connolly, 708 S.E.2d 867, 870 (Va. 2011) (quoting Duggin, 360 S.E.2d at 836 (Va. 1987)). The Supreme Court of Virginia has recognized that defamation may constitute an improper method of interference. Duggin, 360 S.E.2d at 836.

## B. DISCUSSION

As the basis of her tortious interference with business expectancy claim, Plaintiff alleges she had a valid at-will employment contract with Ardelle, she expected continued employment, Defendants were aware of the relationship, Defendants interfered with this relationship by defaming Plaintiff, and thus secured her termination. Am. Compl., ECF No. 37, ¶ 37–41. Defendants argue the claim is time-barred and that any tortious interference did not occur as the result of improper methods.[2] ECF No. 38, ¶ 23.

Although the two-year statute of limitations would have run on Plaintiff's tortious interference with business expectancy claim, Va. Code § 58.01-243(A), that claim is not time barred because it relates back to the original, timely filed pleadings.[3] Under Fed. R. Civ. P. 15,

---

[2] Defendants also assert that the communications were between parties that had a teaming agreement, Motion to Dismiss, ECF No. 38 at 15-16, but they do not explain how this is relevant to Plaintiff's claim for tortious interference nor explain how this would defeat an otherwise well-pleaded claim.

[3] This Court has previously analyzed the tolling of the statute of limitations with respect to the filing of Defendant's August 7, 2014 complaint (now the Original Complaint in the instant matter). ECF No. 23, at 5. In that Order, this Court noted that the allegedly defamatory actions and interference occurred between September 22 and October 2, 2012. Plaintiff's first suit was brought 225 days later on May 3, 2013. The action was tolled from that date until April 17, 2014, when it was dismissed for lack of jurisdiction. The second suit was brought 113 days later on August 7, 2014. Therefore, the total time for the second suit (the Original Complaint) filed on August 7, 2014—not counting the time the prior action was pending—was 338 days, which was within the 365 day limit for bringing a defamation claim. However, the Amended Complaint was not filed until October 5, 2016—nearly two years after the second

11

an amendment relates back if it asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.[4] In this Circuit, courts consider whether there was (1) a sufficient factual nexus between the amendments and the prior pleadings and (2) whether defendant had sufficient notice of these new claims such that he will not suffer prejudice if the amendments are found to relate back. United States ex rel. Carter v. Halliburton Co., 315 F.R.D. 56, 61–63 (E.D. Va. 2016). Here, the tortious interference claim clearly has the same factual basis as the Original Complaint, satisfying the factual nexus requirement. Furthermore, in relation to any prejudice defendants may suffer, this District has previously concluded that it is not so much the delay—whether by months or years—in the filing of the amended complaint that determines prejudice, but whether the case "remains far from mature in terms of resolution." Id. This includes whether a defendant faces a "looming deadline of trial that might prevent [the defendant] from adequately responding to the amended complaint." Id. Defendants have not articulated any way in which they will be prejudiced by amendment, and the Court does not see any possible prejudice that would bar the tortious interference claim.

Plaintiff has sufficiently pled tortious interference. Plaintiff alleged (1) she had a valid at-will contract; (2) Defendants knew of this contract; (3) Defendants maliciously and intentionally interfered with the contractual relationship; and (4) Plaintiff was damaged as the result of the termination of her at-will contract. Plaintiff also pled an improper method of interference—defamation. Duggin, 360 S.E.2d at 836; see also Stamathis v. Flying J, Inc., No.

---

suit was filed, well after the time for the statute of limitations had expired any of Plaintiff's claims.

[4] Although Defendants cite Virginia law regarding relation back, where a party amends its complaint while the complaint is pending in federal court, "Federal Rule 15(c) governs the relation back of amendments and controls in the face of conflicting and less generous state law." Fed. Leasing, Inc. v. Amperif Corp., 840 F. Supp. 1068, 1071 (D. Md. 1993) (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 611–12 (4th Cir. 1980)).

CIV.A.7:01CV00838, 2002 WL 1477586, at *7 (W.D. Va. July 9, 2002) (denying defendant's motion for summary judgment regarding tortious interference with at-will employment contract because genuine disputes of material fact existed re improper methods of interference, including defamation); Gilmore v. Peoples Serv. Drug Stores, Inc., No. LT-446-4., 1991 WL 834973, at *1 (Va. Cir. Ct. May 17, 1991) (overruling demurrer to claim of tortious interference with at-will contract because plaintiff alleged interference through defamation). Because Plaintiff properly plead that Defendants defamed her in order to secure her termination, Plaintiff properly plead that Defendants' tortious interference with Plaintiff's at-will employment contract was through improper means.

## V. CONCLUSION

Upon a review of the pleadings and subsequent filings, this Court finds that the Plaintiff has sufficiently pleaded defamation, defamation per se, and tortious interference. However, this Court wishes to emphasize that it takes no position on "contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C., 980 F.2d at 952. At the Motion to Dismiss stage, it is merely the task of this Court to determine whether the Plaintiff has sufficiently alleged her claims. Given that the Court has determined that the Plaintiff has met this standard, Plaintiff's Amended Complaint will survive this stage. Nonetheless, whether Plaintiff proves her claims will depend on future proceedings.

Accordingly, for the reasons stated herein, Defendants' Motion to Dismiss for Failure to State a Claim is **DENIED**. ECF No. 38, 39.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE